# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, | |
| *Plaintiffs*, | Civil Action No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | November 14, 2016 |
| *Defendants*. | |

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: August 9, 2016

Date Complaint Served: August 18, 2016

Date of Defendants' Appearance: August 31, 2016

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 21, 2016 and continued through written correspondence on October 28, 2016, November 2 and 8, 2016.

The participants were:

| | |
|---|---|
| Heather Lea and Kurt Struckhoff | for Plaintiffs Joseph Vellali, et al. |
| Brian Netter and Michelle Webster | for Defendants Yale University, et al. |

## I.   Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject matter Jurisdiction

This is a class action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(2) & (3). Plaintiffs assert that subject matter jurisdiction exists under 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Defendants contend that Plaintiffs lack Article III standing to maintain this action, for the reasons specified in their motion to dismiss.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Claims of Plaintiffs:

The Yale University Retirement Account Plan is defined contribution, individual account, employee pension benefit plan with over $3.6 billion in assets and over 16,000 participants with account balances. 29 U.S.C. §1002(2)(A), §1002(34). Plaintiffs are participants in the Plan. 29 U.S.C. §1002(7). Defendants are alleged to be the fiduciaries to the Plan. 29 U.S.C. §1002(21)(A), §1102.

Plaintiffs seek to recover for their Plan all remedies for breach of fiduciary duty available under 29 U.S.C. §1109(a), §1132(a)(2), and §1132(a)(3). Plaintiffs contend that Defendants breached their fiduciary duties under ERISA in these respects: (1) causing the Plan to pay excessive recordkeeping and administrative expenses, which were caused in part due to Defendants' failure to consolidate the Plan's recordkeeping services with a single recordkeeper to obtain the same services at a

dramatically lower, reasonable cost, and failing to monitor and control the amount of recordkeeping and administrative expenses paid; (2) providing as Plan investments unreasonably expensive options when cheaper versions of the same investments were available to the Plan, and failing to consolidate duplicative investment options thereby depriving the Plan of its bargaining power to demand lower-cost investment management services; (3) providing as Plan investments underperforming and expensive options, and failing to adequately monitor and remove those options after they consistently underperformed their benchmarks, peer group, and prudent alternatives that were available to the Plan; and (4) failure to properly monitor Plan fiduciaries.

Plaintiffs contend each Defendant is liable for its own actions that constituted a breach as described above, liable for the breach of a co-fiduciary under 29 U.S.C. §1105(a), and liable for failing to properly monitor fiduciaries the Defendant appointed. If found to have breached their fiduciary duties, Defendants will be liable to make good to the Plan all losses to the Plan resulting from Defendants' breaches and to restore to the Plan any profits Defendants gained through such use of Plan assets. 29 U.S.C. §1109(a). Defendants also will be subject to equitable and other remedial relief provided for under 29 U.S.C. §1109(a).

**B.     Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:**

Yale contends that Plaintiffs lack standing to pursue their Complaint, which fails on the merits, in any event.

As explained in Yale's motion to dismiss, an ERISA plaintiff who alleges that a fiduciary has breached a duty owed to a defined-contribution retirement plan must allege (and ultimately establish) how he has individually been harmed by the purported breach. The Complaint does not allege how Plaintiffs have individually been affected by the supposedly imprudent actions that they now are challenging.

On the merits, Plaintiffs are wrong about what ERISA requires and about Yale's fiduciary processes and face serious statute-of-limitations problems. ERISA's duty of prudence is satisfied when fiduciaries follow appropriate processes in their decision-making. Fiduciaries must act as would reasonable individuals "in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Plaintiffs allege that Yale breached ERISA by doing the same things its peer institutions were doing—as evidenced by the fact that Plaintiffs' counsel filed a dozen of these lawsuits in a two-week period in August. Plaintiffs' primary theory is not that reasonable fiduciaries to university 403(b) plans acted differently, it is that "defined contribution" fiduciaries, as a generic group, would have done otherwise.

