# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI, NANCY S. LOWERS, JAN M. TASCHNER, and JAMES MANCINI, individually and as representatives of a class of participants and beneficiaries on behalf of the Yale University Retirement Account Plan,<br><br>*Plaintiffs*,<br><br>v.<br><br>YALE UNIVERSITY, MICHAEL A. PEEL, and THE RETIREMENT PLAN FIDUCIARY COMMITTEE,<br><br>*Defendants*. | Civil Action No. 3:16-cv-01345-AWT<br><br><br><br>Hon. Alvin W. Thompson |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ADDITIONAL AUTHORITIES [DKT. 78]

Defendants submit the following response to Plaintiffs' Supplemental Brief Regarding Additional Authorities (Dkt. 78), which asks the Court to consider two recent decisions by district courts outside the Second Circuit. For three reasons, these decisions offer no support for Plaintiffs' positions in opposition to Defendants' motion to dismiss.

*First,* because both decisions are from outside the Second Circuit, neither decision so much as cites the Second Circuit precedents that are dispositive here, including:

- *PBGC ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013), which holds that in order to state a claim for breach of fiduciary duty, a plaintiff must at a minimum allege facts from which a court can "reasonably infer . . . that the process [used by the fiduciary] was flawed" (quotation marks omitted);

- *Young v. Gen. Motors Inv. Mgmt. Corp.*, 325 F. App'x 31, 33 (2d Cir. 2009), and

> *Laboy v. Bd. of Trs. of Building Serv. 32 BJ SRSP*, 513 F. App'x 78, 80 n.4 (2d Cir. 2013), both of which explain that an ERISA plaintiff alleging that fees were excessive must show that the fees bore no reasonable relationship to the services rendered; and
>
> - *Rinehart v. Lehman Bros. Holdings Inc.*, 817 F.3d 56, 66 (2d Cir. 2016) (per curiam), which, applying the Supreme Court's holding in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 773 (2014), holds that a fiduciary is not required to outsmart an efficient market and should not be held liable based on the alleged underperformance of certain investments in hindsight.

The Second Circuit's decisions are the guideposts for this Court, and, as we showed in the reply brief (at 1, 4-5, 6-7), Plaintiffs have no response to their holdings. Plaintiffs cannot evade Second Circuit decisions by adverting to out-of-Circuit authorities.

***Second,*** Defendants here have raised defenses and included arguments in their motion to dismiss that the defendants in the Emory and Duke cases did not. For example, neither Emory nor Duke argued, as Defendants do, that Plaintiffs' failure to allege what services the recordkeepers provided precludes any plausible allegation that the fees paid were excessive in relation to those services (as required by *Young*). Emory similarly did not argue, as Defendants do, that practices such as bundled agreements for recordkeeping and investment services or using multiple recordkeepers are commonplace among similar 403(b) plans and thus reasonable exercises of fiduciary responsibility. And neither Emory nor Duke provided judicially noticeable disclosures that belie Plaintiffs' allegations that the defendants had inadequate processes in place for administering their plans.

The denials of portions of Emory's and Duke's respective motions to dismiss thus have

little bearing on the substantive arguments in Defendants' motion.

*Third*, the Emory and Duke motions to dismiss were, in fact, granted with respect to many claims similar to the ones Plaintiffs assert here. For instance, the court in *Emory* dismissed the claim that it was imprudent for the plan there to have a large number of investments (Ex. 1 at 7) and claims of prohibited transactions to the extent they related to revenue sharing from mutual funds (*id.* at 24-25). And the court in *Duke* dismissed the plaintiffs' "locking-in" claims as time-barred, their boilerplate duty-to-monitor claim as "hypothetical and conclusory" (Ex. 2 at 3), and their prohibited-transactions claim as barred by 29 U.S.C. § 1002(21)(B)'s exception to party-in-interest status for mutual fund providers.[1] These holdings, which Plaintiffs grudgingly acknowledge, would dispose of parallel claims in this case based on the same specious theories.

Dated: June 6, 2017                                                   Respectfully submitted,

Nancy G. Ross (ct14373)                          */s/ Brian D. Netter*
James C. Williams (ct23292)                      Brian D. Netter (phv08476)
MAYER BROWN LLP                                    bnetter@mayerbrown.com
71 South Wacker Drive                            Michelle N. Webster (phv08475)
Chicago, Illinois 60606-4637                     Travis Crum (phv08550)
Telephone: (312) 782-0600                        Matthew A. Waring (phv08551)
Facsimile: (312) 701-7711                        MAYER BROWN LLP
                                                 1999 K Street NW
                                                 Washington, DC 20006-1101
                                                 Telephone: (202) 263-3000
                                                 Facsimile: (202) 263-3300

*Attorneys for Defendants*

---

[1] In response to the other courts' holdings on the prohibited-transactions issue, Plaintiffs argue that Defendants here "admitted" that the mutual funds in the Plan do not qualify for the exemption specified in 29 U.S.C. § 1002(21)(B) by describing TIAA and Vanguard as parties-in-interest in disclosures to the U.S. Department of Labor. Pls.' Supp Br. 5. Plaintiffs say that the DOL filings "show[] that it is at least plausible that these mutual funds do not qualify for the exemption under 29 U.S.C. § 1002(21)(B)." But the scope of the exemption is a question of law. Plaintiffs point to no distinction between this case and the Emory and Duke cases that would suggest the exemption should be interpreted differently here.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

/s/ Brian Netter
Brian Netter
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000 (tel.)