## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI, NANCY S. LOWERS, JAN M. TASCHNER, and JAMES MANCINI, individually and as representatives of a class of participants and beneficiaries on behalf of the Yale University Retirement Account Plan, *Plaintiffs*, v. YALE UNIVERSITY, MICHAEL A. PEEL, and THE RETIREMENT PLAN FIDUCIARY COMMITTEE, *Defendants*. | Civil Action No. 3:16-cv-01345-AWT  Hon. Alvin W. Thompson |

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING ADDITIONAL AUTHORITY SUPPORTING THE MOTION TO DISMISS [DKT. 62]

Defendants submit this supplemental brief to bring to the Court's attention a recent decision in *White v. Chevron Corp.*, No. 16-cv-0793-PJH (N.D. Cal. May 31, 2017), attached hereto as Exhibit A. Although outside the realm of binding authority, that decision dismissed the amended complaint in that case with prejudice on grounds similar to the grounds advocated by defendants here, citing at least one Second Circuit decision. For the reasons discussed below, the *White* decision supports defendants' arguments that the amended complaint here must likewise be dismissed.

**First,** *White* emphasizes that the measure of prudence under ERISA is the fiduciary's "conduct," not its "results"; the inquiry looks to whether the fiduciary "employed the appropriate methods to investigate and determine the merits of a particular investment." Ex. A at 8 (quoting *PBGC ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 716 (2d Cir. 2013)). The court therefore dismissed numerous claims on the

ground that plaintiffs had failed to raise plausible allegations that the fiduciary employed a deficient process for evaluating investments. *See, e.g.*, Ex. A at 17, 19, 23, 25. Plaintiffs here suffer the same failure (*e.g.*, Dkt. 61-1, at 11-12), and their claims should likewise be dismissed with prejudice.

**Second**, the *White* court rejected a claim—similar to plaintiffs' claim in this case—that the plan fiduciary violated its duty of loyalty by including funds in the plan in order to drive revenue sharing fees to the recordkeeper. Ex. A at 13. The court noted that plaintiffs had not alleged that there were "no equivalent . . . funds paying just as much" in revenue sharing and that, as a result, their claim that the fiduciary retained funds in order to benefit the recordkeeper was "speculation." *Id.* The court also rejected the plaintiffs' general contentions that the fiduciary had the recordkeeper's interest "at heart," rather than participants' interest, because the contentions were "entirely speculative, and unsupported by any facts." *Id.* at 14. Plaintiffs here argue that Yale allowed TIAA to influence investment selections in order to drive up its revenue sharing compensation. *E.g.*, Am. Compl. ¶ 171. For the reasons explained in *White*, these perfunctory duty-of-loyalty claims should fail.

**Third**, the plaintiffs in *White* attempted to reprise their argument that the fiduciary acted imprudently by including retail share classes of mutual funds in the plan when other share classes were available—and the court rejected that argument for a second time. Ex. A at 25-26. The court noted that the plaintiffs had not pleaded any "facts regarding any process for choosing funds, and no facts relating to investigations into the appropriateness of various funds. The sole basis for [their] claim is the assertion that there were allegedly lower-cost institutional-class funds available that could have been substituted for certain higher-cost retail-class funds that defendants selected." *Id.* at 25. The court reaffirmed its prior conclusion that merely asserting that

cheaper share classes were available is insufficient to state a claim because "fiduciaries have latitude to value investment features other than price." *Id.* at 25-26. The same holding is warranted here, because plaintiffs' claim similarly boils down to an allegation, implausible on its face, that prudence required defendants "to scour the market to find and offer the cheapest possible funds." *Id.* at 26 (quotation marks omitted). Such implausibility mandates dismissal of this claim.


Dated: July 27, 2017                                 Respectfully submitted,

Nancy G. Ross (ct14373)                             */s/ Brian D. Netter*
James C. Williams (ct23292)                         Brian D. Netter (phv08476)
MAYER BROWN LLP                                        bnetter@mayerbrown.com
71 South Wacker Drive                               Michelle N. Webster (phv08475)
Chicago, Illinois 60606-4637                        Travis Crum (phv08550)
Telephone: (312) 782-0600                           Matthew A. Waring (phv08551)
Facsimile: (312) 701-7711                           MAYER BROWN LLP
                                                    1999 K Street NW
                                                    Washington, DC 20006-1101
                                                    Telephone: (202) 263-3000
                                                    Facsimile: (202) 263-3300

                *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2017, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: ___/s/ *Brian D. Netter*_____
Brian D. Netter