IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> YALE UNIVERSITY *et al.*, <br><br> *Defendants*. | No. 3:16-cv-01345-AWT <br><br> Hon. Alvin W. Thompson |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING
TRIAL DECISION IN *TIBBLE v. EDISON INTERNATIONAL***

As discussed in Plaintiffs' opposition to Yale's motion to dismiss (Doc. 69), the Supreme Court's opinion in *Tibble v. Edison International*, 135 S. Ct. 1823 (2015), established that defined contribution plan fiduciaries have an ongoing duty under ERISA "to monitor investments and remove imprudent ones," and remanded for the Ninth Circuit to determine the scope of that duty as it applies to retail-class mutual funds. *Id*. at 1828–29.

On remand, the Ninth Circuit, sitting en banc, determined that the trust law duty to avoid wasting money on excessive costs applies to mutual fund share classes. *Tibble v. Edison Int'l*, 843 F.3d 1187, 1197–98 (9th Cir. 2016). The court remanded for a trial on the issue of whether, for funds added to the plan outside of the six-year limitations period (before August 16, 2001), "Edison should have switched from retail-class fund shares to institutional-class fund shares to fulfill its continuing duty to monitor the appropriateness of the trust investments." *Id*. at 1199.

On August 16, 2017, the *Tibble* district court entered its Findings of Fact and Conclusions of Law. *Tibble v. Edison Int'l*, No. 07-5359, Doc. 567 (C.D. Cal.) (attached). The court concluded that the Edison plan fiduciaries breached their duty of prudence by retaining retail-class shares of 17 mutual funds as plan investment options after August 16, 2001 instead of available institutional-class shares of the same funds. *Id*. at 17–18. The court found that a prudent fiduciary

would have known "of the existence of the institutional shares," and would have switched to the institutional shares on the earliest date the institutional shares were available. *Id*. at 19–20.

*Tibble* further supports Plaintiffs' argument that, by identifying 74 retail-class mutual funds that Yale included in the Plan since August 2010 instead of available institutional-class shares of the same funds that were identical in every way except for their lower cost, the amended complaint raises a plausible inference that Yale breached its fiduciary duties. Doc. 69 at 9, 25, 27–30. *Tibble* also further refutes Yale's argument that it acted prudently because it eventually switched to institutional shares for most of the funds by December 2016. *See* Doc. 62-1 at 32–33.[1] Even were the Court to consider Yale's outside materials, *Tibble* shows that a prudent fiduciary would not have waited for up to six years to make such changes, but would have switched to the institutional shares as soon as they were available. *Tibble*, Doc. 567 at 19–20; *see* Doc. 69 at 32–34 & n.21. Plaintiffs submit the *Tibble* decision for the Court's consideration.


August 24, 2017                           Respectfully submitted,

                                          By: /s/ Jerome J. Schlichter
                                              Jerome J. Schlichter (phv01476)
                                              SCHLICHTER BOGARD & DENTON, LLP
                                              Michael A. Wolff (phv08418)
                                              Sean E. Soyars (phv08419)
                                              100 South Fourth Street, Suite 1200
                                              St. Louis, Missouri 63102
                                              Telephone: (314) 621-6115
                                              Facsimile: (314) 621-5934
                                              jschlichter@uselaws.com
                                              mwolff@uselaws.com
                                              ssoyars@uselaws.com

---

[1] Yale relies on materials outside of the pleadings for this argument, which Plaintiffs moved to exclude. Doc. 70-1 at 8.

        Stuart M. Katz (ct12088)
        Cohen and Wolf, P.C.
        1115 Broad Street
        Bridgeport, CT 06604
        Telephone: (203) 368-0211
        Facsimile: (203) 337-5505
        skatz@cohenandwolf.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

        By: /s/ Jerome J. Schlichter
        Jerome J. Schlichter

3