IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> YALE UNIVERSITY *et al.*, <br><br> *Defendants*. | No. 3:16-cv-01345-AWT <br><br> Hon. Alvin W. Thompson |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL
BRIEF REGARDING ADDITIONAL AUTHORITY [DOC. 106]**

As Yale notes, the court in *Sacerdote* and *Cates* ultimately denied the motion to reconsider dismissal of the prudence claim based on the fiduciaries' use of retail-class mutual funds instead of lower-cost, but otherwise identical, institutional-class shares of the same funds.[1] In so doing, the court substantially modified the basis of the decision discussed in the parties' prior supplemental briefs (Docs. 93, 96), in a manner that conflicts with controlling precedent.

The *Sacerdote* court agreed with the plaintiffs that the discussion of liquidity in *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011), was not a proper basis for dismissing the share class claim, because *Loomis* concerned different allegations and "relied on the factual record before it[.]" Order at 6 n.3; *see* Doc. 96 at 2. *Loomis* "did not necessarily indicate that as a matter of law, fiduciaries may offer retail class shares instead of institutional class shares consistent with their duty of prudence." Order at 6 n.3. And the court acknowledged "that its reliance on *Tibble v. Edison Int'l (Tibble I)*, 729 F.3d 1110 (9th Cir. 2013)," had been "misplaced," *id*. at 3 n.1, as that opinion had actually affirmed a judgment for plan participants on the share class issue, *see*

---

[1] *Sacerdote v. N.Y. Univ.*, No. 16-6284 (KBF), Doc. 101, 2017 U.S. Dist. LEXIS 173599 (S.D.N.Y. Oct. 19, 2017)(filed herein at Doc. 106-1); *Cates v. Trs. of Columbia Univ.*, No. 16-cv-6524 (KBF), Doc. 125 2017 U.S. Dist. LEXIS 175387 (S.D.N.Y. Oct. 20, 2017)(herein at Doc. 106-2). The *Cates* decision followed the reasons set forth in *Sacerdote*.

729 F.3d at 1137–39.

The *Sacerdote* court nevertheless denied the motion to reconsider based on a "reading of Second Circuit precedent" that the defendant itself never raised. Order at 7. The Second Circuit had stated, in a case challenging a particular security within a diversified defined benefit plan portfolio, that "the 'prudence of *each* investment is not assessed in isolation but, rather, *as the investment relates to the portfolio as a whole*.'" *Id.* at 3 (quoting *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013)(*PBGC*), emphasis by *Sacerdote* court). The *Sacerdote* court interpreted this to mean that the plaintiffs had to show "that the *mix* of investments was unreasonable, not just that the inclusion of any specific investment was imprudent." Order at 3–4. Thus, the court acknowledged that paying more for retail-class shares might be imprudent, but including some imprudent investments in a plan is acceptable unless the plaintiffs show that the imprudent investments are "so prevalent that an *entire Plan was tainted*." *Id*. at 9 (emphasis added).

In focusing on the Second Circuit's isolated reference to the "portfolio as a whole," the *Sacerdote* court overlooked that the Second Circuit framed the issue not as whether the entire defined benefit plan was tainted, but whether the fiduciary *acted* prudently as to the "*particular* investment(s)" that were claimed to be imprudent. *PBGC*, 712 F.3d at 716, 718 (emphasis added). Prior Second Circuit precedent is to the same effect. *Flanigan v. GE*, 242 F.3d 78, 86 (2d Cir. 2001)(analyzing whether fiduciaries used "appropriate methods to investigate and determine the wisdom of the 90-day T-Bill investment"); *Katsaros v. Cody*, 744 F.2d 270, 279 (2d Cir. 1984)(inquiry is whether fiduciary "employed the appropriate methods to investigate the merits of the investment"); *see also Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828 (2015)(fiduciary "must 'systematic[ally] conside[r] *all the investments of the trust* at regular intervals' to ensure that they

are appropriate.")(emphasis added, citation omitted).

In the context of the claim before the *PBGC* court, the reference to the "portfolio as a whole" meant that the mere fact that the security was risky when viewed in isolation did not necessarily show that it was an imprudent component of a diversified portfolio, given the potential for higher returns. 712 F.3d at 716–17, 722, 726. The plaintiff did not have to show that the entire plan was tainted, but merely that "a prudent fiduciary in like circumstances would have *acted* differently." *Id.* at 718, 720, 727 (emphasis added). The complaint failed to show that a prudent fiduciary would have viewed the securities at issue as imprudent or "improvidently risky" under a "metric or method used by prudent investors at the time." *Id*. at 721–23 & n.20.

Here, in contrast, Plaintiffs allege that prudent fiduciaries of multi-billion dollar defined contribution plans "review and consider the available share classes" of mutual funds and "select the lowest-cost share class available to the plan," because "selecting a higher-cost share class results in the plan paying wholly unnecessary fees" and receiving a correspondingly lower return, without any countervailing benefit. Doc. 57 ¶139; Doc. 69 at 9, 28–30 [ECF pages].

The *Sacerdote* court's focus on the "entire Plan" also overlooks Supreme Court precedent holding that whether a breach harms the "entire plan" is "*beside the point in the defined contribution context*." *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 256 (2008)(emphasis added). In contrast to a defined benefit plan, a breach in a defined contribution plan "need not threaten the solvency of the entire plan to reduce benefits below the amount that participants would otherwise receive." *Id*. at 255–56. Congress intended that participants would have a remedy for "mismanagement of plan assets," regardless of whether the "entire plan" was tainted. *Id.* at 254, 256; *cf. Sacerdote* Order at 9.

November 17, 2017               Respectfully submitted,

                               By: /s/ Jerome J. Schlichter
                               Jerome J. Schlichter (phv01476)
                               SCHLICHTER BOGARD & DENTON, LLP
                               Michael A. Wolff (phv08418)
                               Sean E. Soyars (phv08419)
                               100 South Fourth Street, Suite 1200
                               St. Louis, Missouri 63102
                               Telephone: (314) 621-6115
                               Facsimile: (314) 621-5934
                               jschlichter@uselaws.com
                               mwolff@uselaws.com
                               ssoyars@uselaws.com

                               Stuart M. Katz (ct12088)
                               Cohen and Wolf, P.C.
                               1115 Broad Street
                               Bridgeport, CT 06604
                               Telephone: (203) 368-0211
                               Facsimile: (203) 337-5505
                               skatz@cohenandwolf.com

                               *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 17, 2017, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

                                         By: /s/ Jerome J. Schlichter
                                              Jerome J. Schlichter