# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, | |
| *Plaintiffs*, | Civil Action No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | **May 15, 2018** |
| *Defendants*. | |

## FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: August 9, 2016

Date Complaint Served: August 18, 2016

Date of Defendants' Appearance:  August 31, 2016

Date of Defendants' Answer: April 13, 2018

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 21, 2016 and continued through written correspondence on October 28, 2016, November 2 and 8, 2016. On May 4, 2018 and May 14, 2018, following the Court's resolution of Defendants' motion to dismiss Plaintiffs' Amended Complaint and the filing of Defendants' Answer and Affirmative Defenses, the parties further conferred by telephone and written correspondence.

The participants were:

Heather Lea, Kurt Struckhoff, and Sean Soyars     for Plaintiffs

Brian Netter and Michelle Webster                 for Defendants

## I.   Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case

management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject matter Jurisdiction

This is a class action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(2). The Court has subject matter jurisdiction under 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Claims of Plaintiffs:

The Yale University Retirement Account Plan is defined contribution, individual account, employee pension benefit plan with over $3.8 billion in assets and over 17,000 participants with account balances. 29 U.S.C. §1002(2)(A), §1002(34). Plaintiffs are participants in the Plan. 29 U.S.C. §1002(7). Defendants are alleged to be the fiduciaries to the Plan. 29 U.S.C. §1002(21)(A), §1102.

Plaintiffs seek to recover for their Plan remedies for breach of fiduciary duty available under 29 U.S.C. §1109(a) and §1132(a)(2). Regarding the claims on which the Court denied Defendants' motion to dismiss, Plaintiffs contend that Defendants breached their fiduciary duties and caused the Plan to engage in transactions prohibited by ERISA by: (1) causing the Plan to pay excessive recordkeeping and administrative expenses, which resulted in part from Defendants' failures to consolidate the Plan's recordkeeping services with a single recordkeeper to obtain the

same services at a dramatically lower, reasonable cost; to monitor and control the amount of recordkeeping and administrative expenses paid; and to periodically solicit competitive bids; (2) providing as Plan investments unreasonably expensive retail-class shares of mutual funds when lower-cost versions of the same investments were available to the Plan through institutional-class shares; (3) providing as Plan investments underperforming and unreasonably expensive options, and failing to adequately monitor and to remove those options after they consistently underperformed their benchmarks, peer group, and prudent alternatives that were available to the Plan; and (4) failure to properly monitor Plan fiduciaries.

Plaintiffs contend each Defendant is liable for its own actions that constituted a breach as described above, for the breach of a co-fiduciary under 29 U.S.C. §1105(a), and for failing to properly monitor fiduciaries the Defendant appointed. If found to have breached their fiduciary duties, Defendants will be liable to make good to the Plan all losses to the Plan resulting from each breach of fiduciary duty or prohibited transaction and to restore to the Plan any profits Defendants gained through the use of Plan assets. 29 U.S.C. §1109(a). Defendants also will be subject to equitable and other remedial relief as the Court may deem appropriate under 29 U.S.C. §1109(a).

### B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

Plaintiffs are wrong about what ERISA requires and about Yale's fiduciary processes and face serious statute-of-limitations problems.  ERISA's duty of prudence is satisfied when fiduciaries follow appropriate processes in their decision-making. Fiduciaries must act as would reasonable individuals "in the conduct of an enterprise

of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Plaintiffs allege that Yale breached ERISA by doing the same things its peer institutions were doing—as evidenced by the fact that Plaintiffs' counsel filed a dozen of these lawsuits in a two-week period in August 2016. Plaintiffs' primary theory is not that reasonable fiduciaries to university 403(b) plans acted differently, it is that "defined contribution" fiduciaries, as a generic group, would have done otherwise.

But there is a reason ERISA requires a contextual analysis. 401(k) plans and 403(b) plans are managed differently because they are different creatures. 403(b) plans are annuity plans; comparable annuities in 401(k) plans are rare. 403(b) annuities present a host of structural complexities. For example, many 403(b) annuities are individual contracts between the participant and the insurer. Plan fiduciaries have no authority to alter those contracts.

Yale, moreover, has in place a robust set of procedures for evaluating and periodically updating its 403(b) plans to benefit plan participants.

Finally, Yale doubts that Plaintiffs' claims are timely. ERISA requires a fiduciary-breach plaintiff to file suit within three years after he acquires knowledge of a breach, and no more than six years after the breach takes place. Many of Plaintiffs' specific allegations—*e.g.*, that there were too many recordkeepers and that the fees were too high—concern basic features of the Plan about which all participants had notice long ago.

## IV.     Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and have stipulated to the

following facts:

    A.    Yale University is a specially chartered and tax-exempt not-for-profit Connecticut corporation with its principal place of business in New Haven, Connecticut.

    B.    Yale University is governed by the Yale Corporation. The Yale Corporation is a body consisting of the Trustees of the University, successor Trustees, and alumni fellows.

