# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

JOSEPH VELLALI *et al*.,

*Plaintiffs*,
v.

YALE UNIVERSITY *et al*.,

*Defendants*.

No. 3:16-cv-01345-AWT

## [PROPOSED] STIPULATION AND ORDER FOR DISCOVERY OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

The parties to the above-captioned action HEREBY STIPULATE AND AGREE, by and through their counsel, that the following specifications shall govern discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the parties during discovery.

**I.   General**

A.   This Stipulation shall not enlarge, reduce, or otherwise affect the scope of discovery in this litigation as imposed by the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders, nor imply that discovery produced under the terms of this Stipulation is properly discoverable, relevant, or admissible in this or in any other litigation.

B.   Nothing in this Stipulation and Order shall be interpreted to require disclosure of materials that a party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege that may be applicable. Additionally, nothing in this Stipulation and Order shall be deemed to waive or limit any party's right to object to (and on that basis withhold) the production of documents or electronically stored information, or to seek relief from the production of certain documents or electronically stored information, or to move for protective order on the ground that the sources are not reasonably

accessible because of undue burden or cost, or move to compel on the ground that there is good cause for the documents' production.

      C.    In the course of producing ESI, if the producing party discovers that ESI cannot be produced in compliance with the standards of the Order, that party shall promptly notify the other party of the issue so that the parties can mutually agree upon resolution of the issue or present an unresolveable issue to the Court.

## II. Production Format – Hard Copy

Hard copy documents will be scanned and produced as single-page, black and white, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file shall contain, to the extent any metadata exists, the metadata fields listed in the attached Appendix A. The parties will discuss reasonable requests for production of color or oversized documents on a document-by-document or category-by-category basis.

Documents should be scanned as they are maintained and stored in the ordinary course. The producing party shall provide OCR text for hard copy documents scanned for production. OCR is to be performed on a document level and provided in document-level *.txt files named to match the production number of the first page of the document to which the OCR text corresponds. In the case of an organized compilation of separate documents—for example, a binder containing several separate documents behind numbered tabs—the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in the metadata fields. Producing Party should take reasonable steps to attempt to unitize the documents in a logical manner.

## III. Production Format – Electronically Stored Information ("ESI")

Except as otherwise noted herein or agreed on by the parties, and notwithstanding any

format provisions in a party's discovery requests, ESI will generally be produced in conformance with the specifications detailed in Appendix A. ESI shall be produced in tiff + metadata format, except for Excel files, Word files, PowerPoint files, and .pdf files, which shall be produced in native format, as specified in this Stipulation and Appendix A. In addition, all ESI will be produced with a delimited database load file containing the metadata fields listed in Appendix A and captured at the time of the collection (to the extent the metadata exists and can be collected reasonably). In addition to producing designated ESI in native format, a party may produce ESI in a TIFF + metadata format as specified in Appendix A. The parties will discuss reasonable requests for production of color or oversized documents on a document-by-document or category-by-category basis. The parties agree to meet and confer as to whether the producing party is required to produce files other than those set forth in this paragraph in native format.

### IV. Production Format – Structured Data Sources

To the extent discoverable electronic information is contained in structured data sources, the parties will meet and confer to discuss the most appropriate and cost-effective production format, which may include an export of data or the creation of a report.

### V. Production Format - Media

Documents shall be produced on encrypted portable media or through secure file transfer protocols (e.g., SFTP), or similar secure electronic transmission as agreed to by the parties. The production media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter.

### VI. Processing Specifications

A.  <u>Redactions</u>: No redactions will be made to responsive documents except to redact attorney-client privileged, attorney work product protected, or otherwise protected information under Fed.R.Civ.P. 26(c) and such protective order as the Court may enter, or personally

identifiable information related to participants in the Yale University Retirement Account Plan or their beneficiaries. If, during the course of discovery, the parties identify other kinds of information that any party has a reasonable basis for redacting, the parties will meet and confer before such redactions are made. If the issue cannot be resolved, the parties will seek resolution from the Court. In lieu of redacting an entire document, the Producing Party may produce a slip-sheet for full documents meeting the above redaction criteria.

      B.    <u>ESI Date and Time Processing</u>: All parties' ESI should be processed using EST time zone for all data.

      C.    <u>Deduplication</u>: A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians (*i.e.*, globally). For e-mails with attachments, the hash value shall be generated based on the parent-child document grouping. Deduplication shall not break apart families. However, metadata identifying all custodians in possession of each document that is removed as a duplicate must be produced in the "CUSTODIAN" or "DUPLICATE CUSTODIAN" or Duplicate Folder/Path field in the production load file subject to any exceptions provided in Appendix A.

