IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI et al., <br><br> Plaintiffs, <br> v. <br><br> YALE UNIVERSITY et al., <br><br> Defendants. | Civil Action No. 3:16-cv-01345-AWT <br><br> Hon. Alvin W. Thompson |

**DECLARATION OF RICHARD E. NOWAK IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER**

I, Richard E. Nowak, declare as follows:

1. I am a partner with the law firm of Mayer Brown LLP, and I represent Defendants Yale University, Michael A. Peel, and the Fiduciary Committee on Investments in this action. I submit this declaration in support of Defendants' Emergency Motion for Protective Order.

2. I have personal knowledge of all facts stated in this declaration and, if called to testify, I could and would testify competently hereto.

3. On January 10, 2019, Plaintiffs requested by e-mail the deposition availability for 11 current and former Yale employees and officers, including President Peter Salovey. Attached hereto as Exhibit A is a true and correct copy of the January 10, 2019 e-mail from Joel Rohlf to Nancy Ross, et al.

4. On January 18, 2019, Defendants sent Plaintiffs a proposed schedule for the depositions of each of the individuals identified by Plaintiffs except President Salovey. In the e-mail, Defendants proposed revisiting the question of President Salovey's deposition until after Plaintiffs had deposed the other witnesses in the case.

1

Attached hereto as Exhibit B is a true and correct copy of the January 18, 2019 e-mail from Brian Netter to Joel Rohlf.

5.    On January 28, 2019, Plaintiffs served a Notice of Deposition for Peter Salovey, setting the deposition on March 8, 2019. Attached hereto as Exhibit C is a true and correct copy of the Notice of Deposition.

6.    On January 29, 2019, Defendants responded to the Notice of Deposition and stated "we will not and cannot agree to present [President Salovey] for his deposition as requested in the Notice you have sent," but we would be "happy to explore the matter after all other depositions have been taken." Attached hereto as Exhibit D is a true and correct copy of the January 29, 2019 e-mail from Nancy Ross to Joel Rohlf.

7.    On February 1, 2019, the parties filed a Joint Status Report on Discovery (Dkt. 153) stating that "[t]he parties are still considering their respective positions" on President Salovey's deposition "and have not met and conferred on the issue."

8.    Plaintiffs did not raise the issue of President Salovey's deposition again until more than three weeks later on February 26, 2019.

9.    On February 25, 2019, Defendants contacted Plaintiffs to confirm a list of scheduled deposition times and locations. Attached hereto as Exhibit E is a true and correct copy of the February 25, 2019 e-mail from Richard Nowak to Alex Braitberg, et al.

10. On February 26, 2019, Plaintiffs responded and served an Amended Notice of Deposition for Peter Salovey, setting the deposition nine days later on March 7, 2019. Attached hereto as Exhibit F is a true and correct copy of the February 26, 2019 e-mail from Alex Braitberg to Richard Nowak, et al. Attached hereto as Exhibit G is a true and correct copy of the Amended Notice of Deposition.

11. On February 27, 2019, Defendants informed Plaintiffs that they could not produce President Salovey on March 7, and asked to meet and confer regarding the appropriateness of President Salovey's deposition. Attached hereto as Exhibit H is a true and correct copy of the February 27, 2019 e-mail from Richard Nowak to Alex Braitberg, et al.

12. On February 27, 2019, I, Richard Nowak, (on behalf of Defendants) and Alex Braitberg (on behalf of Plaintiffs) met and conferred regarding President Salovey's deposition by telephone.

13. During the meet and confer, I explained Defendants' position that President Salovey is an apex witness and that Plaintiffs had not identified any unique knowledge within his possession—particularly given Plaintiffs' refusal to wait until the other Committee members were deposed to evaluate the necessity for President Salovey's deposition. I also explained that only the Committee's actions—not its individual member's subjective opinions—are potentially at issue in the litigation. Plaintiffs' counsel insisted that only President Salovey could testify about his own subjective knowledge and his experience on the Committee. Plaintiffs' counsel also

insisted that Plaintiffs believe they are entitled to President Salovey's deposition regardless of the other Committee members' and witnesses' testimony in this matter.

14.   The parties were unable to resolve this issue, and this Court's emergency intervention is required.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of February, 2019, in Chicago, Illinois.

_____
Richard E. Nowak