```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JOSEPH VELLALI et al              :
                                  :
     Plaintiffs,                  :
                                  :
v.                                :      CASE NO. 3:16-cv-1345(AWT)
                                  :
YALE UNIVERSITY et al             :
                                  :
     Defendants.                  :
```

RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pending before the court is defendants' Emergency Motion for a Protective Order. (Dkt. # 161). For the reasons that follow, defendant's motion is denied in part, granted in part.

**I.   Background**

The plaintiffs brought this action against Yale University, alleging that Yale breached its fiduciary duty under the Employee Retirement Income Security Act (ERISA). On February 26, 2019, the plaintiffs filed a Notice of Deposition to depose Peter Salovey, the President of Yale University. (Dkt. #164-11). President Salovey was a member of the fiduciary committee that exercised Yale's authority to oversee the plan that is at issue in this case. (Dkt #161-1 at 1, Dkt #164 at 2). Arguing that President Salovey is an "apex witness" who possesses no unique information about the case, Yale filed an emergency motion for a protective order. (Dkt. #161). The Court temporarily granted the

1

requested relief until all parties had an opportunity to brief the issue.

## II. Legal Standard

Rule 26(c) of the Federal Rules of Civil Procedure provides that any person from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)(internal citations and quotations omitted).

## III. Defendant's Motion for Protective Order

Defendants here move for a protective order quashing the plaintiffs' notice of deposition for President Salovey. On March 5, 2019, the Court indefinitely stayed the deposition of President Salovey until such time that the Court could determine whether the deposition was proper. (Dkt. 163). The Court finds that the deposition of President Salovey, the highest executive at Yale University, is permitted.

Senior executives are not immune from being deposed, but courts disfavor requiring them to be deposed "based on the

concern that litigants may be tempted to use such depositions . . . as a form of leverage or harassment by forcing senior officials to spend time in preparing for and attending a deposition when they have little or no pertinent testimony to offer." Pullano v. UBS/Paine Webber, Inc., No. 03-cv-6313, 2007 U.S. Dist. LEXIS 103817, at *5 (W.D.N.Y. Mar. 21, 2007)(internal citations and quotations omitted). Until a showing has been made that the apex witness has "unique knowledge," such individuals should not be deposed in person, especially "where other witnesses have the same knowledge." Consolidated Rail Corp. v. Primary Indus. Corp., No. 92-cv-4927 (PNL), 92-cv-6313 (PNL), 1993 U.S. Dist. LEXIS 12600, at *2-3 (S.D.N.Y. Sept. 10, 1993).

    The parties here disagree as to which party bears the burden of persuasion. However, it is undisputed that the party seeking a protective order has the burden of showing good cause for the issuance of the protective order. Fed. R. Civ. P. 26(c)(1); See also Burnett v. Wahlburgers Franchising LLC, No. 16-cv-4602 (WFK), 2018 U.S. Dist. LEXIS 114548, at *7 (E.D.N.Y. July 10, 2018)("the party seeking the protective order bears the burden of establishing a claimed lack of knowledge"); Fermin v. Rite ex rel. N.Y., No. 08-cv-11364(JPO)(HBP), 2012 U.S. Dist. LEXIS 13553, at *10 n.1 (S.D.N.Y. Feb. 3, 2012)("[A]n allocation [of burden to the party seeking the protective order] is more consistent with the general case law. . . . The party seeking

the deposition . . . can only speculate as to his or her knowledge. The party resisting the deposition . . . can provide more reliable information as to his or her knowledge.").

This burden, which is on the defendants here, is typically satisfied with an affidavit from the high-level executive disclaiming any unique knowledge. Jones v. Marcu, No. 3:18-cv-485 (VAB), 2018 U.S. Dist. LEXIS 196239, at *6 (D. Conn. Nov. 16, 2018). The defendants have not submitted an affidavit from President Salovey disclaiming any unique, relevant knowledge.[1] "Where no such affidavit has been submitted, however, courts may still find the initial burden satisfied if the face of the motion demonstrates that the deponent would lack relevant, discoverable information." Id. (internal quotations omitted).

