# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| JOSEPH VELLALI *et al.*, | |
|---|---|
| *Plaintiffs,* | No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | Hon. Alvin W. Thompson |
| *Defendants.* | |

**PLAINTIFFS' RULE 26(A)(1) DISCLOSURES**

Plaintiffs Joseph Vellali, Nancy S. Lowers, Jan M. Taschner, and James Mancini provide the following disclosures under Federal Rule of Civil Procedure 26(a)(1):

1. The name and, if known, the address, and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

| Name | Address | Subjects |
|---|---|---|
| Joseph Vellali | Plaintiff; Contact through Plaintiffs' counsel | Participant level information relating to the Yale University Retirement Account Plan (the "Plan"), such as communications from the Plan's administrators and service providers, and Plan fees and investment options. |

| Name | Address | Subjects |
|---|---|---|
| Nancy S. Lowers | Plaintiff; Contact through Plaintiffs' counsel | Participant level information relating to the Plan, such as communications from the Plan's administrators and service providers, and Plan fees and investment options. |
| Jan M. Taschner | Plaintiff; Contact through Plaintiffs' counsel | Participant level information relating to the Plan, such as communications from the Plan's administrators and service providers, and Plan fees and investment options. |
| James Mancini | Plaintiff Contact through Plaintiffs' counsel | Participant level information relating to the Plan, such as communications from the Plan's administrators and service providers, and Plan fees and investment options. |
| Yale University | Defendant; Contact through Defendants' counsel | Operation and administration of the Plan; fiduciary process for selecting and monitoring Plan service providers, fees, and investment options. |

| Name | Address | Subjects |
|---|---|---|
| Retirement Plan Fiduciary Committee | Defendant; Contact through Defendants' counsel | Operation and administration of the Plan; communications from the Plan's administrators and service providers; fiduciary process for selecting, retaining and monitoring Plan investment options and service providers; fiduciary process for reviewing investment performance and fees. |
| Michael A. Peel | Defendant; Contact through Defendants' counsel | Operation and administration of the Plan; communications from the Plan's administrators and service providers; fiduciary process for selecting, retaining and monitoring Plan investment options and service providers; fiduciary process for reviewing investment performance and fees. |
| The Vanguard Group, Inc. | 100 Vanguard Blvd. Malvern, PA 19355 | Administrative services to the Plan; Plan investment options; trust agreement, amendments, and related negotiations; costs of providing, and fees received, for administrative and investment services. |

| Name | Address | Subjects |
|---|---|---|
| Teacher's Insurance and Annuity Association of America ("TIAA") | 730 Third Street New York, NY 10017 | Administrative services to the Plan; Plan investment options; trust agreement, amendments, and related negotiations; costs of providing, and fees received, for administrative and investment services; marketing and distributing TIAA retail products to Plan participants. |

Plaintiffs are making their initial disclosures based on information reasonably available to them at this time. Should Plaintiffs learn of additional individuals within the scope of Rule 26(a)(1)(A)(i), Plaintiffs may supplement this disclosure if required by Rule 26(e).

2. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless solely for impeachment.

- Forms 5500 for the Plan;
- Participant account statements;
- Participant communications;
- Documents such as prospectuses and other publicly available sources pertaining to the fees charged by the Plan's investment options;

4

- Documents such as prospectuses and other publicly available sources pertaining to the performance of the Plan's investment options;
- Documents pertaining to alternatives to the Plan's investment options;
- U.S. Dep't of Labor Pension & Welfare Ben. Admin., *Study of 401(k) Plan Fees and Expenses* (April 13, 1998); and
- Materials cited in the Amended Complaint.

Plaintiffs are making their initial disclosures based on information reasonably available to them at this time. Should Plaintiffs identify additional documents within the scope of Rule 26(a)(1)(A)(ii), Plaintiffs may supplement this disclosure if required by Rule 26(e).

