**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

JOSEPH VELLALI *et al.*,

     *Plaintiffs,*

v.

YALE UNIVERSITY *et al.*,

     *Defendants.*

Civil Action No. 3:16-cv-01345-AWT

Hon. Alvin W. Thompson

**DEFENDANTS' MOTION TO MODIFY THE SCHEDULE AND EXTEND
PRETRIAL DEADLINES PENDING A DECISION ON DEFENDANTS'
MOTION TO COMPEL**

Defendants Yale University, Michael A. Peel, and the Fiduciary Committee on Investments (collectively, the University"), respectfully move this Court for a modification of the schedule and an extension of certain pretrial deadlines pending a decision on the University's motion to compel (Dkt. 219). As explained below, there is good cause to extend these deadlines in light of the University's pending motion.

In support of this motion, the University states as follows:

1. Discovery in this case was scheduled to close on December 6, 2019.

2. During expert discovery, a conflict emerged between the Parties when two of Plaintiffs' experts refused to answer certain deposition questions.

3. The Parties were not able to resolve the conflict without this Court's intervention. Accordingly, the University filed its now-pending motion to compel (Dkt. 219).

4. In that motion, the University asked this Court to compel Plaintiffs' experts Daniel Alexander and Al Otto to answer certain deposition

1

questions.  If the motion is granted, the University intends to conduct additional depositions of Mr. Alexander and Mr. Otto.

5.  The information that the University seeks through this motion to compel is directly relevant to Mr. Alexander and Mr. Otto's qualifications as experts and the reliability of their reports and testimony.

6.  As such, University anticipates using information gained from these depositions in its dispositive motions.

7.  Dispositive motions are currently due by January 24, 2020. Responses to dispositive motions are due by March 24, 2020, and replies are due by April 23, 2020.

8.  To allow for completion of these additional depositions within the discovery period, the University respectfully requests that the Court extend the discovery deadline until thirty (30) days from the date of a decision on the University's motion to compel.

9.  The University also requests that this Court modify the remainder of the scheduling order so that dispositive motions are due either:

   • 30 days after the close of the expert discovery period, if the motion to compel is granted, or

   • 30 days after this Court's ruling on the University's motion to compel, if that motion is denied.

2

10. The University requests that this Court extend the remaining pretrial deadlines to preserve the intervals from this Court's current scheduling order (Dkt. 187), such that:

   • Responses to dispositive motions are to be filed 60 days after the deadline for dispositive motions, and

   • Replies to dispositive motions are to be filed 30 days after the deadline for responses to dispositive motions.

11. The University does not seek this extension for the purposes of delay.

12. Rather, the University seeks this extension in order to ensure that relevant discovery is completed in advance of dispositive motions.

13. No party would suffer prejudice should this Court grant the requested extension.

14. The Parties previously moved, and the Court ordered, that the schedule in this case be modified to extend the fact-discovery period to permit certain depositions that could not be completed by the original deadline. Dkt. 170, 171. This had the effect of moving the close of expert discovery and the deadlines for dispositive motions. The University also requested a one-day extension of the expert discovery deadline to accommodate an expert's availability for a deposition.   Dkt. 208. That request was granted.  Dkt. 209.

15. Plaintiffs previously moved this Court to modify and extend pretrial deadlines in light of a pending motion for protective order, including the

close of expert discovery and the deadlines for dispositive motions. Dkt. 178. The University did not oppose that motion. *Id*. That request was granted.  Dkt. 187.

16. The Parties have conferred and Plaintiffs have advised that they oppose this motion to extend.

WHEREFORE, the University respectfully requests that the Court enter an order granting this motion to modify the schedule and extend pretrial deadlines, modifying the schedule, and extending pretrial deadlines as set forth above.


Dated:  December 20, 2019                   Respectfully submitted,

Nancy G. Ross (ct14373)                     */s/ Brian D. Netter*
James C. Williams (ct23292)                 Brian D. Netter (phv08476)
MAYER BROWN LLP                                 bnetter@mayerbrown.com
71 South Wacker Drive                       MAYER BROWN LLP
Chicago, Illinois 60606-4637                1999 K Street NW
Telephone: (312) 782-0600                   Washington, DC 20006-1101
Facsimile: (312) 701-7711                   Telephone: (202) 263-3000
                                            Facsimile: (202) 263-3300


*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, a copy of foregoing document was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the CM/ECF system.

*/s/ Brian D. Netter*

Brian D. Netter