**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH VELLALI *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>YALE UNIVERSITY *et al.*,<br><br>*Defendants*. | No. 3:16-cv-01345-AWT<br><br>Hon. Alvin W. Thompson |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Defendants' position that this Court should force Plaintiffs' experts Daniel Alexander and Albert Otto to divulge highly sensitive, confidential client information that has *nothing* whatsoever to do with this litigation is entirely without merit or support. No less than three separate confidentiality agreements, respectively, contractually require Mr. Alexander and Mr. Otto to maintain the confidentiality of client identities and information, which Mr. Alexander's and Mr. Otto's opinions do not use, rely on, or reference. Defendants do not, and cannot, seriously dispute that disclosure of this information would cause substantial, irreparable harm. Moreover, Defendants fail to provide any cogent explanation for why Mr. Alexander or Mr. Otto's confidential client information is discoverable. Instead, Defendants nonsensically assert that the information at issue has not been adequately identified – even though Defendants have separately, and specifically, moved to compel its production.

Mr. Otto and Mr. Alexander indisputably did not rely upon the information Defendants seek in forming their opinions, so the information is irrelevant. Moreover, Defendants have not and cannot demonstrate that any benefit of discovery outweighs the irrefutable, and permanent,

prejudice that disclosure of the confidential information they seek would cause. For these reasons, and for the additional reasons set forth below, the Court should issue a protective order protecting the highly confidential, and irrelevant, information Defendants seek.

## ARGUMENT

### I. Requiring Mr. Alexander and Mr. Otto to Disclose Confidential Client Information Would Violate Their Non-Disclosure Agreements and Cause Them Irreparable Harm

Defendants have not, because they cannot, dispute that non-disclosure agreements bind Mr. Alexander and Mr. Otto and prevent them from disclosing confidential client information. Defendants likewise have not and cannot dispute that Mr. Alexander's and Mr. Otto's disclosure of information in violation of their non-disclosure agreements would materially, and irreversibly, harm their business interests.

[redacted]

[redacted]

Nor do Defendants dispute that revealing client identities would irreparably harm Mr. Otto's business interests. [redacted]

Defendants would have been aware of these facts had they allowed the meet and confer process to proceed, as Plaintiffs proposed. Having hastily moved to compel additional deposition testimony in order to obtain a delay of the dispositive motion and other deadlines, and now confronted with these agreements, Defendants shift course. Defendants now claim that they are unaware of the specific nature of the information Plaintiffs seek to protect, and that Plaintiffs therefore have not carried their burden. *See, e.g.*, Doc. 243 at 1.

Defendants' position is nonsensical. Defendants cannot claim to be unaware of the nature of the information Plaintiffs seek to protect *because they have specifically moved to compel its production*, contending it is critical to their defense. And Plaintiffs previously explained that the information they seek to protect is that which Defendants seek to compel. Doc. 230-1 at 1. [redacted]

[redacted]

In their opposition, Defendants ignore the harm that disclosure of confidential client identities and information would cause Mr. Otto and Mr. Alexander and focus only on a small swath of the testimony that they seek to compel [redacted]

[1] Any uncertainty regarding the precise information at issue results from Defendants' failure to set forth in their Motion to Compel the information they seek. Defendants set forth a list of items supposedly at issue in the December 11, 2019 correspondence of Defendants' counsel outlining their "good faith" efforts at resolution. Doc. 220-5 at 4. But Defendants' list does not precisely track the deposition answers with which Defendants take issue in their filings. For example, [redacted]

[redacted]

[redacted]

[redacted]

Because, if Mr. Alexander and Mr. Otto were required to violate their agreements and disclose the confidential data of their employers and clients, they unquestionably would be irreparably harmed, a protective order is warranted.

## II. Mr. Otto and Mr. Alexander Are Not Required to Produce Confidential Client Information Because They Did Not Rely on Their Clients in Forming Their Opinions

Defendants do not, because they cannot, explain how the information Defendants seek was used or relied upon in any fashion by Plaintiffs' experts. It was not.



