IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, | |
| *Plaintiffs*, | No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | Hon. Alvin W. Thompson |
| *Defendants*. | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ADDITIONAL TESTIMONY FROM DEFENDANTS' EXPERT GLENN POEHLER**

The Court should compel Defendants' purported expert, Glenn Poehler, to answer the questions he refused to answer based on the "confidentiality" of his prior client engagements. Defendants do not identify any (i) confidentiality agreement that prohibits Poehler from answering these questions or (ii) evidence of harm that he would suffer as a result of disclosing this allegedly confidential information. Rather, Defendants misrepresent the record in three ways to argue that Plaintiffs need no further testimony from Poehler:

*First*, Defendants incorrectly claim that Poehler did not rely upon his experience with the ███████████████████████ and ███████████████████ plans in forming his opinions. ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████

*Second*, Defendants, remarkably, claim that Poehler did not refuse to answer questions ████████████████████████████████████████████████ ████████████████████████ However, Defendant do not even cite, let alone address, the portions of Poehler's testimony ████████████████████████████████

1

███████ despite the fact that those passages appear in block quotations in Plaintiffs' opening memorandum.

*Third*, Defendants argue that no further testimony is required because ███████ ███████████████████████████████████████████ However, Plaintiffs are entitled to depose Poehler on these topics rather than simply accept an attorney drafted declaration. A deposition is particularly necessary here because Poehler has repeatedly given testimony inconsistent with his written declarations and reports. For all these reasons, and for the additional reasons set forth below, the Court should grant Plaintiffs' motion to compel and allow Plaintiffs to inquire further of Poehler.

## ARGUMENT

I. **Poehler Expressly Relied on His Experience with the ████ and ████ Plans in Forming His Opinions**

Defendants claim that "[a]lthough Poehler relied on his overall experience in the industry to form his opinions in this case, his opinions do not rely on the specific recordkeeping fees that either of these universities ███████ paid." Doc. 249 at 3. Defendants are plainly incorrect. Defendants ignore Poehler's clear statements that he did, in fact, rely upon his ███████████████████████████████████████████ Doc. 237-4, Poehler Report ¶108. As Poehler explicitly stated:

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

*Id.* (emphasis added and footnotes omitted). Here, Poehler indisputably represented that he relied upon ███████████████████████████████████████████

██████████████████████████████████ Poehler also specifically ████████████

████████████████████████████████████████████████████████████████████████

██████████████████████ Poehler Report ¶¶ 3, 65, attached hereto as Exhibit 1.

Defendants also erroneously assert that Poehler only ███████████████████

████████████████████████████████████████████████████████████

Doc. 249 at 3.  Contrary to Defendants' representations, ███████████████

████████████████████████████████████ *Compare* Doc. 249 at 3 ████████████

████████████████████████████████████████████████████████████████████████

████ (emphasis added) *with* Doc. 237-3, Minnich Report ¶ 105 ██████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████ (emphasis added).  ██████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████  Doc. 237-4, Poehler Report ¶ 108.  Plaintiffs are entitled to examine Poehler

regarding his recollection.  If Poehler has no recollection of his clients' pricing, as he now

claims, his opinions related to reasonable fees are inadmissible *ipse dixit*.

**II.     Poehler Refused to Answer Questioning Based on Claims of Confidentiality**

Defendants wrongly assert that "Poehler has answered Plaintiffs' questions to the best of

his present recollection" and ██████████████████████████████████████████

██████████████████████  Doc. 249 at 9.  Defendants do not cite, let alone address, the portions

of Poehler's transcript where he *expressly* refused to answer questions based on confidentiality of client information. For instance, Poehler explicitly testified as follows:

▪ ███████████████████████████████████████████████████████████

███████

▪ ████████████████████████████████████

Doc. 237-4, Poehler Dep. at 262:4–8 (emphasis added). Poehler also refused to testify ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████ *Id.* at 108:4–20.

