# EXHIBIT A

ECF,LEAD

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:17−cv−00563−JMF

Beach v. JPMorgan Chase Bank et al
Assigned to: Judge Jesse M. Furman
Related Cases: 1:17−cv−01575−JMF
1:17−cv−01707−JMF
1:17−cv−02315−JMF
Cause: 29:1109 Breach of Fiduciary Duties

Date Filed: 01/25/2017
Jury Demand: Plaintiff
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

| Date Entered | # | Docket Text |
|---|---|---|
| 09/26/2019 | 148 | ORDER with respect to 138 Letter Motion for Conference Pursuant to this Court's Individual Practice Rule 2C. The Court sees no need for a conference. Upon review of the parties' letters, Defendants' motion is granted to the extent that it seeks an order compelling Ms. Wagner to answer questions concerning the identities of the large 401(k) plan clients whom she advised during the Class Period. Plaintiffs are certainly correct that "special circumstances" can render a client's identity privileged, In re Grand Jury Subpoena Served Upon Doe v. U.S., 781 F.2d 238, 247 (2d Cir. 1986), but they have demonstrated no such "special circumstances" here. As for Defendants' other request, during the remainder of Ms. Wagner's deposition, she shall answer questions in a concise and responsive manner; where a question calls for a yes or no answer, she shall answer with a yes or no, not with a narrative. If she fails to do so during the remainder of the deposition, Defendants may seek leave to extend the deposition beyond the seven−hour limit. To the extent that Defendants request that relief now, it is denied without prejudice. Finally, to the extent that any party believes that documents filed in connection with this dispute should remain sealed or redacted, it shall, no later than October 2, 2019, show cause in writing why doing so is consistent with the presumption in favor of access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119−20 (2d Cir. 2006); see also United States v. Wells Fargo Bank N.A., No. 12−CV−7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (holding that mere agreement between the parties to keep a document confidential is not sufficient to keep a judicial document sealed or redacted and citing cases). If no party files a letter by that deadline, the parties shall, no later than October 3, 2019, file the previously sealed submissions on ECF. (HEREBY ORDERED by Judge Jesse M. Furman)(Text Only Order) (Furman, Jesse) (Entered: 09/26/2019) |