IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, | |
| *Plaintiffs*, | No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | Hon. Alvin W. Thompson |
| *Defendants*. | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' EXPERTS AL OTTO AND DANIEL ALEXANDER TO ANSWER CERTAIN DEPOSITION QUESTIONS**

The Court should deny Defendants' Motion for Leave to File Supplemental Memorandum in Support of Defendants' Motion to Compel Plaintiffs' Experts Al Otto and Daniel Alexander to Answer Certain Deposition Questions (Doc. 259) because (1) no good cause exists to allow Defendants to submit supplemental briefing based solely on a docket-text order from another district that was entered three months *before* Defendants filed their motion; and (2) the docket-text order regarding which Defendants propose to devote additional briefing does not support their motion to compel.

**ARGUMENT**

**I.      Defendants Lack Good Cause to File a Supplemental Memorandum**

Defendants have failed to show good cause for a supplemental memorandum. Defendants justify their tardy proposed filing because they were "unaware" of a docket-text order in *Beach v. JPMorgan Chase Bank*. Doc. 259 (citing *Beach v. JPMorgan Chase Bank*, No. 17-00563, Doc. 148 (S.D.N.Y. Sept. 26, 2019)). But Defendants cite no authority that would

1

authorize them to submit pages of additional briefing.  Defendants filed their motion to compel with a memorandum in support, and also submitted a reply memorandum.  *See* Docs. 219, 219-1, 241.  Defendants' proposed supplemental memorandum consists *exclusively* of arguments they could have raised earlier.  *See* Doc. 259-1.

Good cause is required to submit a supplemental memorandum.  *Williams v. City of Hartford*, No. 15-00933, 2017 WL 11448094, at *2 (D. Conn. June 26, 2017) (Thompson, J.) ("[P]ermission is typically only granted upon a showing of good cause.").  "[L]eave to file [supplemental briefing] should be denied where the moving party 'previously had ample opportunity to address' the opposing party's arguments." *Id*. at *5 (citing *Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006)).  Courts in the Second Circuit deny requests for leave to file additional briefing where, for among other reasons, the proposed filing makes "argument[s] [that were] in fact made in the original motion" and where the moving party has already "cited several cases in support of th[e] proposition" in question.  *John Harris P.C. v. Tobin*, No. 16-5610, 2017 WL 5634728, at *1 (S.D.N.Y. Nov. 9, 2017) (denying a request for leave to file a sur-reply).[1]

Here, Defendants have already cited authority similar to *Beach*.[2]  *See* Doc. 219-1. Defendants' failure to identify an additional allegedly favorable docket-text order does not constitute good cause.  Indeed, as Defendants note, the *Beach* court entered its docket-text order

---

[1] Requests for leave to file supplemental authority that did not exist at the time a party submitted its briefing are routinely granted, including in this matter.  *See, e.g.*, Docs. 101, 102, 104, 105.  That is not what Defendants seek here.  Rather, Defendants seek an opportunity to re-open and supplement their briefing with authority and arguments that were available when they originally filed their motion.

[2] For the reasons stated in Plaintiffs' memorandum in opposition, none of these cases is persuasive.  *See* Doc. 227.

on September 26, 2019.  Doc. 259-2.  Defendants filed their motion to compel and 23-page supporting memorandum on December 20, 2019, and a reply on January 31, 2020.  *See* Docs. 219, 219-1, 244.  It was not until nearly two months after Defendants' motion to compel was fully briefed, and approximately six months after the *Beach* docket-text order was entered, that Defendants moved to re-open briefing on their motion to compel to make arguments they easily could have made in either of their supporting memoranda.  Doc. 259, 259-1.  Because Defendants have failed to meet their burden to establish good cause for supplemental briefing, the Court should deny their motion.

**II.     Defendants' Proposed Supplemental Authority Does Not Support Their Motion to Compel**

Additionally, the *Beach* docket-text order that Defendants belatedly identify does not support Defendants' motion to compel, for several reasons.  *First,* the authority at issue is a docket-text order from an out-of-District court that lacks any persuasive power.  *See Rando v. Edible Arrangements Int'l, LLC*, No. 17-701, 2018 WL 1523858, at *8 n. 8 (D.N.J. Mar. 28, 2018) ("[T]he Court cannot grant [a] decision persuasive power without some explication for the basis of the ruling, which was made via text order to the docket and without further explanation.").  *Second*, unlike Plaintiffs here, the *Beach* plaintiffs did not demonstrate that a confidentiality agreement bound their expert and precluded that expert's testimony.  *See* Pls.' Letter Br. at 2, *Beach v. JPMorgan Chase Bank*, No. 17-00563, Doc. 143 (S.D.N.Y. Sept. 19, 2019).  Instead, the *Beach* plaintiffs relied on the general argument that the attorney-client privilege protected the expert's testimony.  *Id*.; *but see In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247 (2d Cir. 1986) (An attorney's "client['s] identity . . . [is] not privileged[.]").  *Third*, the plaintiffs' attorneys in *Beach* instructed their expert not to answer

3

certain deposition questions, while counsel for Plaintiffs gave no such instructions.  *See* Doc. 228 at 7; Defs.' Letter Br. at 2, *Beach v. JPMorgan Chase Bank*, No. 17-00563, Doc. 161 (S.D.N.Y. Sept. 16, 2019).  While the argument that "Federal Rule of Civil Procedure 30(c)(2) limits the circumstances in which an attorney may instruct a deponent not to answer a question in a deposition" might have been relevant in *Beach*, accordingly, it is not applicable here.  *See* Doc. 219-1 at 15.  *Fourth*, defense counsel in *Beach* suspended the expert deposition at issue after three hours of testimony.  *Id.*  Here, Defendants exhausted the entire seven hours allotted under Fed. R. Civ. P. 30(d)(1) for the deposition of Dan Alexander.  *See generally* Doc. 219-1; *see also* Doc. 227 at 15.  *Fifth,* unlike Plaintiffs here, the *Beach* plaintiffs made no motion for a protective order.  *Compare Beach v. JPMorgan Chase Bank*, No. 17-00563 (S.D.N.Y. Sept. 19, 2019) *with* Doc. 229-1 (citing, *e.g.*, *Garden Catering-Hamilton Ave., LLC v. Wally's Chicken Coop, LLC*, 30 F. Supp. 3d 117 (D. Conn. 2014)).  Defendants' proposed supplemental authority, accordingly, does not support their motion to compel.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion for Leave to File Supplemental Memorandum in Support of Defendants' Motion to Compel Plaintiffs' Experts Al Otto and Daniel Alexander to Answer Certain Deposition Questions.

Dated:  April 16, 2020						Respectfully submitted,

/s/	Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (phv01476)
Heather Lea, (phv08416)
Andrew D. Schlichter (phv09955)
Sean E. Soyars (phv08419)
Joel D. Rohlf (phv09849)
Alexander L. Braitberg (phv09929)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
aschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

Ari J. Hoffman (ct22516)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203) 368-0211
Facsimile: (203) 337-5505
arihoffman@cohenandwolf.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I certify that on April 16, 2020, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ Andrew D. Schlichter