**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH VELLALI *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>YALE UNIVERSITY *et al.*,<br><br>    *Defendants*. | Civil Action No. 3:16-cv-01345-AWT<br><br>Hon. Alvin W. Thompson |

**DEFENDANTS' MOTION TO PROVISIONALLY SEAL PORTIONS OF
THEIR SUMMARY JUDGMENT AND *DAUBERT* PAPERS**

Pursuant to Local Rule 5(e) and paragraph 14 of the Standing Protective Order entered by the Court in this matter (Dkt. 11), Defendants Yale University, Michael A. Peel, and the Fiduciary Committee on Investments (collectively, "Yale") move to provisionally seal portions of the memoranda in support of Defendants' Motion For Summary Judgment and Motions To Exclude Plaintiffs' Experts, as well as certain supporting documents submitted in support on those motions. As set forth in Local Rule 5(e)(4)(a), Yale is contemporaneously filing (1) this motion; (2) public, redacted copies of each document sought to be sealed; and (3) non-public, unredacted copies of each document sought to be sealed.[1]

    **1.**    Yale is filing a motion for summary judgment and three motions to exclude Plaintiffs' putative experts. In the Second Circuit, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches." *Lugosch III v. Pyramid Co. of Onondaga*, 435

---

[1] The public copies of the documents are being filed as exhibits to the Declaration of Brian D. Netter in Support of Defendants' Motion for Summary Judgment and Motions to Exclude Plaintiffs' Expert Witnesses; the public (redacted) copies of the memoranda are being filed separately on the docket. The non-public copies of the documents are being filed as exhibits to the sealed Declaration of Brian D. Netter in Support of Defendants' Motion to Seal. The non-public copies of the memoranda are being filed separately under seal on the docket.

F.3d 110, 121 (2d Cir. 2006). The same is true of documents submitted in connection with motions to exclude experts. *E.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511-12 (S.D.N.Y. 2015) (finding that "expert reports that were the subject of the *Daubert* motion in this case" are "judicial documents, and the public interest in each is high").

2. To justify filing judicial documents associated with such motions under seal, a court must "articulate specific and substantial reasons for sealing [the] material." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Lugosch*, 435 F.3d at 124 (requiring "specific, on-the-record filings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim").

3. Plaintiffs have informed Yale that they believe it would be "unfair" for their expert reports or depositions transcripts to be filed publicly because those materials rely on discovery material produced by Yale and third parties and designated as confidential. Therefore, Plaintiffs contend that the following reports and depositions should be filed under seal in their entirety, with no public access:

- Ex. 1, Expert Report of Daniel Alexander
- Ex. 2, Rebuttal Report of Daniel Alexander
- Ex. 3, Expert Report of Dr. Gerald Buetow
- Ex. 5, Expert Report of Wendy Dominguez
- Ex. 6, Rebuttal Report of Wendy Dominguez
- Ex. 7, Expert Report of Ty Minnich
- Ex. 8, Rebuttal Report of Ty Minnich
- Ex. 9, Expert Report of Al Otto (excerpted)
- Ex. 11, Deposition of Daniel Alexander (excerpted)
- Ex. 12, Deposition of Dr. Gerald Buetow (excerpted)
- Ex. 13, Deposition of Wendy Dominguez (excerpted)
- Ex. 14, Deposition of Ty Minnich (excerpted)
- Ex. 15, Deposition of Al Otto (excerpted)

Yale believes that Plaintiffs' position is flatly contrary to *Lugosch* and to this Court's requirement that sealing be supported by "clear and compelling reasons" and be "narrowly tailored to serve those reasons." Local Rule 5(e)(3). *See also, e.g.*, *Travelers Indem. Co. v. Excalibur Reins. Co.*, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013) ("blanket sealing of entire documents or all documents within a case is generally disfavored"); *Jadwalean Int'l Co. For Operations & Mgmt v. United Tech Corp.*, 2009 WL 1064495, at * 1 (D. Conn. April 17, 2009) (court must determine whether to seal "on the basis of a careful, document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection").

Because Plaintiffs claim that none of the material can be filed publicly absent a blanket waiver over all underlying documents relied upon by their experts, however, Yale is moving to provisionally seal the foregoing documents so that Plaintiffs can make whatever arguments they think appropriate in response to the motion. Yale reserves the right to oppose sealing of any of the documents, in whole or in part, in its reply.

4. TIAA and Aon have informed Yale that they believe that there is good cause to file some or all of the following documents under seal.

- Ex. 28, Deposition of David Swallow (excerpted)
- Ex. 46, YALE00087197 (Aon presentation)
- Ex. 72, Aon-Yale-049435 (email)
- Ex. 73, TIAA_YALE_00014595 (2018 amendment to recordkeeping agreement)
- Ex. 76, TIAA_YALE_00059633 (email)
- Ex. 82, TIAA_YALE_00076813 (email)
- Ex. 83, TIAA_YALE_00093625 (non-plan products spreadsheet)
- Ex. 111, Dec. 1, 2020 Declaration of E. Craig Porter
- Ex. 113, Consolidated Meeting MinutesEx. 119, YALE00244166 (2019 amendment to recordkeeping agreement)

Accordingly, Yale is filing these materials provisionally under seal.

3

5.  Yale is filing public versions of its memoranda, expert reports, and Local Rule 56.1 statement with provisional redactions to avoid quoting or disclosing specific information about the foregoing documents while this motion is pending. If the Court determines that some or all of the provisionally sealed materials should be made public, Yale will prepare new public versions of its filings to reflect those changes.

Dated: December 4, 2020

Nancy G. Ross (ct14373)
James C. Williams (ct23292)
Richard E. Nowak (phv09930)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Respectfully submitted,

*/s/ Brian D. Netter*
Brian D. Netter (phv08476)
   bnetter@mayerbrown.com
Michelle N. Webster (phv08475)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 4, 2020, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ *Brian D. Netter*
Brian D. Netter