## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JOSEPH VELLALI *et al*.,

*Plaintiffs*,

v.

YALE UNIVERSITY *et al*.,

*Defendants*.

No. 3:16-cv-01345-AWT

Hon. Alvin W. Thompson

### PLAINTIFFS' MEMORANDUM IN RESPONSE TO
### DEFENDANTS' MOTION TO PROVISIONALLY SEAL PORTIONS OF
### THEIR SUMMARY JUDGMENT AND *DAUBERT* PAPERS

Plaintiffs do not oppose Defendants' Motion to Provisionally Seal Portions of Their

Summary Judgment and Daubert Papers.  ECF No. 282.

With respect to the reports and testimony of Plaintiffs' experts that have been

provisionally sealed, Plaintiffs have no objection to the public filing of the portions of those

documents that do not incorporate material designated confidential by Defendants.  However,

under the Court's protective order (ECF No. 11), it is the burden of Defendants—not Plaintiffs—

to establish a basis for confidentiality over the materials that they have designated confidential.

Accordingly, Plaintiffs respectfully request that the Court provisionally seal those portions of

Plaintiffs' experts' reports and testimony that incorporate material designated confidential by

Defendants.  If Defendants agree to remove their confidentiality designations over the materials

incorporated into the reports and testimony of Plaintiffs' experts—designations that Plaintiffs

have challenged pursuant to the terms of the Standing Protective Order, ECF No. 11; *see also*

ECF No. 201 (briefing earlier in this case making similar arguments); ECF Nos. 210–213 (the

1

Court's orders re same)—Plaintiffs have no objection to de-designating in full their experts' reports and testimony.

To be clear, moreover, contrary to Defendants' claim, Plaintiffs do not contend that *all* of their experts' reports and testimony "should be filed under seal in their entirety, with no public access." *Cf.* ECF No. 282 at 2. Rather, Plaintiffs agree that the portions of those reports and testimony that do not incorporate materials that Defendants have designated confidential may be publicly filed.[1] Indeed, Plaintiffs consent to the public filing of those portions of their experts' reports and testimony that do not incorporate material designated confidential by Defendants. Ex. 1. When the confidentiality designations made by Defendants are removed, Plaintiffs will agree to withdraw their confidentiality designations over their experts' complete reports and testimony. Until then, Plaintiffs respectfully request that the Court provisionally seal those portions of their experts' reports and testimony that incorporate materials Defendants have designated confidential.

## BACKGROUND

Defendants on December 2, 2020, two days before filing their summary judgment and *Daubert* motions, requested that Plaintiffs agree to remove their confidentiality designations regarding hundreds of pages of expert reports and depositions within one business day. Ex. 2. As Plaintiffs explained in response, and consistent with Plaintiffs' position taken in prior briefing in this case,

> Plaintiffs' experts' reports and testimony are primarily designated confidential because they rely extensively on confidential discovery materials produced by Yale and third parties. It is impossible to separate the experts' analysis from those confidential materials and unfair to make their reports and testimony public without

---

[1] After Defendants gave Plaintiffs one business day to evaluate their request to de-designate, Plaintiffs requested that Defendants "let [them] know as soon as possible if Defendants and the third parties are willing to de-designate the documents Plaintiffs' experts relied upon in forming their opinions." Defendants never responded to this request. Ex. 2.

the ability to discuss the underlying materials that form the basis of their opinions. If Yale and the third parties are willing to de-designate all the underlying documents upon which our experts rely, Plaintiffs are willing to agree to public filing of their reports and the cited portions of their depositions, subject to limited redactions of confidential client information. Otherwise, our position is that they should be filed under seal in their entirety.

*Id.*; *see also* ECF No. 201. Accordingly, on December 3, 2020, Plaintiffs requested that Defendants, "as soon as possible" inform them whether Defendants would "de-designate the documents Plaintiffs' experts relied upon in forming their opinions, so we can provide you redactions for confidential client information as necessary." Ex. 2. Defendants did not respond Plaintiffs' request to de-designate the materials at issue. *Id.*

Plaintiffs now no longer seek to seal those portions of their experts' reports and testimony that do not incorporate material designated confidential by Defendants and third parties. Ex. 1. The parties continue to meet and confer regarding Defendants' confidentiality designations over the materials incorporated into the reports and testimony of Plaintiffs' experts.[2]

## **ARGUMENT**

Until Defendants' confidentiality designations are removed, the portions of Plaintiffs' experts' reports and testimony that incorporate material that Defendants have designated confidential should be provisionally sealed.

