## Alex Braitberg

| | |
|---|---|
| **From:** | Webster, Michelle N. <MWebster@mayerbrown.com> |
| **Sent:** | Thursday, December 3, 2020 6:13 PM |
| **To:** | Joel Rohlf; Andrew Schlichter; Alex Braitberg |
| **Cc:** | Netter, Brian; Ross, Nancy; Nowak, Richard; Glickstein, Jed |
| **Subject:** | RE: Vellali v. Yale - Defendants' upcoming filings [MB-AME.FID1573516] |

Joel,

The Second Circuit's decision in *Lugosch* emphasizes the importance of public disclosure at the summary judgment phase. We disagree that it is "unfair" to make expert reports or deposition testimony public at summary judgment whenever experts rely on confidential material. In fact, your experts claim to have based their entire opinions on "experience" that they maintain is confidential. We also note that your experts' reports and testimony on similar issues have already been made public in filings and judicial opinions in other cases, including in the Second Circuit. There is surely no basis for withholding information that is already in the public domain.

We will file the documents provisionally under seal so that you may make whatever arguments that your clients authorize you to make. If you continue to press arguments with no colorable basis in law, Yale, of course, reserves the right to seek appropriate sanctions.

Regards,

Michelle

**Michelle N. Webster**
*Counsel*
Mayer Brown LLP | T 202 263 3714 | M 202 669 4308 | mwebster@mayerbrown.com

---

**From:** Joel Rohlf <jrohlf@uselaws.com>
**Sent:** Thursday, December 3, 2020 6:23 PM
**To:** Webster, Michelle N. <MWebster@mayerbrown.com>; Andrew Schlichter <aschlichter@uselaws.com>; Alex Braitberg <abraitberg@uselaws.com>
**Cc:** Netter, Brian <BNetter@mayerbrown.com>; Ross, Nancy <NRoss@mayerbrown.com>; Nowak, Richard <RNowak@mayerbrown.com>; Glickstein, Jed <JGlickstein@mayerbrown.com>
**Subject:** RE: Vellali v. Yale - Defendants' upcoming filings [MB-AME.FID1573516]

**\*\*EXTERNAL SENDER\*\***

Michelle-

Plaintiffs' experts' reports and testimony are primarily designated confidential because they rely extensively on confidential discovery materials produced by Yale and third parties. It is impossible to separate the experts' analysis from those confidential materials and unfair to make their reports and testimony public without the ability to discuss the underlying materials that form the basis of their opinions. If Yale and the third parties are willing to de-designate all the underlying documents upon which our experts rely, Plaintiffs are willing to agree to public filing of their reports and the cited portions of their depositions, subject to limited redactions of confidential client information. Otherwise, our position is that they should be filed under seal in their entirety.

Exhibit 2

Please let us know as soon as possible if Defendants and the third parties are willing to de-designate the documents Plaintiffs' experts relied upon in forming their opinions, so we can provide you redactions for confidential client information as necessary. Otherwise, we request that Defendants file them provisionally under seal.

Regards,

Joel

## Joel Rohlf

**Schlichter Bogard & Denton LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
T: 314-884-7703
F: 314-621-7151



*This message is confidential, intended only for the named recipient(s), and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law.  If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this message. Thank you.*

---

**From:** Webster, Michelle N. <MWebster@mayerbrown.com>
**Sent:** Wednesday, December 2, 2020 6:02 PM
**To:** Andrew Schlichter <aschlichter@uselaws.com>; Joel Rohlf <jrohlf@uselaws.com>; Alex Braitberg <abraitberg@uselaws.com>
**Cc:** Netter, Brian <BNetter@mayerbrown.com>; Ross, Nancy <NRoss@mayerbrown.com>; Nowak, Richard <RNowak@mayerbrown.com>; Glickstein, Jed <JGlickstein@mayerbrown.com>
**Subject:** Vellali v. Yale - Defendants' upcoming filings [MB-AME.FID1573516]

Counsel:

In connection with our December 4th filings in the *Vellali* case, Defendants anticipate attaching and citing to the below materials. These materials are relevant both to summary judgment and to Defendants' forthcoming motions to exclude these experts under FRE 702.

- Expert Report of Daniel Alexander
- Rebuttal Report of Daniel Alexander
- Expert Report of Gerald Buetow
- Expert Report of Wendy Dominguez
- Rebuttal Report of Wendy Dominguez
- Expert Report of Ty Minnich
- Rebuttal Report of Ty Minnich
- Expert Report of Al Otto
- Excerpts of the Deposition of Daniel Alexander
  - pp. 22-23, 57-58, 62-64, 66, 68, 107-109, 126-127, 130-131, 133, 226, 227, 270, 285, 296-297, 299-300, 318, 340-341, 358, 360, 362
- Excerpts of the Deposition of Gerald Buetow
  - pp. 25-28
- Excerpts of the Deposition of Wendy Dominguez

Exhibit 2

- o   pp. 23, 26, 48-49, 77-78, 82-83, 90-92, 105, 108-109, 119, 130, 140, 162, 169-170, 174-175, 205-209, 219-220, 225-226, 240
- Excerpts of the Deposition of Ty Minnich
  - o   pp. 9, 21-22, 32, 77, 80, 84, 93, 99, 100-103, 118, 126-127, 132, 143-144, 151, 157-158,
- Excerpts of the Deposition of Al Otto
  - o   pp. 28, 37-38, 41-42, 50, 53, 97, 101, 114-115, 148, 163-164

The Second Circuit has held that "documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches." *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *see also Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511-12 (S.D.N.Y. 2015) (finding that "expert reports that were the subject of the *Daubert* motion in this case" are "judicial documents, and the public interest in each is high").

Although we do not currently believe that the foregoing documents or excerpts overcome this presumption, we ask that you let us know your position as to the documents by close of business tomorrow. If you contend that some or all of these documents must be filed under seal, in whole or in part, we will file a motion to seal those documents provisionally. However, we reserve the right to oppose their permanent sealing once you have explained the purported basis for doing so to the Court.

Regards,
Michelle


**Michelle N. Webster**
*Counsel*
Pronouns: She/Her/Hers
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1011
T +1 202 263 3714
M +1 202 669 4308
mayerbrown.com



Please consider the environment before printing this e-mail.
If you need to print it, consider printing it double-sided.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Exhibit 2

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

Exhibit 2