# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY ABBOTT, ERIC         )
FANKHAUSER, LLOYD DEMARTINI, )
JACK JORDAN and DENNIS       )
TOMBAUGH, individually and      )
on behalf of all those similarly situated, )
                                )
       Plaintiffs,          )
                                )
vs.                            )     Case No. 06-cv-0701-MJR
                                )
LOCKHEED MARTIN          )
CORPORATION and LOCKHEED   )
MARTIN INVESTMENT        )
MANAGEMENT COMPANY,      )
                                )
       Defendants.        )

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

       This matter is before the Court on Defendants' motion to exclude certain testimony and evidence from Plaintiffs' experts Kampner, Miller, O'Neal, Otto, Pomerantz and Wagner (Doc. 147). For the reasons stated below, the Court **DENIES** Defendants' motion to exclude Plaintiffs' experts' testimony. The background and facts of the case are so familiar to all that the Court finds no need to rehearse them here.

       Defendants challenge the admissibility of the Plaintiffs' experts' testimony under ***Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993) (holding that under FED.R.EVID. 702, expert testimony must be reliable to be admissible)**. In *Daubert*, the Supreme Court outlined four factors that bear on reliability: (1) the testability of the hypothesis; (2) whether the theory or technique has been subject to peer review and publication; (3) the known or potential rate of error; and (4) whether the technique is generally accepted. **509 U.S. at 593-94**. Federal Rule of Evidence

Exhibit 1

702 provides the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

### A.      Opinions of Paul Kampner

Invoking the district court's obligation to act as a "gatekeeper" for expert testimony, Defendants challenge Kampner's qualification to offer expert testimony on stable value funds and float. First, the issue of float was not raised in Plaintiffs' first amended complaint ("FAC") and will not be considered by the Court.

Kampner has over 40 years' experience in the employee benefits field, including working in the trust departments at four banks as well as serving in senior positions at two asset management consulting firms. Doc. 148-2 ¶ 6. At least some of Kampner's opinions are relevant to the pivotal issues on the merits. It does not appear to the Court that Kampner's knowledge, skill and experience would fail to satisfy the requirements of Rule 702 in explaining the differences between stable value funds and money market funds, the relative performance of each and how Defendants' stable value fund was operated and achieved its stated goals.

Some of the challenges to Kampner's credentials and methodology are appropriate for cross-examination, but they do not require exclusion of his testimony. As the Supreme Court cautioned in *Daubert*: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." **509 U.S. at 596**. The trier of fact in this case is the Court, and Defendants' arguments may be fully explored at trial. For these reasons, the Court will deny Defendants' motion

Exhibit 1

to exclude the testimony of Paul Kampner.

**B.** **Opinions of Al Otto**

Defendants contend that Otto should be barred from testifying on recordkeeping and administrative fees, and on the Stable Value Fund ("SVF"). Defendants assert that Otto's analysis consists of computing the total recordkeeping and administrative costs paid by Defendants' 401(k) plans and comparing these costs to an "Expected Cost." However, Defendants maintain that Otto failed to disclose the data or other information explaining how he developed the "Expected Cost" figures upon which his conclusion is based. Defendants argue that Otto's sole basis to support his testimony that $35 per participant constitutes a reasonable fee for recordkeeping is a 2003 inquiry for a client with 125,000 participants. They also contend that Otto conceded that he had not specifically held himself out to his clients as an expert on stable value funds.

Plaintiffs submit that Otto included in his report the data and information on which he based his damage calculation. Plaintiffs also contend that his calculations were based on his 26 years' experience with retirement plans and his hundreds of service provider searches. According to Plaintiffs, the Forms 5500 that Defendants assert that Otto should have provided are annual reports that the DOL requires retirement plans to file and, as public records, are equally available to Defendants. The parties had agreed between themselves not to require production of any public records on which their experts relied. Plaintiffs contend that alleged defects in Otto's calculations are not defects of methodology but are typographical errors or revisions based on a clarified interpretation of certain deposition testimony. Lastly, Plaintiffs assert that Otto is qualified to testify about the SVF based on his extensive knowledge and his years of experience with 401(k) plans, which qualifies him to understand the conduct required of a prudent fiduciary.

