IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT SIMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-CV-732 |
| | ) | |
| BB&T CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on the defendants' motion to exclude the opinions of Martin Schmidt as to recordkeeping fees and recordkeeping-related damages. Doc. 302. The motion will be denied because the Court finds that the defendants' arguments go to the weight to be ascribed to Mr. Schmidt's opinions and not to their admissibility.

The plaintiffs plan to offer Mr. Schmidt's opinions to support claims that the Plan's recordkeeping fees were unreasonable and imprudent. The defendants contend that Mr. Schmidt's opinions are unreliable and should be excluded because: he failed to follow his own recommendation to conduct or rely on a request for proposal in evaluating fees; he has no standard method for evaluating recordkeeping fees; his methods are not replicable or peer reviewed; the historical client data on which he relied contradict his opinions; his opinions will not be helpful to the trier of fact; and his application of the S&P 500 index for calculating interest is inconsistent with the investment strategies of Plan participants.

Exhibit 2

Expert testimony of "technical, or other specialized knowledge" is admissible if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "In making its initial determination of whether proffered testimony is sufficiently reliable, [a district] court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149–52 (1999)). Because this Court is also the trier of facts in this case, its evidentiary gatekeeping function is relaxed and "'the [C]ourt does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702,'" *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013) (quoting in parenthetical *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)), or should it not be helpful.

The Court has reviewed Mr. Schmidt's report and the parties' briefing and finds that Mr. Schmidt has specialized knowledge that may assist the Court in understanding the evidence and determining facts in issue. Mr. Schmidt's testimony is based on his training and experience, which the Court finds is sufficient for him to serve as an expert on the identified issues. The defendants' arguments against admissibility go to the weight and credibility of Mr. Schmidt's testimony, which can be addressed through "'[v]igorous cross-examination [and] presentation of contrary evidence.'" *In re Lipitor*, 892 F.3d 624, 631 (4th Cir. 2018) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)).

It is **ORDERED** that the defendants' motion to exclude, Doc. 302, is **DENIED**.

This the 31st day of July, 2018.

                                        UNITED STATES DISTRICT JUDGE