## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

JOSEPH VELLALI *et al*.,

     *Plaintiffs*,

v.

YALE UNIVERSITY *et al*.,

     *Defendants*.

Civil Action No. 3:16-cv-01345-AWT

Hon. Alvin W. Thompson

**PLAINTIFFS' EMERGENCY MOTION FOR LEAVE FOR ADDITIONAL PAGES FOR LOCAL RULE 56(a)(2) STATEMENT**

Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file ten additional pages in support of their Local Rule 56(a)(2) Statement.[1]

A party opposing a motion for summary judgment filed in this District must serve a statement of facts in opposition to summary judgment.  This statement must contain (1) responses to the moving party's Local Rule 56(a)(1) Statement, which "shall be no longer than twice the length of the moving party's Local Rule 56(a)(1) Statement, absent leave of the Court granted for good cause shown"; and (2) a separate section setting forth additional facts establishing genuine issues of material fact precluding summary judgment, which "shall be no longer than nine (9) double-spaced pages, absent leave of the Court granted for good cause shown."  D. Conn. L. Civ. R. 56(a)(2).  Defendants' Local Rule 56(a)(1) Statement is 12 pages, so the Rule provides a maximum of 33 pages for Plaintiffs' response.

In this circumstance, there is good cause for the Court to grant leave for Plaintiffs to file an overlength Local Rule 56(a)(2) statement, for at least two reasons:  (1) Defendants'

---

[1] Defendants have indicated that they oppose Plaintiffs' request.  Plaintiffs have designated this as an "emergency" motion pursuant to D. Conn. L. Civ. R. 7(a)(6) because the Local Rule 56(a)(2) Statement is to be filed on February 2, 2021, which does not allow for the standard 21 days for Defendants to file an opposition memorandum.

memorandum in support of their motion for summary judgment contains numerous factual assertions not supported by their Local Rule 56(a)(1) Statement, to which Plaintiffs need to respond in their counterstatement; and (2) the complexity of the claims in this case, which involves 22 investment options, a failure to adopt the lowest-cost share class for dozens of investment funds, and a decade-long class period, call for additional pages to set forth and describe disputed factual issues.

*First*, Defendants have included factual assertions in their memorandum in support of summary judgment that are not addressed in their Local Rule 56(a)(1) Statement to which Plaintiffs must respond.  As one example, Defendants' memorandum contains a section describing variable and fixed annuities that includes factually erroneous claims regarding the natures of those investment products.  *See* ECF No. 270 at 4-5 ("A fixed annuity offers annuitants and their beneficiaries guaranteed returns and (at retirement) a guaranteed stream of income. A variable annuity is similar, except the returns, and hence the value of the lifetime income stream, vary with the performance of the underlying investments. . . .  Either way, unlike equities or mutual funds, with which an investor might outlive his or her savings, investors in annuities receive guaranteed lifetime income.").  Defendants do not cite to their Local Rule 56(a)(1) Statement to support these factual claims, but if they had, their statement would have been longer, and Plaintiffs would have had additional pages to respond.  Plaintiffs must respond to Defendants' mischaracterizations and need extra pages to do so.

Defendants also spend a significant portion of their memorandum arguing that Plaintiffs' expert Wendy Dominguez used incorrect benchmarks.  *See* ECF No. 270 at 24-25 ("Dominguez compares apples and oranges."); *id.* at 26-30 ("Plaintiffs' 'benchmark' analysis is meritless.").  These sections are replete with unsupported factual assertions that Plaintiffs must rebut in their

2

Local Rule 56(a)(2) Statement.  As with the statements identified above, had Defendants provided a factual basis for these unsupported claims in their Local Rule 56(a)(1) Statement, the Local Rules would have provided Plaintiffs more pages to respond.  Thus, there is good cause for the Court to grant Plaintiffs additional pages in their Local Rule 56(a)(2) Statement to address Defendants' factual assertions.

*Second*, the nature of the claims in this ERISA case merit additional pages for Plaintiffs' Local Rule 56(a)(2) Statement.  Plaintiffs claim that Defendants breached their duty of prudence and committed prohibited transactions by allowing the Plan to pay excessive recordkeeping fees, by failing to remove 22 underperforming funds, and by failing to adopt the lowest cost share class of dozens of funds.  Plaintiffs seek damages that accrued over a class period of approximately ten years.  In a complex class action such as this, more comprehensive statements of undisputed material facts will enable the Court to develop a better understanding of the technical concepts that will determine this case's outcome.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file ten additional pages in support of their Local Rule 56(a)(2) Statement.[2]

---

[2] If the Court denies this motion, Plaintiffs respectfully request an additional three days (i.e., through February 5, 2021) to revise their Local Rule 56(a)(2) Statement to conform it to the default 33-page limit.

Dated: January 26, 2021

Respectfully Submitted,
/s/      Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (phv01476)
Heather Lea, (phv08416)
Andrew D. Schlichter (phv09955)
Sean E. Soyars (phv08419)
Joel D. Rohlf (phv09849)
Alexander L. Braitberg (phv09929)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
aschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

Ari J. Hoffman (ct22516)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203) 368-0211
Facsimile: (203) 337-5505
arihoffman@cohenandwolf.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 26, 2021, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/  Andrew D. Schlichter

4