IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> YALE UNIVERSITY *et al.*, <br><br> *Defendants*. | No. 3:16-cv-01345-AWT <br><br> Hon. Alvin W. Thompson |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' "EMERGENCY"
MOTION FOR LEAVE TO FILE EXCESS PAGES FOR REPLY
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Court should reject Defendants' extraordinary request to file a reply brief that is *double* the size of the ten-page limit allowed by the Local Rules. L.R.7(d).

Defendants initially requested that Plaintiffs agree to 10 additional pages for Defendants' reply brief based on the mistaken contention that the Court had granted Plaintiffs 10 additional pages for their opposition memorandum. Ex. 1, attached hereto. After Plaintiffs pointed out that their opposition memorandum complied with the 40-page limit of Local Rule 7(a)(5) (*id.*; *see* Doc. 300), Defendants now claim that they need 10 additional pages to respond to the 10 additional pages in Plaintiffs' Local Rule 56(a)(2) statement. Doc. 320, ¶¶ 2–5.

Defendants' motion is an improper attempt to circumvent the Local Rules. As Defendants concede, "[t]he Local Rules do not provide for a movant to file a reply to a non-movant's statement of additional material facts." Doc. 320, ¶ 5. If the Court were to grant the requested extension, Defendants admittedly would use those pages to do that which the Local Rules do not allow—to respond to "new factual and evidentiary assertions" in Plaintiffs' Local Rule 56(a)(2) statement. Doc. 320, ¶¶ 4–5. The Court should reject Defendants' attempt to file an impermissible reply to Plaintiffs' Local Rule 56(a)(2) statement in the guise of an overlength

1

"reply brief." Moreover, whatever new evidence Defendants would submit to controvert Plaintiffs' factual and evidentiary assertions would only confirm Plaintiffs' position that there are myriad genuine factual disputes that must be resolved at trial.

While Defendants also assert that a double-length brief is warranted "to address the complex issues in this case" (Doc. 320, ¶ 4), Defendants already had a full and fair opportunity to address any complex legal issues in their 37-page opening memorandum. Doc. 270. To the extent Defendants need to respond to complex legal issues raised in Plaintiffs' opposition memorandum, the 10 pages afforded by Local Rule 7(d) are more than adequate.

Finally, even if some extension were appropriate, allowing Defendants to file the equivalent of *two* reply briefs would be disproportionate. The Local Rules contemplate that a reply should be no more than one-fourth of the length allowed for the opposition memorandum. L.R. 7(d). Accordingly, if the Court were to find a modest extension justified in light of the 10 additional pages in Plaintiffs' Local Rule 56(a)(2) statement, any extension should be limited to no more than 3 pages to maintain the ratio envisioned by the Local Rules.

The Court should deny Defendants' motion for the above reasons.

February 15, 2021                                      Respectfully Submitted,

/s/ Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (phv01476)
Heather Lea, (phv08416)
Andrew D. Schlichter (phv09955)
Sean E. Soyars (phv08419)
Joel D. Rohlf (phv09849)
Alexander L. Braitberg (phv09929)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-5934 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
aschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

Ari J. Hoffman (ct22516)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203) 368-0211
Facsimile: (203) 337-5505
arihoffman@cohenandwolf.com

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2021 a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ Andrew D. Schlichter
Andrew D. Schlichter