# Exhibit 123

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI, NANCY S. LOWERS, JAN M. TASCHNER, AND JAMES MANCINI, individually and as representatives of a class of participants and beneficiaries on behalf of the Yale University Retirement Account Plan,<br><br>    *Plaintiffs*,<br><br>v.<br><br>YALE UNIVERSITY, MICHAEL A. PEEL, AND THE RETIREMENT PLAN FIDUCIARY COMMITTEE,<br><br>    *Defendants*. | Civil Action No. 3:16-cv-01345-AWT |

## DEFENDANTS' RULE 26(a)(1) DISCLOSURES

Defendants Yale University, Michael A. Peel, and the Fiduciary Committee on Investments ("FCI")[1] hereby serve the following initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on Plaintiffs in the above-captioned action. These disclosures are based on information reasonably available to Defendants as of the date of service and at this stage of the lawsuit and do not purport to identify every relevant document, witness, or tangible thing that Defendants may rely on to defend against Plaintiffs' claims. Defendants reserve their rights to supplement these disclosures as their investigation and discovery in this lawsuit progresses.

---

[1] The caption and Amended Complaint incorrectly identify this entity as the "Retirement Plan Fiduciary Committee." The proper name of the committee is the Fiduciary Committee on Investments.

1

**Rule 26(a)(1)(A)(i) – Individuals Likely to Have Discoverable Information**

Defendants identify the following individuals as likely to have discoverable information that Defendants may use to support their defenses:

| Name | Discoverable Information |
|---|---|
| Michael Peel | The creation of FCI; the matters considered and decided by FCI during witness's tenure on the committee; the Plan's investment menu and investment options; participant preferences with respect to investment options and the Plan's recordkeeping arrangements.[2] |
| Stephen Murphy | The matters considered and decided by FCI during witness's tenure on the committee; the Plan's investment menu and investment options. |
| Janet Lindner | The matters considered and decided by FCI during witness's tenure on the committee; the Plan's investment menu and investment options. |
| Hugh Penney | The structure and operation of Yale University's Compensation and Benefits staff; the creation of FCI; the matters considered and decided by FCI during witness's tenure on the committee; participant preferences with respect to investment options and the Plan's recordkeeping arrangements; the Plan's investment menu and investment options; the execution of the Plants recordkeeping agreements and renegotiation of the Plan's recordkeeping agreements; plan participant communications. |
| Kate Castello | Participant preferences with respect to investment options and the Plan's recordkeeping arrangements; the execution of the Plan's recordkeeping agreements and renegotiation of the Plan's recordkeeping agreements. |
| Aon Hewitt Investment Consulting, Inc. | The matters considered and decided by FCI during the consultant's tenure as an advisor; the Plan's investment menu and investment options; and the Plan's recordkeeping arrangements. |

---

[2] The term "Plan" refers to the Yale University Retirement Account Plan.

| | |
|---|---|
| TIAA | The Plan's investment menu and investment options; and the Plan's recordkeeping arrangements. |
| Vanguard Group | The Plan's investment menu and investment options; and the Plan's recordkeeping arrangements. |

With the exception of Aon Hewitt Investment Consulting, Inc., TIAA, and Vanguard Group, each of the above individuals is represented by and should be contacted through Defendants' counsel of record. In addition to the individuals identified above, Defendants also disclose: all individuals identified as potential witnesses by Plaintiffs or any other party to this litigation in their respective Rule 26(a)(1) Initial Disclosures; all individuals deposed in this lawsuit; all individuals identified in any party's interrogatory responses; and all individuals identified as the author or recipient of any document produced in response to discovery in this lawsuit.

**Rule 26(a)(1)(A)(ii) – Documents That May Be Used to Support Claims or Defenses**

Without waiving any objections or privileges against disclosure, and only to the extent relevant to the time period at issue, Defendants may rely on the following documents to support their defenses:

- Plan documents, plan amendments, plan adoption agreements, and summary plan descriptions for the Plan.

- Investment Policy Statements and charters related to the Plan.

- Form 5500 filings for the Plan.

- Financial statements and independent auditor's reports prepared for the Plan.

- Yale University Board of Trustee meeting minutes, board resolutions, and board certifications related to the Plan.

- Fiduciary Committee on Investments meeting minutes.

- Reports, presentations, summaries, recommendations, assessments, or similar materials presented to the Fiduciary Committee on Investments or its members related to the Plan.

- Communications, disclosures, and notifications furnished to or received from Plan participants related to the Plan.

- Investment fee and expense disclosures furnished to the Plan's participants and its fiduciaries.

- Contracts and service agreements between Defendants and the Plan's vendors.

- Annuity certificates for annuities offered as investment options by TIAA to Plan participants.

- Prospectuses for mutual funds offered as investment options by TIAA or Vanguard to Plan participants.

Defendants' investigation into the claims and defenses at issue in this lawsuit is ongoing and Defendants reserve the right to supplement the above disclosures prior to trial if necessary.

### Rule 26(a)(1)(A)(iii) – Computation of Damages

Without waiving any right to recover their attorneys' fees and their defense costs at the conclusion of this case, Defendants state that they have not suffered damages subject to computation and disclosure under Rule 26(a)(1)(A)(iii).

### Rule 26(a)(1)(A)(iv) – Applicable Insurance Agreements.

Applicable insurance agreements that are subject to disclosure under Rule 26(a)(1)(A)(iv) will be produced by the date specified by the Court for producing documents identified in these disclosures.


| | |
|---|---|
| Dated: July 13, 2018 | Respectfully submitted, |

James C. Williams  
Nancy G. Ross  
Jed W. Glickstein  
MAYER BROWN LLP  
71 South Wacker Drive  
Chicago, IL 60606-4637  

Telephone: (312) 782-0600

*/s/ Brian D. Netter*  
Brian D. Netter  
bnetter@mayerbrown.com  
Michelle N. Webster  
Matthew A. Waring  
MAYER BROWN LLP  
1999 K Street NW  
Washington, DC 20006-1101  
Telephone: (202) 263-3000  
Facsimile: (202) 263-3300

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 13, 2018, a true and correct copy of the foregoing document was served via electronic mail upon the counsel of record for all parties in this case. The document was sent to the e-mail addresses provided to the Court in connection with each attorney's appearance and as reflected on the docket for this case.

*/s/ Brian D. Netter*
Brian D. Netter

6