# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*, | |
| *Plaintiffs*, | No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | Hon. Alvin W. Thompson |
| *Defendants*. | |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs provide the Court notice of supplemental authority supporting Plaintiffs' standing to assert their claims and against Defendants' contention that *Thole v. U.S. Bank, N.A.*, 140 S.Ct. 1615 (2020) compels a contrary conclusion. *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (ECF No. 300) at 26–30. That supplemental authority is *Cates v. Trustees of Columbia University in the City of New York*, No. 16-6524, ECF No. 423 (S.D.N.Y. Mar. 15, 2021), a copy of which is filed herewith.

Defendants wrongly contend that "Plaintiffs do not have standing to challenge Yale's oversight of investment options that Plaintiffs themselves did not invest in." Memorandum of Law in Support of Defendants' Motion for Summary Judgment (ECF No. 270) at 15–17. Defendants are represented by the same attorneys who represent Columbia University in *Cates*. They made arguments in *Cates* similar to those they made here. *Cates*, ECF No. 423 at 2–3.

The court in *Cates* persuasively demonstrates why *Thole* does not apply here and why Plaintiffs have standing. *Cates* notes that *Thole* concerns a defined benefit plan, not a defined contribution plan, which is a distinction of "decisive importance." *Cates*, ECF No. 423 at 3 (quoting *Thole*, 140 S.Ct. at 1618). *Cates* concludes that *Thole* in fact "does not support the

1

proposition that a defined-contribution plan participant, who satisfies Article III standing with respect to some of the challenged funds in the plan, lacks standing to assert claims on behalf of the plan itself." *Id.* at 4. As *Cates* notes, "requiring a defined-contribution plan participant to establish an injury with respect to each fund being challenged, regardless of the plan participant's claims, is unduly restrictive and is not in accordance with the law." *Id.*

By the same reasoning, Plaintiffs here have standing to assert their claims on behalf of the plan, as the Court concluded in granting class certification. ECF No. 202 at 4–7. Defendants' arguments to the contrary should be rejected.

<table>
<tr><td>Dated: March 18, 2021</td><td>Respectfully Submitted,<br><br>/s/ Andrew D. Schlichter<br>SCHLICHTER BOGARD & DENTON LLP<br>Jerome J. Schlichter (phv01476)<br>Heather Lea, (phv08416)<br>Andrew D. Schlichter (phv09955)<br>Sean E. Soyars (phv08419)<br>Joel D. Rohlf (phv09849)<br>Alexander L. Braitberg (phv09929)<br>100 South Fourth Street, Suite 1200<br>St. Louis, Missouri 63102<br>(314) 621-6115, (314) 621-7151 (fax)<br>jschlichter@uselaws.com<br>hlea@uselaws.com<br>aschlichter@uselaws.com<br>ssoyars@uselaws.com<br>jrohlf@uselaws.com<br>abraitberg@uselaws.com<br><br>Ari J. Hoffman (ct22516)<br>Cohen and Wolf, P.C.<br>1115 Broad Street<br>Bridgeport, CT 06604<br>Telephone: (203) 368-0211<br>Facsimile: (203) 337-5505<br>arihoffman@cohenandwolf.com<br><br>*Attorneys for Plaintiffs*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

      I certify that on March 18, 2021, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

                                        By: /s/ Andrew D. Schlichter