# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JOSEPH VELLALI *et al.*, | |
| *Plaintiffs*, | No. 3:16-cv-01345-AWT |
| v. | |
| YALE UNIVERSITY *et al.*, | Hon. Alvin W. Thompson |
| *Defendants*. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 267] AND MOTION TO EXCLUDE DANIEL ALEXANDER [DOC. 272]**

On July 13, 2021, the Office of the Attorney General of the State of New York ("OAG") and the U.S. Securities and Exchange Commission ("SEC") announced settlements of claims that Teachers Insurance and Annuity Association of America ("TIAA") pressured participants in employer-sponsored retirement plans to move investments out of their employer-sponsored plans and into higher-cost accounts with TIAA. *See* Supp. Decl. of Daniel Alexander ¶¶ 4–5, Exs. A, B (attached hereto). The findings of the OAG and the SEC are directly relevant to, and directly support, Plaintiffs' oppositions to Defendants' motions for summary judgment and to exclude Plaintiffs' expert Daniel Alexander. *See* Docs.[1] 299-1, 307-1. Plaintiffs, accordingly, respectfully request that the Court grant Plaintiffs leave to file the Supplemental Declaration of Daniel Alexander and attached Exhibits A and B as supplemental evidence in opposition to Defendants' motions for summary judgment (Doc. 267) and to exclude Daniel Alexander (Doc. 272).

---

[1] "Doc." citations are to the electronic case filing numbers in this case. "Doc." page citations are to the PDF page number as shown in the document header.

This Court routinely allows submission of supplemental evidence regarding motions for summary judgment. *E.g., MedPricer.com, Inc. v. Becton, Dixon & Co.*, 240 F. Supp. 3d 263, 276 (D. Conn. 2017); *United Aluminum Corp. v. Boc Grp., Inc.*, No. 08-977-JCH, 2009 WL 2589486, at *4 (D. Conn. Aug. 21, 2009); *John Ortiz v. Town Of Stratford*, No. 07-1144-AHN, 2008 WL 3992710, at *2 (D. Conn. Aug. 22, 2008); *Zubrow v. Solvay Pharms.*, No. 03-1929-WWE, 2006 WL 288381, at *7 (D. Conn. Feb. 7, 2006); *Norwalk Bd. of Educ. v. Connecticut State Bd. of Educ.*, No. 95-CV-02371-EBB, 1998 WL 182566, at *2 (D. Conn. Apr. 7, 1998). Because "courts are required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing [a summary judgment] motion," *Scott v. Harris*, 550 U.S. 372, 378 (2007), allowing supplemental evidence serves "the interest of having the most complete record possible[.]" *Corbett v. City of New York*, No. 11-03549-CBA-VMS, 2013 WL 5366397, at *8 (E.D.N.Y. Sept. 24, 2013).

Moreover, supplemental expert affidavits that do not express new opinions are permissible. *Com. Data Servers, Inc. v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 61 (S.D.N.Y. 2003); *GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 943 F. Supp. 2d 320, 345 (N.D.N.Y. 2013); *CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 216 (E.D.N.Y. 2009). Indeed, supplemental disclosures, even after the close of discovery, are required by Federal Rule of Civil Procedure 26. *Feltenstein v. City of New Rochelle*, No. 14-5434-NSR, 2018 WL 3752874, at *6 (S.D.N.Y. Aug. 8, 2018); *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011).

Here, the OAG's and SEC's findings directly support Plaintiffs' claims. Plaintiffs allege, among other things, that Defendants, fiduciaries of the Yale University Retirement Account Plan ("Plan"), failed to monitor and control TIAA's excessive compensation for Plan recordkeeping

and administrative services.  Am. Compl., Doc. 57, at, *e.g.*, ¶ 132.  As Alexander opined,

TIAA's excessive compensation for Plan services included revenue generated through cross-

sales of TIAA products and services to Plan participants.  Dep. of Daniel Alexander, Ex. P114,

Doc. 309-114, at 25.  Nevertheless, Defendants erroneously contend that "Plaintiffs have no

evidence" that "TIAA was engaged in impermissible cross-selling[.]"  Doc. 268 at 12

(punctuation omitted).  Defendants also attack Alexander's opinions as "incredible" because

"TIAA operates without profit and had no incentive to cross-sell[] to plan participants."  Mem. in

Support Mot. Exclude Alexander at 15–23, Doc. 273, at 11.  The consent orders between OAG,

SEC, and TIAA confirm that Defendants are wrong.  *See* Exs. A and B (attached hereto).[2]

---

[2] Even absent the Supplemental Declaration of Daniel Alexander, Exhibits A and B should be admitted as supplemental evidence.

