```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

-------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
          Plaintiffs,            :   Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
          Defendants.            :
-------------------------------- x
```

**ORDER RE PLAINTIFFS' EMERGENCY MOTION**
**TO STAY BRIEFING ON DAUBERT MOTIONS**

The Plaintiffs' Emergency Motion to Stay Briefing on Defendants' Motions to Exclude (ECF No. 288) may be moot, but in any event it should be denied because Federal Rule of Evidence 702 imposes the same requirements as to an expert witness regardless of whether the trial is a jury trial or a bench trial. What is different in the context of a bench trial is that the court can follow a different process in evaluating whether the requirements of Rule 702 are satisfied. The Third Circuit explained this distinction in UGI Sunbury LLC, v. A Permanent Easement for 1.7575 Acres:

1

> Rule 702 applies whether the trier of fact is a judge or a jury. By using the term "trier of fact," rather than specifying judge or jury, Rule 702 does not distinguish between proceedings. Contrast that language with Federal Rule of Evidence 403, permitting a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . misleading the jury." Fed. R. Evid. 403. Given that Rule 702 was "amended in response to Daubert . . . and to the many cases applying Daubert, including Kumho Tire," and its text continues to employ the broad "trier of fact" instead of the more specific "jury," district courts must apply Rule 702 to assess an expert's qualifications, reliability, and fit before weighing the expert's opinions to decide a triable issue. Fed. R. Evid. 702 advisory committee's note to 2000 amendments. . . . Of course, district courts do retain "latitude" to decide "how" to apply those requirements in a bench trial. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). So a district court has leeway about "whether or when special briefing or other proceedings are needed to investigate" the facts relevant to qualification and admissibility of expert testimony. Id. Or it may conditionally admit the expert testimony subject to a later Rule 702 determination. . . . But that "is not discretion to abandon the gatekeeping function" or "perform the function inadequately. Rather, it is discretion to choose among *reasonable* means of excluding expertise[.]" Id. at 158-59 (Scalia, J., concurring).

949 F.3d 825, 832-33 (3d Cir. 2020). The court acknowledges that "[s]ome courts go further and suggest that Daubert's requirements are "relax[ed]" in the context of bench trials." Id. at 833 n.4. (citations omitted). But this court finds the analysis in UGI Sunbury persuasive. While the plaintiffs assert that "[c]ourts routinely refuse to grant Daubert motions in bench-tried ERISA cases," (Mem. in Supp. of Pls.' Emergency Mot. to Stay Briefing on Defs.' Mot. to Exclude, at 6, ECF No. 289),

2

in Moreno v. Deutsche Bank Americas Holding Corp. the court was deciding a motion for partial summary judgment, not a Daubert motion. "Each side ha[d] retained an expert to opine on" a key issue and submitted evidence in support of its position, and the court concluded that it was not "appropriate to weigh the competing expert opinions now on this summary judgment motion." Moreno v. Deutsche Bank Americas Holding Corp., No. 15 Civ. 9936, 2018 WL 2727880, at *3 (S.D.N.Y. June 6, 2018).

    It is so ordered.

    Dated this 30th day of September 2021, at Hartford, Connecticut.

                                            /s/ AWT
                                    Alvin W. Thompson
                         United States District Judge