```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

-------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
           Plaintiffs,            :    Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
           Defendants.            :
-------------------------------- x
```

**ORDER RE NON-PARTY TIAA's MOTION TO SEAL**

For the reasons set forth below, non-party Teachers Insurance and Annuity Association of America ("TIAA")'s cross-motion to permanently seal (ECF No. 332) is hereby GRANTED.

In Lugosch v. Pyramid Co. of Onondaga, the court discussed the "common law presumption of access" to judicial documents and the "qualified First Amendment right of access to certain judicial documents." 435 F.3d 110, 119, 120 (2d Cir. 2006) (citations omitted). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."

1

Id. at 121. The reasoning that applies to documents submitted to a court for its consideration on a summary judgment motion also applies to documents submitted to a court in its consideration of a Daubert motion.

Under either construct, there are countervailing factors that compete with the presumption of access. In the common law context, "after determining the weight of the presumption of access, the court must balance competing considerations against it. Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. at 120 (citations omitted). In the First Amendment context, "[a] court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. [D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (citations omitted).

"The 'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of access and a request to seal." United States Sec. Exch. Comm'n v. Ahmed, No. 3:15cv675, 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Both 'financial records' and

2

'family affairs' are among those 'privacy interests' which may support sealing of documents." Id. (quoting Amodeo, 71 F.3d at 1051). "Records which could aid '[c]ommercial competitors seeking an advantage over rivals' may also properly be sealed." Id. (quoting Amodeo, 71 F.3d at 1051). See also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."); Sec. Exch. Comm'n v. Telegram Grp. Inc., 19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.").

    Under Local Rule 5(e):

> No judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.

D. Conn. L. Civ. R. 5(e)3.

    TIAA moves to permanently seal three categories of information, "Confidential Marketing Information," "Confidential Pricing Information," and "Confidential Client Information." The

3

plaintiffs originally moved to provisionally seal this information when they submitted it in support of their opposition to the defendants' motion for summary judgment and motions to exclude the plaintiffs' experts, and the court granted their motion.

TIAA has explained why the confidential marketing information is proprietary and confidential:

> The provisionally sealed excerpts from the Porter Transcript (Plaintiffs' Exhibit P47) include non-public, proprietary information concerning TIAA's marketing strategies and practices. For example, the excerpts include testimony regarding how TIAA markets its products and services to current clients and how TIAA identifies prospective clients who may be interested in TIAA's products and services. Chittenden Decl. ¶ 4. The excerpts also include proprietary details of TIAA's internal systems and processes for tracking and analyzing marketing-related data. Id. Those strategic and operational details are competitively sensitive because, if disclosed, they would give TIAA's competitors valuable insight into TIAA's business practices—and because TIAA does not have comparable information about its competitors' marketing strategies and practices. Id. ¶ 5. TIAA maintains the confidentiality of its marketing strategies and practices to prevent competitors from duplicating its methods to gain market share. Id.

(Non-Party TIAA's Resp. To Pls.' Mot. To Provisionally Seal and Mem. of Law Supp. Mot. To Permanently Seal, Ex. 1, at 3-4, ECF No. 332-1).

With respect to the Confidential Pricing Information, TIAA has satisfactorily explained that using pricing data is one of the ways in which recordkeepers seek to gain market advantage,

how that information is kept confidential, and how competitors may use that information to win business when competing with TIAA or to undercut TIAA's arrangements with its current clients. The plaintiffs argue that this information is already in the public record. However, TIAA has explained that the information which is available on TIAA's website "identifies certain participant costs but it does not show the pricing offer TIAA made to Yale in 2016, and it does not show the recordkeeping price that TIAA and Yale ultimately agreed to." (Rep. Mem. In Supp. Of Non-Party TIAA's Cross-Mot. to Permanently Seal, at 5, ECF No. 352). Also, with respect to the Form 5500 database, TIAA has explained that "those materials do not disclose the pricing offer reflected in the document TIAA seeks to seal or the ultimate pricing arrangement that TIAA negotiated with Yale." Id.

With respect to Confidential Client Information, TIAA has explained that "[t]he *structure* of client 403(b) plans and the details of their *business relationships* with TIAA are what is confidential and sensitive. Such information is not publicly available through Forms 5500." Id. at 7-8. Thus, the court finds the plaintiffs' position unpersuasive.

It is so ordered.

Dated this 30th day of September 2021, at Hartford, Connecticut.

```
                              /s/ AWT
                         Alvin W. Thompson
                    United States District Judge
```