## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS,  :
JAN M. TASCHNER, and JAMES        :
MANCINI, individually and as      :
representatives of a class of     :
participants and beneficiaries    :
on behalf of the Yale University  :
Retirement Account Plan,          :
                                  :
         Plaintiffs,              :   Civil No. 3:16-cv-1345(AWT)
                                  :
v.                                :
                                  :
YALE UNIVERSITY, MICHAEL A.       :
PEEL, and THE RETIREMENT PLAN     :
FIDUCIARY COMMITTEE,              :
                                  :
         Defendants.              :
------------------------------- x
```

### ORDER RE NON-PARTY VANGUARD'S MOTION TO SEAL

For the reasons set forth below, non-party The Vanguard Group, Inc. ("Vanguard")'s cross-motion to permanently seal (ECF No. 329) is hereby GRANTED.

In Lugosch v. Pyramid Co. of Onondaga, the court discussed the "common law presumption of access" to judicial documents and the "qualified First Amendment right of access to certain judicial documents." 435 F.3d 110, 119, 120 (2d Cir. 2006) (citations omitted). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."

1

Id. at 121. The reasoning that applies to documents submitted to a court for its consideration on a summary judgment motion also applies to documents submitted to a court in its consideration of a Daubert motion.

Under either construct, there are countervailing factors that compete with the presumption of access. In the common law context, "after determining the weight of the presumption of access, the court must balance competing considerations against it. Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. at 120 (citations omitted). In the First Amendment context, "[a] court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. [D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (citations omitted).

"The 'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of access and a request to seal." United States Sec. Exch. Comm'n v. Ahmed, No. 3:15cv675, 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Both 'financial records' and

'family affairs' are among those 'privacy interests' which may support sealing of documents." Id. (quoting Amodeo, 71 F.3d at 1051). "Records which could aid '[c]ommercial competitors seeking an advantage over rivals' may also properly be sealed." Id. (quoting Amodeo, 71 F.3d at 1051). See also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."); Sec. Exch. Comm'n v. Telegram Grp. Inc., 19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.").

> Under Local Rule 5(e):
>
> No judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.

D. Conn. L. Civ. R. 5(e)3.

Vanguard seeks to seal portions of two exhibits as they relate to "its All-in-Fee that are specific to Yale University." (Mem. of Law in Supp. Of Non-Party The Vanguard Group, Inc.'s

Mot. to Seal, Ex. 1, at 1, ECF No. 329-1). The plaintiffs
originally moved to provisionally seal this information when
they submitted it in support of their opposition to the
defendants' motion for summary judgment and motions to exclude
the plaintiffs' experts, and the court granted their motion.

Vanguard explains that "[t]he fees associated with
Vanguard's services are the product of private negotiations with
its clients and are not disclosed to Vanguard's competitors or
other clients" and how the public dissemination of this
commercially sensitive information would afford Vanguard's
competitors an unfair advantage in competing with Vanguard. Id.
The plaintiffs argue that the information is stale and should
not be sealed because Vanguard has not been a plan service
provider since 2015 and that Vanguard has submitted no evidence
of any harm that could result from disclosure of this
information. Vanguard has established that while the information
is stale as it relates to Vanguard's relationship with Yale,
disclosure of the information would interfere with Vanguard's
present contracts with other clients the terms of which were the
product of private negotiations, and in addition, put Vanguard
at an unfair disadvantage by allowing its competitors to use the
information in pitching their own services.

It is so ordered.

Dated this 30th day of September 2021, at Hartford,

Connecticut.

/s/ AWT
_____
Alvin W. Thompson
United States District Judge