But there is a reason ERISA requires a contextual analysis. 401(k) plans and 403(b) plans are managed differently because they are different creatures. 403(b) plans are annuity plans; comparable annuities in 401(k) plans are rare. 403(b) annuities present a host of structural complexities. For example, many 403(b) annuities are individual contracts between the participant and the insurer. Plan fiduciaries have no authority to alter those contracts.

Yale, moreover, has in place a robust set of procedures for evaluating and

periodically updating its 403(b) plans to benefit plan participants.

Finally, Yale doubts that Plaintiffs' claims are timely. ERISA requires a fiduciary-breach plaintiff to file suit within three years after he acquires knowledge of a breach, and no more than six years after the breach takes place. Many of Plaintiffs' specific allegations—that there were too many recordkeepers, that there were too many investment choices, that the fees were too high—concern basic features of the Plan about which all participants had notice long ago.

### IV.   Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and have stipulated to the following facts:

    A.    Yale University is a non-profit corporation organized under Connecticut law and located in New Haven, Connecticut.

    B.    Yale University is governed by the Yale Corporation. The Yale Corporation is a body consisting of the Trustees of the University, successor Trustees, and alumni fellows.

    C.    Yale University offers the Yale University Retirement Account Plan (the "Plan"), a defined contribution, individual account, employee retirement plan (29 U.S.C. §1002(2)(A) and §1002(34)), to qualifying faculty and staff of Yale University.

    D.    Yale University is the designated administrator for the Plan pursuant to 29 U.S.C. §1002(16)(A)(i).

    E.    Yale University is the named fiduciary for the Plan under 29 U.S.C.

§1102(a)(2).

    F.    Michael Peel serves as Yale University's Vice President of Human Resources and Administration. Mr. Peel has been employed in this position since 2008.

    G.    The Plan document delegates to the Vice President of Human Resources and Administration the authority to create and maintain a committee to oversee the investment options offered by the Plan.

    H.    Plaintiffs Joseph Vellali, Nancy S. Lowers, Jan M. Taschner, and James Mancini are current and former employees of Yale University and participants in the Plan.

**V.    Case Management Plan:**

The parties currently dispute whether discovery should be stayed pending a ruling on Defendants' motion to dismiss.

<u>Plaintiffs</u>: Plaintiffs submit that discovery should be allowed to proceed following the filing of Plaintiffs' response to Defendants' motion to dismiss or their amended complaint as of right (or the date the Court enters the scheduling order, whichever is later). The deadline to respond to Defendants' motion is December 9, 2016.

This Court encourages the parties to engage in formal and informal discovery immediately as set forth in the Court's Order on Pretrial Deadlines. See Doc. 9. Moreover, this class action is a complex case, and the details as to whether the plan fiduciaries properly discharged their duties tend to systemically be in the sole possession of the fiduciaries and the participants' employer. *Braden v. Wal-Mart*

*Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009); *Allen v. GreatBanc Tr. Co.*, No. 15-3569, 2016 U.S.App.LEXIS 15704, at *16 (7th Cir. Aug. 25, 2016)(adopting *Braden*). In light of the circumstances of this case and Plaintiffs' counsel's experience in ERISA fiduciary breach actions generally, Plaintiffs anticipate engaging in extensive discovery regarding Defendants' actions regarding this Plan, which will include both formal documentation of that process and informal documentation, such as emails. That discovery will include extensive document production and production of electronically stored information (ESI), numerous depositions of both parties and non-parties, and expert testimony. As such, discovery typically takes much longer than many cases, even others involving complex factual and legal issues. As a result, discovery should be allowed to commence immediately to avoid any delay in the resolution of this action.