    C.    Yale University offers the Yale University Retirement Account Plan (the "Plan"), a defined contribution, individual account, employee retirement plan (29 U.S.C. §1002(2)(A) and §1002(34)), to qualifying faculty and staff of Yale University.

    D.    Yale University is the designated administrator for the Plan pursuant to 29 U.S.C. §1002(16)(A)(i).

    E.    Yale University is the named fiduciary for the Plan under 29 U.S.C. §1102(a)(2).

    F.    Michael Peel served as Yale University's Vice President of Human Resources and Administration. Mr. Peel was employed in this position until July 2017.

    G.    The Plan document delegates to the Vice President of Human Resources and Administration the authority to create and maintain a committee to oversee the investment options offered by the Plan.

    H.    Plaintiffs Joseph Vellali, Nancy S. Lowers, Jan M. Taschner, and James Mancini are current and former employees of Yale University and participants in the Plan.

**V.   Case Management Plan:**

    **A.   Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    1.   Discovery to commence on June 15, 2018.

    2.   Deadline for all motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings: January 15, 2019.

    3.   Deadline for close of all discovery: August 1, 2019.

    4.   Deadline for all motions for summary judgment: August 13, 2019.

    **B.   Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer an in-person conference.

    **C.   Early Settlement Conference**

    1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties agree that any settlement negotiations are premature at this early stage in litigation. Although settlement is unlikely at this time, the parties have not ruled out settlement discussions at a later phase in the litigation.

    2.   The parties do not request an early settlement conference.

    3.   The parties will confer at an appropriate future date regarding whether it would be preferable to conduct a settlement conference with a third-party private mediator or with a U.S. Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. No motions to join additional parties or to amend the pleadings shall be filed by Plaintiffs after January 15, 2019. This deadline presumes substantial discovery, including document production, has occurred.

2. No motions to join additional parties or to amend the pleadings shall be filed by Defendants after February 15, 2019.

### E. Discovery

a. The parties anticipate that discovery will be needed on the following subjects:

Plaintiffs: Plaintiffs intend to seek discovery concerning, but not limited to: (a) the operation, administration and management of the Plan; (b) the actions Defendants took and the decisions they made with respect to the Plan; (c) Defendants' agreements with TIAA-CREF and Vanguard; (d) the fees charged to and paid by Plan participants; (e) alternative recordkeeping arrangements Defendants could have, but failed to, implement; and (f) alternative Plan investment options Defendants could have, but failed to, implement. Information on these topics is necessary to show whether Defendants breached their fiduciary duties under 29 U.S.C. §1104(a)(1). Plaintiffs intend to seek this information from Defendants through requests for production, depositions, interrogatories, and/or requests for admissions. Plaintiffs may also seek information from non-parties under Federal

Rule of Civil Procedure 45. Plaintiffs also intend to seek discovery regarding the scope of the class.

Defendants: Defendants intend to seek discovery into Plaintiffs' knowledge of the Plan's fees and investment options, the bases for Plaintiffs' contentions that those fees and investment options were unreasonable, Plaintiffs' investment decisions for their accounts in the Plan, and Plaintiffs' suitability to serve as class representatives.

    b.      The parties shall exchange Rule 26(a)(1) initial disclosures by July 13, 2018. The parties shall produce documents and other materials identified in their Rule 26(a)(1) disclosures by August 13, 2018.

    c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence June 15, 2018 and will be completed by August 1, 2019. The substantial completion of the document production shall occur by December 15, 2018, so long as requests for production of documents are made by August 13, 2018.

    d.      Discovery will be conducted in two phases—fact discovery and expert discovery.  Fact discovery will be complete by April 1, 2019; expert discovery will be complete by August 1, 2019.

    e.      The Parties anticipate that they will require no more than 25 depositions of fact witnesses. If any party wishes to take depositions in excess of 20, that party must seek leave of court.  The depositions may commence on June 15, 2018, and be completed by the applicable deadlines for fact and expert discovery.

    f.      The parties will not serve more than 25 interrogatories without leave of

court.

  g.  Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 1, 2019.

  h.  Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 31, 2019.

  i.  Plaintiffs shall designate all rebuttal trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 1, 2019.

  j.  Depositions of all experts will be completed by August 1, 2019.

  k.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 15, 2019. A party is not precluded from supplementing or making any additions or changes to this information in accordance with Fed. R. Civ. P. 26(e).

  l.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties are in the process of discussing and negotiating a separate stipulation regarding an ESI protocol. The parties agree that they will file this proposed ESI protocol for the

Court's approval by July 13, 2018. In the event the parties are unable to agree, each side will submit its own proposal.

    m.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties are in the process of discussing and negotiating an ESI protocol, which will set forth the procedures for asserting claims of privilege after production.

### F. Dispositive Motions

Dispositive motions will be filed on or before August 13, 2019.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the Court's ruling on Defendants' motion for summary judgment (if filed).

## VI. Trial Readiness

The case will be ready for trial within 30 days after the parties submit their joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs

By: /s/ Heather Lea          Date: 5/15/2018

Defendants

By: /s/ Brian D. Netter        Date: 5/15/2018