      D.    <u>Email Thread Suppression:</u> The parties agree to meet and confer to the extent a party intends to use email thread suppression to exclude documents from production. The producing party will disclose its intention to use thread suppression in this manner prior to the applicable production deadline and with sufficient time to raise the issue with the Court, if necessary.

**VII.**    **Preservation**

      A.    The parties acknowledge that they have an obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or

control.

B. The parties agree that the circumstances of this case do not warrant the preservation, collection, review, or production of ESI that is not reasonably accessible because they anticipate that enough relevant information can be yielded from reasonably accessible sources and, as necessary and appropriate, supplemented with deposition discovery. Moreover, the remote possibility of additional relevant information existing in not reasonably accessible sources is substantially outweighed by the burden and cost of preservation, collection, review and production of ESI from sources that are not reasonably accessible. The parties agree that the following ESI is not reasonably accessible:

1. Data retained on back-up tapes or other disaster recovery-type systems.

2. Deleted, shadowed, damaged, residual, slack, fragmented, or other data only accessible by forensics.

3. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

4. On-line access data such as temporary Internet files, history, cache, cookies, and the like.

5. Data stored on photocopiers, scanners and fax machines.

6. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

7. Server, system, or network logs.

C. However, nothing herein shall prevent a party from subsequently requesting that ESI identified above be preserved and produced if specific facts demonstrate a particular need for such evidence that justifies the burden of preservation and retrieval. Further, nothing herein shall prevent a party from requesting and receiving additional detail and explanation from the

Producing Party regarding any of the above items that would allow the Requesting Party to further evaluate the substance of the information and the burden and costs of retrieving and providing this information.

**VIII. Privilege and Privilege Logs**

    A.    For documents redacted or withheld from production on the basis of attorney-client privilege, work product doctrine, or any other applicable privilege, the producing party shall provide a privilege log within 28 days after commencing the production of documents responsive to a request for production.

    B.    For each document claimed to be privileged, the privilege log shall include the following information:

1. BEGNO
2. ENDNO
3. ALL CUSTODIANS
4. DATE
5. AUTHOR
6. TO
7. CC
8. BCC
9. PRIVILEGE CLAIM ASSERTED (i, ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT)
10. SUFFICIENT DESCRIPTION OF THE DOCUMENT OR COMMUNICATION AT ISSUE THAT WILL ALLOW THE RECEIVING PARTY AND THE COURT TO ASSESS THE CLAIM OF PRIVILEGE

C.      The privilege log shall be provided in native format (*e.g.*, Excel or Word format) if it is maintained by the producing party in that format. Otherwise, it will be produced in a format to be agreed upon by the parties.

**IX.    Third Party Documents**

A party that issues a subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein. However, third parties are not required to produce documents as specified herein. The Issuing Party shall upon receipt produce any documents obtained pursuant to a non-party subpoena to all other parties. Nothing in this Stipulation is intended or may be interpreted to narrow, expand, or otherwise affect the rights of the parties or third parties to object to a subpoena.

**X.     Good Faith**

The parties shall make their best efforts to comply with and resolve any differences concerning compliance with this Stipulation. No party may seek relief from the Court concerning compliance with the Stipulation unless it has conferred with other affected parties to the action.

Plaintiffs

By: /s/ Sean E. Soyars_____          Date: July 13, 2018

Defendants

By:  /s/ Michelle N. Webster (with consent)    Date: July 13, 2018


Dated: _____, 2018               SO ORDERED:

                                        _____

**APPENDIX A TO STIPULATION AND ORDER FOR DISCOVERY OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

**XI.     Production Format**

A.     Native Files will be produced together with a relative file path to the Native File provided in the metadata load file. The extractable metadata and text shall be produced in the same manner as other documents that originated in electronic form to the extent that metadata exists or is reasonably accessible or available for any files produced. If a Producing Party wishes to designate a Native File "Confidential," it shall do so by producing the Native File on media that is labeled "Confidential" or by branding the placeholder TIFF image "Confidential."

B.     <u>Bates Numbering</u>: Each page of a tiff produced document will have a legible, unique identifier ("Bates number") assigned and electronically "burned" onto the image. The identifier shall include an alpha prefix along with a fixed number, e.g., ABC000001. This format must remain consistent across all production numbers and be placed on the lower right corner of all images so as not to unreasonably obliterate or obscure any information. No other legend or stamp will be placed on a document image other than confidentiality legends (where applicable) or redactions.