If the moving party shows that the deponent lacks relevant information, the court may prohibit the apex deposition from

---

[1] Here, the defendants submitted an affidavit from the Senior Associate General Counsel at Yale, Caroline Hendel, who states that President Salovey has no unique knowledge. Courts generally only accept affidavits from the individual seeking to avoid the deposition. See Angiodynamics, Inc. v. Biolitec, Inc., No. 1:08-CV-004 (LEK/RFT), 2010 U.S. Dist. LEXIS 149147, at *7-9 (N.D.N.Y. Sept. 17, 2010)(finding a second-hand affidavit from corporate counsel was insufficient to show the senior executive had no relevant and unique knowledge). The defendants argue that Rodriguez v. SLM Corp stands for the proposition that even absent an affidavit from the party seeking to avoid deposition, the party seeking the deposition must show the apex has unique information. Rodriguez v. SLM Corp., No. 3:07-cv-1866 (WWE), 2010 U.S. Dist. LEXIS 29344 (D. Conn. Mar. 26, 2010). The Court does not agree that this initial burden is on the non-movant. See Jones, 2018 U.S. Dist. LEXIS 196239, at *4-5 ("Because the proponent of a protective order to prevent the deposition of a corporate executive bears the burden of showing good cause, they also bear the initial burden of demonstrating that the executive has no unique, relevant knowledge of facts giving rise to the allegations in the litigation."). The Court declines to rely on Attorney Hendel's affidavit to satisfy the defendants burden.

going forward where the non-movant can obtain the desired information through less intrusive means. Rodriguez, 2010 U.S. Dist. LEXIS 29344, at *5; see also Burns v. Bank of America, No. 03-cv1685 (RMB)(JCF), 2007 U.S. Dist. LEXIS 40037, at *11 (S.D.N.Y. Jun. 4, 2007)("Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a deposition of a highly-placed executive while allowing other witnesses with the same knowledge to be questioned.") (internal quotations and citations omitted); Harris v. Computer Assocs. Int'l Inc., 204 F.R.D. 44, 46 (E.D.N.Y. 2001)("When a vice president can contribute nothing more than a lower level employee, good cause is shown to not take the deposition.").

The Court is not unsympathetic to the defendants' position and is somewhat troubled by the lack of evidence to support plaintiff's assertion that President Salovey supposedly possesses unique knowledge that other deponents do not possess. The plaintiffs are seeking to depose President Salovey regarding the Yale University Retirement Account Plan. (Dkt. # 164 at 1). During the relevant period, President Salovey was one member on Yale's Fiduciary Committee on Investments, whose action is at issue in the present case. (Dkt. #164 at 1; Dkt #161-1 at 1-2). Five other individuals participated in this Committee. (Dkt. #161-1 at 2). President Salovey attended three Committee

meetings during the relevant time and knows what occurred at those meetings. (Dkt. #164 at 2; Dkt #161-1 at 1). However, other individuals attended those meetings too. As a result, the Court cannot determine whether President Salovey has any unique information that cannot be gathered from other Committee participants.

Plaintiffs argue that "only Salovey has the personal knowledge of what he did or did not do." (Dkt. #164 at 4). The Court does not agree. Witnesses to President Salovey's actions, which the parties have not said are unavailable for depositions, clearly know what President Salovey did or did not do at every meeting, as it is unlikely he ever held a Committee meeting alone. However, while there may be valid reasons to grant the defendants' motion for a protective order, an order barring a deposition is "extraordinary relief." Burnett, U.S. Dist. LEXIS 114548, at *7; American High-Income Trust v. Alliedsignal Inc., No. 02-cv-2506, 2006 U.S. Dist. LEXIS 88883, at *8 (S.D.N.Y. Dec. 8, 2006) (quoting Speadmark, Inc. v. Federated Dep't. Stores, 176 F.R.D. 116, 118 (S.D.N.Y. 1997)); See also Investment Properties Int'l, Ltd. v. IOS, Ltd., 459 F.2d 705, 708 (2d Cir. 1972)("an order to vacate a notice of taking is generally regarded as both unusual and unfavorable"). The Court is reluctant to grant such extraordinary relief in this case, where President Salovey was intimately involved in the committee

at issue and the Court cannot ascertain his unique knowledge as he failed to submit an affidavit and there are at least some documents containing only his name.