3. A computation of each category of damages claimed by the disclosing party, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Computation of damages provided by or at the request of Plaintiffs' counsel is privileged, work-product information. Discovery and expert analysis will be necessary for a complete determination of damages, which will be disclosed when required. Plaintiffs, through their counsel, have estimated losses to the Plan as a result of Defendants' breaches but specifically reserve their right to revise and supplement these disclosures by means of amendments or expert disclosures. Plaintiffs further state and anticipate that damage calculations will be brought up to the dates of trial and judgments using an appropriate measure, such as the S&P 500 or another appropriate benchmark, as necessary to make the Plan whole.

**Excessive administrative and recordkeeping fees**

The Plan paid unreasonable compensation to Vanguard and TIAA for recordkeeping and administrative services. From 2010 through 2014, the Plan paid between $200 and $300 per participant annually (an annual total of approximately $3.8 to $4.3 million), compared to a reasonable annual per-participant fee of approximately $35 per participant with an account balance (an annual total of approximately $500,000 to $575,000). Doc. 57 ¶¶133–34. From 2015 through the present, and upon information and belief, the Plan continued to pay unreasonable fees for the services provided. Based on the difference between the amount of direct and indirect compensation received by the Plan's recordkeepers and the reasonable fee for recordkeeping and administrative services, the Plan suffered at least $21.6 million in losses carried forward through 2014. Brought forward to the present using the returns of an investable proxy for the S&P 500 index (Vanguard Institutional Index Instl Pl (VIIIX)) to account for lost investment opportunity, Plan losses are approximately $30.7 million.

**Excessive fees through higher-cost share class mutual funds**

Defendants provided higher-cost share classes for the Plan's investment options instead of lower-cost but otherwise identical share classes of the same mutual funds that were available to the Plan. Based on the fee differential between share classes, the Plan suffered losses of approximately $4.1 through 2014 using the returns of an investable proxy for the S&P 500 index (Vanguard Institutional Index Instl Pl (VIIIX)) to account for lost investment opportunity. Brought forward through the

6

present, damages are approximately $5.8 million.

**Retention of historically underperforming investment options**

Defendants retained the CREF Stock Account, one of the largest (by asset size) investment options in the Plan, despite its history of underperformance. Had Defendants replaced the CREF Stock Account in 2010 in favor of a passively managed alternative, the Vanguard Institutional Index (VIIIX), Plan participants would have avoided approximately $114.8 million in losses carried forward through 2015. Brought forward through the present using the returns of an investable proxy for the S&P 500 index (Vanguard Institutional Index Instl Pl (VIIIX)) to account for lost investment opportunity, damages are approximately $160.7 million.

Defendants also retained another severely underperforming investment option, the TIAA Real Estate Account. Had Defendants replaced the TIAA Real Estate Account in 2010 in favor of the lower-cost passively managed Vanguard REIT Index (VGSNX), Plan participants would have avoided approximately $23 million in losses carried forward through 2015. Brought forward through the present using the investment returns of the VGSNX, damages are approximately $26.5 million.

In addition to damages, Plaintiffs seek appropriate equitable and remedial relief available under 29 U.S.C. §1109(a), attorneys' fees and costs under 29 U.S.C. §1132(g)(1) and the common fund doctrine, and interest on all sums recovered in this action, as alleged in their amended complaint.

4. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or

reimburse for payments made to satisfy the judgment:

There are no applicable insurance agreements.

| | |
|---|---|
| July 13, 2018 | /s/ Sean E. Soyars<br>Jerome J. Schlichter (phv01476)<br>Sean E. Soyars (phv08419)<br>SCHLICHTER BOGARD & DENTON, LLP<br>100 South Fourth Street, Suite 1200<br>St. Louis, Missouri 63102<br>Telephone: (314) 621-6115<br>Facsimile: (314) 621-5934<br>jschlichter@uselaws.com<br>ssoyars@uselaws.com<br><br>Stuart M. Katz (ct12088)<br>Cohen and Wolf, P.C.<br>1115 Broad Street<br>Bridgeport, CT 06604<br>Telephone: (203) 368-0211<br>Facsimile: (203) 337-5505<br>skatz@cohenandwolf.com<br><br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

On July 13, 2018, I served a copy of this document on Defendants' counsel via email.

/s/ Sean E. Soyars
Sean E. Soyars

8