[redacted]

[redacted] But if this were true, any expert would be required to divulge any confidential prior client relationship in order to give expert testimony, because such relationships are part of the expert's past "experience." This is not the law, and Defendants cite no authority whatsoever for their position, which if adopted would dramatically curtail the willingness of expert witnesses to provide testimony.

---

[2] [redacted]

[redacted] Moreover, Defendants' (previous) position – that Defendants are entitled to inquire into confidential client details because Plaintiffs' experts, to be qualified, are required to have hyper-specialized experience with certain types of plans – is contrary to law. *Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 81 (2d Cir. 1997). Further, where confidential information informs an expert's "opinion in the aggregate," the comparative analysis, weighing benefits against burdens, favors allowing disclosure only of that confidential information that an expert "specifically consulted[.]" *One Source Envtl., LLC v. M + W Zander, Inc.*, No. 12-CV-145, 2015 WL 4663851, at *2–3 (D. Vt. Aug. 6, 2015). [redacted] Defendants have not argued to the contrary, because they cannot.

Moreover, at the same time they claim that they are entitled to specific information because Plaintiffs' experts used it, Defendants claim that they do not know what this information actually is. Doc. 243 at 1 ("Plaintiffs have not identified the information they seek to protect"). [redacted]

Rule 26 does not require Plaintiffs' experts to produce confidential information, [redacted] because they did not rely on them in forming their opinions. Because Defendants have shown no benefit to the discovery of this information, on which Mr. Otto and

Mr. Alexander did not rely, and because irreparable harm would result from its disclosure, the Court should grant Plaintiffs' motion for protective order.

### III. The Harm of Forcing Mr. Otto and Mr. Alexander to Violate Non-Disclosure Agreements and Disclose Confidential Client Information Outweighs the Putative Value or Importance of the Information

Because the protections provided by the standing protective order in this case are insufficient, the need to protect against harassing and burdensome discovery warrants a protective order. Defendants ignore that the Court must weigh the harm to Mr. Alexander and Mr. Otto against the value and importance of the information to the case in determining whether to require Mr. Otto and Mr. Alexander to violate their contractual agreements and disclose confidential and proprietary information. Defendants do not and cannot argue that the marginal relevance of [REDACTED] outweighs the substantial harm that would be caused by the disclosure of confidential and proprietary information in violation of non-disclosure agreements.

Under Rule 26(c)(1)(A), a court must weigh the potential for "annoyance, embarrassment, oppression, or undue burden" against the need for requested discovery. *See, e.g.*, *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 140 (E.D.N.Y. 2013), *aff'd,* 868 F.3d 104 (2d Cir. 2017), and *aff'd,* 705 F. App'x 10 (2d Cir. 2017) (plaintiffs entitled to a protective order precluding discovery of identities of members of a labor organization in part "because the defendants could not show any need for the discovery").

Here, given that Mr. Alexander and Mr. Otto did not rely on the requested information in forming their opinions, producing it is not required under Rule 26(a)(2). Further, and as set forth above, the requested information is wholly irrelevant to their opinions. Plaintiffs have

demonstrated the potential harms caused by the disclosure of information but Defendants have failed to demonstrate any benefit of disclosure. In opposing Plaintiffs' motion for protective order, Defendants fail to engage in *any analysis* balancing the harms of disclosure against the supposed benefits of production. The Court should grant Plaintiffs' motion for protective order.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion for protective order.

Dated: February 21, 2020

Respectfully submitted,

/s/ Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (phv01476)
Heather Lea, (phv08416)
Andrew D. Schlichter (phv09955)
Sean E. Soyars (phv08419)
Joel D. Rohlf (phv09849)
Alexander L. Braitberg (phv09929)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
aschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

Ari J. Hoffman (ct22516)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203) 368-0211
Facsimile: (203) 337-5505
arihoffman@cohenandwolf.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on February 21, 2020, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ Andrew D. Schlichter