Ignoring these clear invocations of confidentiality as a basis for refusing to answer questions, Defendants now claim that Poehler really meant ████████████████████

█████████████████████████████████████████████████ Doc. 249 at 7–8. However, Plaintiffs raised this issue, citing the above testimony, with Defendants on December 13, 2019, Doc. 220-5 at 3, and Poehler did not in his errata, signed December 24, 2019 and served January 3, 2020, change his answer ██████████████ Poehler Dep. Errata, attached hereto as Exhibit 2. Moreover, Defendants' interpretation of Poehler's testimony is wholly inconsistent with the statements ███████████████████████████████████████

███████████████████ Doc. 237-4, Poehler Report ¶ 108 ████████████████████

████████████████████████████████████████████████████████████████████

### III. Plaintiffs Are Entitled to Obtain Answers from Poehler to the Questions He Refused to Answer

Defendants are incorrect that Poehler's claim that he does not recall any information ██████████████████████████████ supports denying Plaintiffs' motion. Doc. 249 at 13–14. Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who

4

has been identified as an expert whose opinions may be presented at trial." Defendants present no authority to support their proposition that Plaintiffs are not entitled to depose Poehler ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Subjecting Poehler to adverse questioning is particularly important here, moreover, because his declaration is fundamentally inconsistent with statements in both his report and deposition that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See supra* at 2–3.

These inconsistencies are not isolated events. Poehler repeatedly testified that both his actual practices and accepted industry practices were contrary to what he opined was a prudent course of action by Yale in his report. For example, Poehler opined that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1, Poehler Report ¶¶ 185–86. However, Poehler admitted in his deposition that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Poehler Dep at 279:6–280:16, attached as Exhibit 3. Poehler also admitted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 283:10–284:6.

Similarly, Poehler opined in his report that Yale's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1, Poehler Report ¶¶ 188–99. However, Poehler testified that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 3, Poehler Dep. 233:16–235:15. Moreover, Poehler has a

5

history of making significant misrepresentations regarding his opinions relating to Caltech in other litigation. In *Cunningham v. Cornell University*, No. 16-6262 (S.D.N.Y.), Poehler testified that he did not conduct any calculations regarding Caltech's recordkeeping fees after 2010. *See Cunningham*, No. 16-6525, Doc. 364-1, Poehler Dep. 138:19–25 ("Q. All right. Did you calculate the per-participant fees for the Caltech plans in any other years [other than 2010]? A. No, because, you know, at that point, they were getting revenue sharing so I didn't – I didn't know specifics on how to allocate that revenue sharing year by year."). However, over a year after the close of expert discovery and after the *Cunningham* court had already decided summary judgment, Poehler produced a spreadsheet containing calculations of Caltech's fees after 2010 that averaged $40 per participant per year. *Cunningham*, No. 16-6525, Doc. 380-4.[1] Plaintiffs are entitled to depose Poehler regarding clients whose pricing he *expressly* relied upon in forming his opinions.

## CONCLUSION

For the foregoing reasons and reasons set forth in Plaintiffs initial memorandum of law, the Court should grant Plaintiffs' motion to compel additional testimony from Glenn Poehler.

---

[1] Remarkably, Defendants argue that the calculations of their own expert, Poehler, in *Cunningham* are "obviously incorrect," because in some years those calculations demonstrate negative recordkeeping fees. Doc. 249 at 13. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Doc. 237-04, Poehler Report ¶¶ 127, 188. Given that Caltech negotiated a per-participant, single recordkeeping arrangement in 2010, but did not report rebates until 2013, it is not surprising that Caltech appears to have net negative fees in later years reflecting large retroactive rebates. *Cunningham*, No. 16-6525, Doc. 364-1. Defendants further claim ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but his spreadsheet from *Cunningham* accounts for the over $18 million in rebates that Caltech received. *Id.*

Dated:  February 27, 2020                    Respectfully submitted,

/s/     Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (phv01476)
Heather Lea, (phv08416)
Andrew D. Schlichter (phv09955)
Sean E. Soyars (phv08419)
Joel D. Rohlf (phv09849)
Alexander L. Braitberg (phv09929)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
aschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

Ari J. Hoffman (ct22516)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203) 368-0211
Facsimile: (203) 337-5505
arihoffman@cohenandwolf.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I certify that on February 27, 2020, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ Andrew D. Schlichter