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner*

---

[2] On December 21, 2020, Plaintiffs requested, pursuant to the Standing Protective Order in this case, ECF No. 11, to meet and confer with counsel for Defendants, which is required prior to issuing a written challenge to confidentiality designations. Ex. 3. On December 23, 2020, the parties met and conferred. During the parties' conference, Plaintiffs noted that Defendants have designated as confidential roughly 92% of the thousands of documents produced in this case, and inquired about the reasons for Defendants' mass designation of nearly all of the documents produced. Defendants, while acknowledging that personal confidential information should be redacted, could not provide any reason why Defendants had made these confidentiality designations other than the confidentiality interests of third parties. On December 28, 2020, pursuant to the Standing Protective Order ¶ 12, Plaintiffs issued their written objections to Defendants' confidentiality designations. Ex 4.

*Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  "There can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or confidential research, that can trump the right of the public to access court records." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009).  These "[h]igher values" include the "privacy interests of third-parties." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020).  When a party challenges a confidential designation, the producing party is "obliged to sustain the burden of establishing that good cause existed for continuing confidential treatment." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019), *on reconsideration in part*, No. 13-07060-CMKHP, 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019). The party seeking to maintain judicial records under seal bears the burden of proof.  *United States v. Ackert*, 76 F. Supp. 2d 222, 223 (D. Conn. 1999).  Redactions of third party materials may strike the appropriate balance between the matters of public interest and privacy. *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019); *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14-09764-KPFSN, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018).

A party cannot use confidentiality designations and sealing provisions as both a sword and a shield, as Defendants attempt to do here.  Courts routinely protect expert reports from disclosure when the underlying documents cannot be disclosed because of confidentiality restrictions.  Fundamental fairness dictates this result.  If an expert's report is publicly filed, but the underlying documents he or she relied upon remain subject to a protective order, the expert will be placed in the untenable position of defending his or her opinion in other forums without having the ability to discuss the materials that form the basis of those opinions.

*Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, 1998 WL 35253496, at *4 (D. Minn. July 7, 1998) is instructive.  There, the defendants sought to have the "confidential" designation of plaintiffs' expert reports removed.  However, the court observed that removing the "confidential" designation of the reports was inconsistent with the defendants' assertions of confidentiality over the underlying documents.  *Id.*  As the court wrote:

> Of course, a Protective Order finds favor until such time as its restrictive provisions begin to chafe.  We find it unacceptable that, having chosen to designate its own expert reports as subject to the Protective Order, the Defendants should now attempt to barter that privileged status when, for its own purposes, the Defendants finds it more opportune to waive those protections in exchange for [giving others] the presumptively privileged reports of the Plaintiff's experts.

*Id*.

Here, Defendants have designated as confidential the vast majority of the documents that Plaintiffs' experts discuss and rely on.  Plaintiffs have withdrawn their request to seal those portions of their experts' reports and testimony that do not cite, rely on, discuss, or otherwise incorporate materials designated as confidential by Defendants.  This satisfies the public interest in these documents.  *See Royal Park Investments*, 2018 WL 739580, at *19.  Plaintiffs respectfully submit that whether the reports and testimony of their experts should be fully unsealed is the burden of Defendants to establish.  *See Ackert*, 76 F. Supp. 2d at 223.

## CONCLUSION

Provided Defendants agree to remove the confidentiality designations over those materials that Plaintiffs' experts incorporate into their reports and testimony, Plaintiffs respectfully request that the Court unseal the complete reports and testimony.  Alternatively, if Defendants do not agree to remove their confidentiality designations, Plaintiffs respectfully request that the Court permanently seal the portions of their experts' reports and testimony that incorporate material designated confidential by Defendants.

December 28, 2020                              Respectfully Submitted,

                                              /s/ Andrew D. Schlichter
                                              SCHLICHTER BOGARD & DENTON LLP
                                              Jerome J. Schlichter (phv01476)
                                              Heather Lea, (phv08416)
                                              Andrew D. Schlichter (phv09955)
                                              Sean E. Soyars (phv08419)
                                              Joel D. Rohlf (phv09849)
                                              Alexander L. Braitberg (phv09929)
                                              100 South Fourth Street, Suite 1200
                                              St. Louis, Missouri 63102
                                              (314) 621-6115, (314) 621-7151 (fax)
                                              jschlichter@uselaws.com
                                              hlea@uselaws.com
                                              aschlichter@uselaws.com
                                              ssoyars@uselaws.com
                                              jrohlf@uselaws.com
                                              abraitberg@uselaws.com

                                              and

                                              Ari J. Hoffman (ct22516)
                                              Cohen and Wolf, P.C.
                                              Bridgeport, CT 06604
                                              Tel: (203) 368-0211
                                              Facsimile: (203) 394-9901
                                              arihoffman@cohenandwolf.com

                                              *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 28, 2020, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

                                              By: /s/  Andrew D. Schlichter