First, the Court agrees with Plaintiffs that the parties agreed that the production of

Exhibit 1

publicly-available records, such as Form 5500s, was not required. Doc. 165-17. Second, to the extent that Otto's calculations are not based upon sufficient facts or data, that fact goes to the weight to be ascribed to his opinions and not to their admissibility. Similarly, no doubt, Otto's opinions on the SVF are subject to challenge based on the sufficiency of the facts and data he used to form his opinions. However, even if Defendants are correct and Otto's basis is flimsy, that flaw goes to the weight to be accorded his opinions but does not preclude the admission of his opinions under FED.R.EVID. 702. The record does not indicate that Otto has so little basis for comparison that he cannot form reasonably reliable opinions - which are, in any event, subject to "vigorous cross-examination."

### C. Opinions of Edward O'Neal

Defendants contend that O'Neal should be barred from testifying on the American Century Growth Fund or on the SVF. Because all claims related to American Century Growth Fund will be dismissed by separate Order this day, the Court need not address Defendants' contentions as to this Fund. As to the SVF, Defendants submit that O'Neal lacks any training or experience that would entitle him to provide an expert opinion on stable value funds.

Plaintiffs contend that O'Neal, who holds a Ph.D. in finance and was a professor of finance for 15 years, has the education and expertise to qualify him as an expert on the SVF, which is a straightforward investment with which he would be familiar.

The Court has reviewed O'Neal's expert report and finds that he has specialized knowledge which will assist the Court in understanding the evidence and determining facts in issue. *See* Doc. 148-4. Although Defendants challenge O'Neal's background in stable value funds, they do not challenge his methodology. They do not contend that O'Neal's basing his damage calculations on the Hueler Stable value indexes fails to meet the standards of being generally

Exhibit 1

accepted and having been subject to peer review and publication.  The Court agrees with Plaintiffs

that the matter appears to be fairly straightforward.  As previously discussed, O'Neal's opinions are

subject to challenge on cross-examination, but the Court finds, at this juncture, that he has sufficient

training and experience to serve as an expert on the issues in this case.

     **D.**     **Opinions of Dr. Pomerantz**

Defendants contend that Pomerantz failed to comply with his obligation to identify

"the data or other information" that he considered in forming his opinions as required by

Fed.R.Civ.P. 26(a)(2)(B)(ii).  Defendants cite to Pomerantz's deposition in which he acknowledged

that he had read a lot of documents pertaining to the stable value industry but that it would be

"difficult to impossible" for him to identify the documents because he did not keep track of what he

was reviewing for this case.

Plaintiffs respond that Pomerantz has read "thousands of documents" during his 25

years in the investment world and that he complied with the disclosure rule by identifying the data

and information he specifically relied on in forming his opinions in this case.

The Court has reviewed Pomerantz's deposition and finds that he clarified the record

regarding the documents that he specifically relied upon in forming his opinions in this case, as

follows:

> Q.  Have you disclosed the materials that you considered in forming your opinions
> in this matter?
> A. To the -- to the extent that those materials were examined specifically for the
> purposes of this litigation.
> Q. Okay. How did you make that disclosure?
> A. I disclosed in footnotes and I disclosed in exhibits to my report documents that
> I reviewed specifically for the purposes of this litigation.
>                                *           *           *
> Q. So the question was, to the extent that you reviewed materials that you mentioned
> earlier, which form the basis of  your expertise, those materials which were not
> disclosed were not reviewed for the purposes of providing your opinions in this case,
> correct?

Exhibit 1

MR. MARTIN: Objection to leading.
A. That's correct.
Q. Okay. Dr. Pomerantz, do you know of any materials outside of the ones that you have mentioned which were disclosed that you relied upon which have -- to form your opinion or to -- or that you considered to form your opinion which you have not disclosed?
A. Do I know of any other documents? No.

Doc. 165-28, 363:3-365:18.