*First*, these documents are judicially noticeable.  Pursuant to  Federal Rule of Evidence 201, a fact is subject to judicial notice if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  A court may take judicial notice" of such facts "on its own," but "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).  A court "may take judicial notice of appropriate documents at any time." *Safran Elecs. & Def. SAS v. iXblue SAS*, 789 F. App'x 266, 267 n.1 (2d Cir. 2019) (summary order) (emphasis added) (citing *Apotex, Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016)).  A court may consider judicially noticeable evidence in determining whether a genuine disputed issue of material fact precludes summary judgment. *Knowles-Carter v. Feyonce, Inc.*, 347 F. Supp. 3d 217, 221 n.2 (S.D.N.Y. 2018); *Levy v. Scranton*, 780 F. Supp. 897, 900 (N.D.N.Y. 1991); *Dist. 65, Wholesale, Retail, Off. & Processing Union v. Nixon*, 341 F. Supp. 1193, 1195 (S.D.N.Y. 1972).  Courts likewise may consider judicially noticeable evidence in evaluating the reliability of expert testimony. *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 470 F.3d 356, 361 (D.C. Cir. 2006); *Bela Seating Co. v. Poloron Prod.*, Inc., 297 F. Supp. 489, 506 (N.D. Ill. 1968), *aff'd*, 438 F.2d 733 (7th Cir. 1971).  Consent orders are judicially noticeable. *Johnson-Gellineau v. Stiene & Assocs., P.C.*, 837 F. App'x 8, 11 (2d Cir. 2020).  A court can take judicial notice of SEC filings. *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012); *In re Nine W. LBO Sec. Litig.*, 482 F. Supp. 3d 187 (S.D.N.Y. 2020).

*Second*, these documents are reliable public records.  *See* Fed. R. Evid. 803(8)(A)(iii) (hearsay exception for "factual findings from a legally authorized investigation"); *Felzcerek v. I.N.S.*, 75 F.3d 112, 116 (2d Cir. 1996) ("[R]ecords made by public officials in the ordinary course of their duties . . . evidence strong indicia of reliability . . . because public officials are presumed to perform their duties properly and generally lack a motive to falsify information.").

*The OAG's Findings.*  Exhibit A "contains the findings of the OAG's investigation and the relief agreed to by the OAG and" TIAA's subsidiary, TIAA-CREF Individual & Institutional Services, LLC ("TIAA Services").  As the OAG found, since 2012, TIAA Services "used a false and misleading marketing pitch to convince investors to roll over assets from low-fee employer sponsored retirement plans to individual managed accounts."  Ex. A ¶1.  As the OAG further found, integral to TIAA's sales process were sales representatives' (referred to by TIAA as "wealth management advisors") "cold-call[s to] preselected participants in TIAA-administered employer-sponsored retirement plans," such as the Plan, "to offer free financial planning services," *id*. ¶¶10–11 – services which were "often described as included in, or a benefit of, the investor's retirement plan."  *Id*. ¶11.  Contrary to TIAA's public representations, however, these sales representatives "were neither objective nor disinterested," but instead had "significant incentives – through financial compensation, supervisory pressure, and disciplinary processes – to recommend" participants roll assets out of employer-sponsored plans into higher-cost TIAA products.  *Id*.

*The SEC's Findings.*  Exhibit B contains agreed settlement terms between TIAA and the SEC, as well as the SEC's findings, which mirror those of the OAG.  Among the "materially misleading" statements the SEC identified were those emphasizing "TIAA's non-profit heritage in marketing materials, including training [salespeople] to include this fact in promoting its free financial planning services to [plan] participants approaching rollover eligibility."  Ex. B ¶26.  As the SEC found, these statements "misled clients into believing that [TIAA Services] and [its salespeople] operated without motivation, financial or otherwise, to promote particular products."  *Id.*

Because the findings of the OAG and the SEC directly support Plaintiffs' positions in the briefing before the Court, Plaintiffs respectfully request that the Court grant leave to file the Supplemental Declaration of Daniel Alexander and Exhibits A and B as supplemental evidence in opposition to Defendants' motions for summary judgment (Doc. 267) and to exclude Plaintiffs' expert Daniel Alexander (Doc. 272).

Dated: July 27, 2021                    Respectfully Submitted,

/s/      Andrew D. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter (phv01476)
Heather Lea, (phv08416)
Andrew D. Schlichter (phv09955)
Sean E. Soyars (phv08419)
Joel D. Rohlf (phv09849)
Alexander L. Braitberg (phv09929)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
jschlichter@uselaws.com
hlea@uselaws.com
aschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

Ari J. Hoffman (ct22516)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Telephone: (203) 368-0211
Facsimile: (203) 337-5505
arihoffman@cohenandwolf.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 27, 2021, a copy of foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ Andrew D. Schlichter