"The pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Morien v. Munich Reinsurance Am., Inc.,* 270 F.R.D. 65, 67 (D. Conn. 2010)(Smith, Mag. J.). As a result, and noted below, this Court considers several factors when considering whether to stay discovery pending a motion to dismiss. "'1. Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2. The breadth of discovery and the burden of responding to it; and 3. The risk of unfair prejudice to the party opposing the stay.'" *FHFA v. Royal Bank of Scotland Group PLC*, 2012 U.S.Dist.LEXIS 116292, at *14 (D. Conn. Aug. 17, 2012) (Thompson, J.)(quoting *Morien,* 270 F.R.D. at 67). First, Defendants have not made a "strong showing" that Plaintiffs' claims are unmeritorious. Plaintiffs have filed a

detailed 69-page and 160-paragraph complaint providing sufficient facts to plausibly show that the Defendants breached their fiduciary duties, which are "the highest known to the law", *Donovan v. Bierwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982), by providing imprudent and unreasonably expensive investment options in Plaintiffs' retirement plan and causing their Plan to pay unreasonable recordkeeping and administrative expenses. Because ERISA fiduciary breach litigation such as this is "inevitably fact intensive[,]"*Tussey v. ABB, Inc.*, 746 F.3d 327, 336 (8th Cir. 2014), "dismissal is often inappropriate" before the record can be developed. *Brotherston v. Putnam Invs., LLC*, No. 15-13825, 2016 U.S.Dist.LEXIS 50849, at *3 (D. Mass. Apr. 6, 2016)(collecting cases). As recognized by numerous courts addressing similar allegations of fiduciary breach, Plaintiffs' claims cannot be dismissed.[1] Second, to date, Defendants have not demonstrated any purported burden if discovery is allowed to proceed. Although extensive discovery is warranted, Plaintiffs anticipate that a substantial portion of discovery will be electronically stored, and therefore, will significantly ease any purported burden on Defendants. Third, Plaintiffs would be prejudiced by a stay of discovery because such stay will only serve to delay these proceedings and Plan participants would continue to suffer harm through

---

[1] See, e.g., *Tibble v. Edison Int'l*, 729 F.3d 1110, 1138–39 (9th Cir. 2013), vacated on other grounds, 135 S.Ct. 1823 (2015)(failure to consider lower-cost "institutional" mutual fund shares is a breach of fiduciary duty); *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 798–99 (7th Cir. 2011)(failure to engage in competitive bidding process for recordkeeping services sufficient to survive summary judgment); *Tussey,* 746 F.3d at 336 (a "fail[ure] to monitor and control recordkeeping fees" is fiduciary breach); *Kruger v. Novant Health, Inc.*, 131 F.Supp.3d 470, 479 (M.D.N.C. 2015)(denying motion to dismiss claim regarding 403(b) plan recordkeeping fees because determining whether the fees were excessive in light of the services provided were "the types of facts warranting discovery").

Defendants' improper administration of the Plan.

Defendants:  Defendants contend that discovery should be stayed unless and until Defendants file an Answer to the Complaint—the position adopted by Judge Castel in *Cunningham v. Cornell University*, No. 1:16-cv-06525-PKC (S.D.N.Y.), a pending case within this Circuit in which the plaintiffs and defendants are represented by the same counsel as in this case.

In considering whether to stay discovery pending a motion to dismiss, this Court considers several factors: "'1. Whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2. The breadth of discovery and the burden of responding to it; and 3. The risk of unfair prejudice to the party opposing the stay.'" *FHFA v. Royal Bank of Scotland Group PLC*, 2012 WL 3580522, at *5 (D. Conn. Aug. 17, 2012) (Thompson, J.) (quoting *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010)).  Here, Defendants have made a strong showing, through their motion to dismiss, that Plaintiffs' claim is unmeritorious.  With respect to both standing and the merits, Plaintiffs have failed to satisfy standards articulated by the Second Circuit.  It makes no difference that Plaintiffs' Complaint is lengthy, given that Plaintiffs have failed to satisfy the applicable pleading standards.  Plaintiffs evidently do not disagree and have signaled that, rather than oppose the motion to dismiss, they are inclined to try again with an amended complaint.  Indeed, after the *Cornell* plaintiffs apprised Judge Castel that they intended to amend their complaint after the University moved to dismiss, Judge Castel directed them to file their amended complaint before the motion to dismiss, to avoid subjecting the University

to unnecessary burdens as to a complaint already acknowledged to be inadequate.