C.     <u>Associated Delimited Text File and Metadata Fields</u>:  A database load file shall be provided in the Concordance ".dat" file format that holds metadata in fields as a delimited text load file. For the load file, the parties should use Concordance standard delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values). To the extent reasonably available and captured at the time of the collection and processing, the fielded data should include all the metadata fields listed below for a file/document in addition to the unitization (including the production number of the first and last page of each document) and attachments (including

information sufficient to identify the parent and child relationships of all documents that are or have attachments). The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document. Load files shall include the metadata fields listed below, or substantially identical metadata fields, to the extent already in existence and reasonably accessible. The Producing Party may produce additional fields, but shall provide definitional information regarding such field(s) values no later than the time of delivery of any production containing such fields.  To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this Stipulation shall require any party to extract, capture, collect generate or produce such data. However, the parties will use reasonable efforts to collect and process ESI in such a manner as to capture the metadata fields required by this Stipulation.

**Hard Copy**

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGBATES | Beginning production number or Bates number for a given file/document |
| ENDBATES | Ending production number or Bates number for a given file/document |
| BegAttach | |
| EndAttach | |
| PAGECOUNT | Number of pages for the document |
| TEXT | Relative path to OCR text file |
| Confidentiality | Confidentiality Designation |
| Redaction | Redaction Reason |
| Custodian | Custodian or Source |

**ESI**

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| BEGBATES | ABC000001 | Beginning production number or Bates number for a given file/document | E-mail and E-Doc |
| ENDBATES | ABC000002 | Ending production number or Bates number for a given file/document | E-mail and E-Doc |
| BEGATTACH | ABC000001 | Beginning production number or Bates number for the attachment range | E-mail and E-Doc |
| ENDATTACH | ABC000015 | Ending production number or Bates number for the attachment range | E-mail and E-Doc |
| PARENT_BATES | ABC000001 | First Bates number of parent document/e-mail

This PARENT_BATES field should be populated in each record representing an attachment "child" document. | E-mail and E-Doc |
| CHILD_BATES | ABC000002; ABC000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments

The CHILD_BATES field should be populated in each record representing a "parent" document. | E-mail and E-Doc |
| CUSTODIAN | Smith, John | Person, shared file or other source from whom files were collected | E-mail and E-Doc |
| DUPLICATE | Brown, Julie; | To identify other custodians whose files contained a | E-mail and E- |

10

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| CUSTODIAN | Black, Joe | particular document that was eliminated through de-duplication to the extent not included in the CUSTODIAN field | Doc |
| DUPLICATE PATH/FOLDER | \\servername\share\Folder02 | To identify other paths or folder locations of files from a particular document that was eliminated through de-duplication to the extent not included in the PATH field. | E-Mail and E-Doc |
| SUBJECT | Meeting Minutes | Subject line extracted from e-mail message | E-mail |
| FROM | Thompson, Frank | Sender | E-mail |
| TO | Coffman, Janice; Lee, William | Recipient | E-mail |
| CC | Cain, John | Copyee | E-mail |
| BCC | Stevens, Hunter | Blind Copyee | E-mail |
| DATESENT | 10/12/2012 | Sent date of an email message in the following format: MM/DD/YYYY | E-mail |
| TIMESENT | 07:05 PM | Time the email was sent, with timezone normalized EST across all produced records | E-mail |
| DATERCVD | 10/12/2012 | Date an email message was received in the following format: MM/DD/YYYY | E-mail |
| TIMERCVD | 07:05 PM | Time the email was received, with timezone normalized across all produced records | E-mail |

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| AUTHOR | Smith, John | Name of person who created document or email | E-Doc |
| FILENAME | October Agenda.doc | Original file name of native document | E-Doc |
| PATH | C:\My Documents\Agenda | Original path for documents (if this information has been captured) | E-mail and E-Doc |
| DATECREATED | 10/1/2011 | Date document was created | E-Doc |
| TIMECREATED | 9:18 AM | Time document was created | E-Doc |
| DATELASTMOD | 10/15/2011 | Date the document was last modified in MM/DD/YYYY format | E-Doc |
| TIMELASTMOD | 11:07 AM | Time file was last modified, with timezone normalized across all produced records | E-Doc |
| FILEEXT | Msg | File extension of native document | E-mail and E-Doc |
| PAGECOUNT | 16 | Number of pages for the document | E-mail and E-Doc |
| HASH | d131dd02c5e6eec5694d0698aff85c2fsch5876217eab40045733b8fb789 | MD5 or SHA1 Hash Value | E-mail and E-Doc |
| NATIVEFILE PATH | D:\001\ABC000005.xls | Original path or hyperlink to documents being produced in native file format | Native |
| TEXT | Relative path to extracted text or OCR for the document | OCR or extracted text file | E-mail and E-Doc |
| Redaction | Privilege | Reason for Redaction on a Document | All |