Although the Court has doubts about whether President Salovey has unique information, he clearly was directly involved in decisions at issue, even if most of his knowledge will be cumulative. See Scott v. Chipotle Mexican Grill, Inc., 306 F.R.D. 120, 124 (S.D.N.Y. 2015)("Although it may be appropriate to preclude a redundant deposition, preclusion is not required but turns on the Court's analysis of the likelihood that the individual sought to be deposed possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential for disruption of business.")(internal quotations and citations omitted).

Rather than fully preclude a party from deposing an apex witness, courts have largely placed limitations on such depositions, irrespective of the executive's unique knowledge. See Louis Vuitton Malletier v. Dooney & Bourke, Inc., No. 04-cv-5316 (RMB)(MHD), 2006 U.S. Dist. LEXIS 87096, at *43 (S.D.N.Y. Nov. 30, 2006)(limiting deposition to 3 hours despite executive having directly participated in an event at issue); Travel Ctr. of Fairfield County, Inc. v. Royal Cruise Line Ltd., No. 3:96-cv-1025 (JBA), 2000 U.S. Dist. LEXIS 23330, at *9-10 (D. Conn. Jan. 24, 2000)(limiting deposition to 7 hours, exclusive of

7

recesses, and allowing a motion for sanctions to be filed if executive is found to have no personal knowledge); Holman v. ICN Pharms., Inc., No. 98-cv-0674 (AKH) (HBP), 1999 U.S. Dist. LEXIS 20017, at *4 (S.D.N.Y. Dec. 29, 1999) (limiting deposition to 4 hours where Court could not "conclude that [the deponent] is so completely without knowledge that his deposition should be precluded altogether"). Some courts have permitted depositions only by written questions. See Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co., No. 05-cv-1031 (RJH)(HBP), 2008 U.S. Dist. LEXIS 17746, at *17-18 (S.D.N.Y. Mar. 7, 2008) ("[P]recluding all discovery of a highly placed executive based solely on his unchallenged denial of knowledge sets the bar for a protective order too low.").

As such, the Court will not preclude the plaintiffs from deposing President Salovey, as he was directly involved in the underlying situation that is at the heart of plaintiffs' claims, but because President Salovey is the highest ranking individual at Yale, the Court will impose reasonable limitations to protect him from undue burden or expense and to prevent his deposition from being used for leverage. See Cruden v. Bank of N.Y., 957 F.2d 961, 972 (2d Cir. 1992) ("A trial court enjoys wide discretion in its handling of pre-trial discovery . . . ."); LaPlante v. Estano, 228 F.R.D. 115, 116 (D. Conn. 2005)("A court

8

is given broad discretion regarding whether to issue a protective order.").

Accordingly, the motion for a protective order is denied in part, granted in part. President Salovey's deposition will be limited to 2 hours in duration (exclusive of recesses) and shall be conducted at his workplace, or such reasonable location designated by defense, and will be conducted subsequent to all other pertinent depositions. Additionally, the plaintiffs are confined to asking questions regarding President Salovey's three meeting tenure on the committee and the relevant documents on which no other deponent's name appears other than President Salovey's name.[2]

I.  Conclusion

For the above reasons, the defendants' motion for a protective order is DENIED IN PART, GRANTED IN PART.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

---

[2] This means that the plaintiffs are confined to asking questions about the plan, the committee, and documents that discuss the plan or the committee. Any further questioning would be outside the scope of President Salovey's involvement in the underlying claims.

SO ORDERED this 19th day of April, 2019 at Hartford, Connecticut.

```
                  _____/s/_____
                  Robert A. Richardson
                  United States Magistrate Judge
```