Pomerantz specifically states that footnotes and exhibits to his report disclose the documents which he reviewed for purposes of this litigation and that he relied upon no other documents. Defendants may challenge at trial any attempt to expand upon what has been provided; however, Pomerantz's testimony is conclusive on this point for purposes of the motion to exclude his testimony - which will be denied.

### E.    Opinions of Ross Miller

Defendants contend that Miller has no substantial experience with company stock funds and has never written an article or a working paper that addresses the issue of how much liquidity a unitized company stock fund should maintain.

Plaintiffs respond that Miller holds a Ph.D. in Economics and is a professor of finance and economics. He has been President of Miller Risk Advisors for 12 years, where he has given advice on finance and investment risk management. Plaintiffs intend to call Miller to testify that the company stock funds were imprudent investments for the Plans and that Defendants did not adequately or effectively communicate to participants that large amounts of cash were held in those Funds that unnecessarily reduced their returns. Miller opined that the retention of cash "resulted in damages to the [Plans] that exceeded $377 million dollars through May 31, 2008." Plaintiffs submit that Miller's education and extensive experience in the field of finance and investments qualify him to provide opinions on company stock funds.

The Court has reviewed Miller's expert report and finds that he has based his opinion

Exhibit 1

on objective information available at the relevant times and that his analysis will assist the Court. Ross opines that "any cash" that Lockheed Martin continued to hold in the fund "units" was unnecessary and harmed participants in the Plans. Doc. 148-5 ¶¶ 7, 8. He also stated that the unitization made it easy for LMIMCo to inconspicuously charge its administrative fee of at least 5 bps as well as State Street's 2 bps management fee, where actual shares of Lockheed Martin common stock avoided management fees because they need not be "managed." *Id.* at ¶ 10. According to Miller, the fee on the STIF, which he calculated at an additional 2 bps annually, was also concealed from participants. *Id.* at ¶ 11. Miller expressed his opinion that the unitized company stock funds imprudently promoted "day trading" within the Savings Plans which benefitted Lockheed Martin by maintaining a cash buffer that decreased volatility and made company stock more attractive to the market. *Id.* ¶ 13. Defendants do not dispute the basis for his opinions or his methodology in arriving at his calculation that the damages for the three company stock funds together exceeded $377 million.

In sum, Defendants may challenge Miller's testimony at trial, but the Court will not exclude him as an expert.

## F.    Opinions of Marcia Wagner

Defendants contend that Wagner impermissibly attempts to provide a purely legal opinion on ERISA § 404(c) issues. They assert that Wagner is a practicing ERISA lawyer whose expert report provides her opinion on what ERISA § 404(c) requires, but she has never been an ERISA fiduciary responsible for § 404(c) compliance. According to Defendants, Wagner was forced to concede repeatedly that she was relying on her experience as an ERISA lawyer to provide expert testimony - which is inadmissible and should be stricken.

Plaintiffs respond that Wagner testifies that Defendants failed to fulfill a number of

Exhibit 1

the requirements of § 404(c), including providing certain information to all participants.  Doc. 148-7 ¶¶ 8-24.  Plaintiffs submit that Wagner has not been asked to testify on the applicable law but rather on whether Defendants' attempts to comply with § 404(c) regulations have fallen short of the procedures typically used by § 404(c) compliant plans.

In Wagner's expert report, she states that she has been retained by Plaintiffs to review and render her expert opinion with regard to operational procedures employed by Defendants to meet requirements of § 404(c).  *Id.* ¶ 8.  As such, Wagner's expert opinion may assist the Court in determining whether Defendants are compliant with that provision.  If Wagner strays into providing a purely legal opinion instead, counsel for Defendants may certainly object at that time.  For the present, the Court will not bar Wagner from testifying.

## Conclusion

For the above-stated reasons, the Court **DENIES** Defendants' motion to exclude certain testimony and evidence from Plaintiffs' experts Kampner, Miller, O'Neal, Otto, Pomerantz and Wagner (Doc. 147).

**IT IS SO ORDERED.**

**DATED this 31st day of March, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

Exhibit 1