Second, Plaintiffs commendably acknowledge that they are seeking "extensive document production" and "numerous depositions of both parties and non-parties." They view the extensiveness of discovery as a justification for getting started forthwith, but, in reality, the burdensome course of discovery that they anticipate is justification for staying discovery until Plaintiffs can make allegations that survive a motion to dismiss. Plaintiffs contend that their "extensive document production" and "numerous depositions" do not demonstrate any burden. But the costs and disruptions of "extensive" discovery are well documented; it is, therefore, hard to fathom why Plaintiffs need to begin discovery—and to subject the University to potentially needless costs—now, particularly given that Plaintiffs will not even defend their own Complaint.

Third, there is no risk of unfair prejudice to Plaintiffs; indeed, the costs to Defendants far outpace any inconvenience to Plaintiffs, particularly given that Plaintiffs, as masters of their Complaint, have failed to state a colorable claim that might entitle them to proceed further. Plaintiffs invoke "delay" as their only purported prejudice. But a stay of discovery will *always* delay discovery; a delay alone, without any specific injury resulting therefrom, cannot possibly be a reason to begin discovery prematurely. Moreover, Plaintiffs have declined Defendants' request to shorten the discovery periods, which proves that Plaintiffs' interest in expediting the case is not genuine.

In support of their request to begin discovery now, Plaintiffs rely on Eighth

Circuit precedents. But the Supreme Court has recognized, in the ERISA context, the motion to dismiss for failure to state a claim is an "important mechanism for weeding out meritless claims." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014). And the Second Circuit has distinguished the Eighth Circuit's decision in *Braden*, recognizing that "ERISA imposes extensive disclosure requirements on plan administrators, thus giving plan beneficiaries (*i.e.*, prospective plaintiffs) the opportunity to find out how the fiduciary invested the plan's assets. *PBGC ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719-20 (2d Cir. 2013). In the view of the Second Circuit, "[a]rmed with this extensive data about a fiduciary's investment decisions, a prospective plaintiff must show, through reasonable inferences from well-pleaded facts, that the fiduciary's choices did not meet ERISA's requirements." *Id.* at 720.

Prior to filing suit, these Plaintiffs did not even request the disclosures to which they are statutorily entitled. Their counsel evidently did very little due diligence, failing to identify that two of the original named plaintiffs were not even participants in the Plan. To reward such Plaintiffs (and to burden Defendants) with early discovery—especially given the strength of Defendants' motion to dismiss—runs counter to the interests of judicial economy.

\*   \*   \*

Although the parties disagree on the date that discovery should commence, they have agreed on the time periods associated with the pretrial and discovery deadlines following each party's proposed triggering event, as set forth below:

11

(a) <u>Plaintiffs</u>: The filing of Plaintiffs' response to Defendants' motion to dismiss or their amended complaint as of right (or the date the Court enters the scheduling order, whichever is later); or

(b) <u>Defendants</u>: The filing of Defendants' answer, if any, following a ruling on Defendants' motion to dismiss.

For the purpose of issuing a scheduling order under Fed. R. Civ. P. 16(b), the parties submit that the Court need only determine the triggering event date [(a) or (b)] when discovery shall commence, referred to hereafter as the "discovery inception date".

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. Deadline for all motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings: 9 months after the discovery inception date.

2. Deadline for close of all discovery: 16 months after the discovery inception date.

3. Deadline for all motions for summary judgment: 18 months after the discovery inception date.

### B. Scheduling Conference with the Court

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer an in-person

conference.

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties agree that any settlement negotiations are premature at this early stage in litigation. Although settlement is unlikely at this time, the parties have not ruled out settlement discussions at a later phase in the litigation.

2. The parties do not request an early settlement conference.

3. The parties will confer at an appropriate future date regarding whether it would be preferable to conduct a settlement conference with a third-party private mediator or with a U.S. Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. No motions to join additional parties or to amend the pleadings shall be filed by Plaintiffs more than 9 months after the discovery inception date. This deadline presumes substantial discovery, including document production, has occurred.

2. No motions to join additional parties or to amend the pleadings shall be filed by Defendants more than 10 months from the discovery inception date.

### E. Discovery

a. The parties anticipate that discovery will be needed on the following

subjects:

<u>Plaintiffs</u>: Plaintiffs intend to seek discovery concerning, but not limited to: (a) the operation, administration and management of the Plan; (b) the actions Defendants took and the decisions they made with respect to the Plan; (c) Defendants' agreements with TIAA-CREF and Vanguard; (d) the fees charged to and paid by Plan participants; (e) alternative recordkeeping arrangements Defendants could have, but failed to, implement; and (f) alternative Plan investment options Defendants could have, but failed to, implement. Information on these topics is necessary to show whether Defendants breached their fiduciary duties under 29 U.S.C. §1104(a)(1). Plaintiffs intend to seek this information from Defendants through requests for production, depositions, interrogatories, and/or requests for admissions. Plaintiffs may also seek information from non-parties under Federal Rule of Civil Procedure 45. Plaintiffs also intend to seek discovery regarding the scope of the class.

<u>Defendants</u>: Defendants intend to seek discovery into Plaintiffs' knowledge of the Plan's fees and investment options, the bases for Plaintiffs' contentions that those fees and investment options were unreasonable, Plaintiffs' investment decisions for their accounts in the Plan, and Plaintiffs' suitability to serve as class representatives.

    b.    The parties shall exchange Rule 26(a)(1) initial disclosures within 30 days after the discovery inception date. The parties shall produce documents and other materials identified in their Rule 26(a)(1) disclosures 30 days thereafter.

      c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced by the discovery inception date (see *supra*) and completed (not propounded) within 13 months thereafter. The substantial completion of the document production shall occur within 8 months after the discovery inception date, so long as requests for production of documents are made no later than 3 months after the discovery inception date.

      d.      Discovery will be conducted in two phases—fact discovery and expert discovery. Fact discovery will be complete within 12 months after the discovery inception date; expert discovery will be complete within 16 months after the discovery inception date.

      e.      The Parties anticipate that they will require no more than 25 depositions of fact witnesses. If either party wishes to take depositions in excess of 25, that party must seek leave of court. The depositions may commence by the discovery inception date (see *supra*) and be completed within 12 months thereafter.

      f.      The parties will not serve more than 25 interrogatories without leave of court.

      g.      Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 13 months after the discovery inception date.

      h.      Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained

experts pursuant to Fed. R. Civ. P. 26(a)(2) within 14 months after the discovery inception date.

    i.    Plaintiffs shall designate all rebuttal trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) within 15 months from discovery inception date.

    j.    Depositions of all experts will be completed within 16 months after the discovery inception date.

    k.    A damages analysis will be provided by any party who has a claim or counterclaim for damages within 13 months after the discovery inception date. A party is not precluded from supplementing or making any additions or changes to this information in accordance with Fed. R. Civ. P. 26(e).

    l.    Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties are in the process of discussing and negotiating a separate stipulation regarding an ESI protocol. The parties agree that they will file this proposed ESI protocol for the Court's approval within 30 days of the discovery inception date. In the event the parties are unable to agree, each side will submit its own proposal.

    m.    Undersigned counsel have discussed discovery procedures that

minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties are in the process of discussing and negotiating an ESI protocol, which will set forth the procedures for asserting claims of privilege after production.

### F. Dispositive Motions

Dispositive motions will be filed on or before 18 months after the discovery inception date.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the Court's ruling on Defendants' motion for summary judgment (if filed).

## VI. Trial Readiness

The case will be ready for trial within 30 days after the parties submit their joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs

By: /s/ Heather Lea			Date: November 14, 2016

Defendants

By: /s/ Brian D. Netter			Date: November 14, 2016