**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES      :
MANCINI, individually and as    :
representatives of a class of   :
participants and beneficiaries  :
on behalf of the Yale University:
Retirement Account Plan,        :
                                :
          Plaintiffs,           :
                                :
                                :  Civil No. 3:16-cv-1345(AWT)
                                :
v.                              :
                                :
YALE UNIVERSITY, MICHAEL A.     :
PEEL, and THE RETIREMENT PLAN   :
FIDUCIARY COMMITTEE,            :
                                :
          Defendants.           :
                                :
                                :
------------------------------- x
```

**ORDER RE DEFENDANTS' OMNIBUS MOTION IN LIMINE**

**(ECF NO. 460)**

Defendants' Omnibus Motion in Limine addresses nine issues. As set forth below, the defendants' motion is being denied in many respects, granted with the consent of the plaintiffs in some respects, and denied without prejudice with respect to one issue.

**Issue One: Subsequent Remedial Measures**

Citing Fed. R. Evid. 407, the defendants contend that "[t]he Court should bar Plaintiffs from arguing that Yale's actions later in the class period—such as Yale's decisions to

-1-

consolidate recordkeepers in 2015 and subsequent move to a consolidated investment lineup—show that Yale acted imprudently." Defs.' Mem. Supp. Omnibus Mot. in Limine (ECF No. 461) at 2. The "[p]laintiffs do not contest that, as a general rule evidence of Yale's later actions cannot be used to establish Defendants' culpable conduct." Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine (ECF No. 493) at 1.

This part of the motion is **GRANTED, with the plaintiffs' consent, with respect to proving culpable conduct**.

Second, the defendants argue that "evidence of Yale's later actions is not admissible for any other purposes allowed by Fed. R. of Evidence 407—i.e., 'ownership, control, or the feasibility of precautionary measures.'" Defs.' Mem. Supp. Omnibus Mot. in Limine at 2 (citing Fed. R. Evid. 407). The court agrees with the plaintiffs that "[w]hether or not Yale could have taken actions like consolidating to a single recordkeeper and reducing recordkeeping fees earlier in the class period is a contested fact the jury will have to decide." Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine at 1.

The motion is **DENIED with respect to this point**.

**Issue Two: Dismissed Claims**

The defendants contend that "[t]he Court should preclude Plaintiffs from introducing evidence or argument relating to Plaintiffs' dismissed claims." Defs.' Mem. Supp. Omnibus Mot. in

-2-

Limine at 2. This part of the motion is overly broad. As the plaintiffs note, "[e]vidence related to a dismissed claim is admissible if it is probative to claims still pending." Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine at 4 (citing <u>Middle Mkt. Fin. Corp. v. D'Orazio</u>, 2002 WL31108260 at *9-*10 (S.D.N.Y. September 23, 2002). The plaintiffs do not dispute that evidence relating solely to dismissed claims should be excluded. The defendants give an example of such evidence in their reply brief, but because the example was not given until the reply brief, the plaintiffs did not have an opportunity to address it.

    This part of the motion is **DENIED without prejudice**.

<u>**Issue Three**</u>: **Pre-Class Period Conduct**

    The defendants contend that "[t]he Court should preclude Plaintiffs from introducing evidence of Yale's process for monitoring Plan service providers or investment options before the start of the class period and arguing that Yale's pre-class period process was imprudent." Defs.' Mem. Supp. Omnibus Mot. in Limine at 3. However, "[a] statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period." <u>Fitzgerald v. Henderson</u>, 251 F.3d 345, 365 (2d Cir. 2001). The plaintiffs have explained in their opposition how pre-class period conduct is relevant to the plaintiffs' claims of imprudent conduct during the class period

-3-

and have shown that it is relevant for the jury to consider how the defendants managed the plan over a longer period of time.

This part of the motion is **DENIED**.

The court notes that in circumstances like this, a **limiting instruction** is frequently requested.

**Issue Four**: **Yale's Procurement Policies**

The defendants move to exclude evidence regarding Yale's general procurement processes; they argue that Claudine Alexandre of Yale's Procurement Department "cannot speak to the standards a prudent fiduciary would have followed with regard[] to retirement plan recordkeeping proposals." Defs.' Mem. Supp. Omnibus Mot. in Limine at 4. The defendants contend that evidence with respect to Yale's general procurement processes is irrelevant. However, as the plaintiffs point out, the court has already concluded that such evidence is relevant. See Vellali v. Yale, 2022 WL13684612 at *9 (D.Conn. Oct. 21, 2022).

The defendants also argue that such evidence should be excluded under Fed. R. Evid. 403 because it will be confusing and a waste of the jury's time. The court is not persuaded that such evidence would be either confusing or a waste of the jury's time, much less that the probative value of such evidence is substantially outweighed by the risk of either confusion or wasting the jury's time.

This part of the motion is **DENIED**.

**Issue Five**: **Settlements in Other ERISA Cases**

The defendants move for an order "forbidding Plaintiffs' experts from referring to settlements in other ERISA cases." Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine at 9. This part of the motion is **GRANTED with the consent of the plaintiffs**.

In addition, to the extent that either side wishes to make any reference to another ERISA lawsuit during the trial, the party wishing to do so must **first raise the issue outside the presence of the jury** so that any objection can be made and ruled on in advance.

**Issue Six**: **Yale's Endowment and Investments Office**

The defendants contend that the court "should exclude evidence or argument regarding the Yale Endowment or the Yale Investments Office's process for monitoring and investing the Endowment, which is irrelevant and highly prejudicial." Defs.' Mem. Supp. Omnibus Mot. in Limine at 8.

As the plaintiffs point out, the court has already concluded that Yale's process for monitoring investments in its endowments is relevant. See Vellali v. Yale, 2022 WL13684612 at *17.

The defendants also contend that such evidence "will also be greatly prejudicial because it may distract the jury or make them more likely to award substantial damages for reasons having nothing to do with the loss (if any) caused a supposed breach."

-5-

Defs.' Mem. Supp. Omnibus Mot. in Limine at 9. They state that "It is black-letter law that evidence regarding a defendant's wealth is a 'class of evidence . . . not admitted or desirable during the liability and compensatory damages phase of the case.'" Id. (quoting Vasbinder v. Ambach. 926 F.2d 1333, 1344 (2d Cir. 1991)). In addition, they argue that there is a risk of confusion and waste of time. As the plaintiffs point out, the cases relied on by the defendants with respect to a party's wealth are ones where evidence was excluded because it was offered solely to demonstrate a party's wealth or the comparative wealth of the parties when it was not otherwise relevant. See Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine at 12-13. Also, the defendants have not shown that there is a realistic risk of either confusion or waste of time.

This part of the motion is **DENIED**. If requested, the court can give a **limiting instruction**.

**Issue Seven**: **Comparative Plans without TIAA Annuities**

The defendants move to "preclude Plaintiffs from introducing evidence as to recordkeeping or investment monitoring practices by fiduciaries to 401(k) plans or 403(b) plans that did not offer TIAA-CREF annuity products to participants. . . ." Defs.' Mem. Supp. Omnibus Mot. in Limine at 10. They argue that the plaintiffs should "not be permitted to muddy the waters by admitting evidence drawn from a materially

-6-

different context." Id. at 11. Whether the evidence at issue has been drawn from a materially different context is a determination that will be made by the finder of fact.

This part of the motion is **DENIED**.

**Issue Eight**: **Conflicts of Interest**

The defendants move to preclude evidence offered by the plaintiffs to show conflicts of interest involving TIAA. The defendants contend that "[t]he facts do not support Plaintiffs' arguments" and that "assertions that Penney is 'conflicted' are not relevant to any live claims at trial." Defs.' Mem. Supp. Omnibus Mot. in Limine at 12-13.

The determination as to whether the evidence supports the plaintiffs' arguments is one that will be made by the finder of fact. As to relevance to the claims at trial, the defendants make reference to the loyalty claims that have been dismissed. However, "the fact that the evidence of conflicts may also be relevant to the dismissed loyalty claims does not render it inadmissible. '[A] particular piece of evidence may be relevant to more than one claim.'" Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine at 18 (alteration in original) (quoting Middle Mkt. Fin. Corp., 2002 WL31108260 at *9). The plaintiffs have explained in their opposition how evidence with respect to a conflict of interest is relevant to the issue of breach of the duty of prudence. See Pls.' Mem. Opp. Defs.' Omnibus Mot. in Limine at

-7-

18-21.

This part of the motion is **DENIED**.

**Issue Nine: Preservation of Daubert Arguments**

"[O]ut of an abundance of caution," the defendants renew their arguments that "Plaintiffs' experts' opinions are not reliable and should be excluded from the trial." Defs.' Mem. Supp. Omnibus Mot. in Limine at 14. The defendants are correct that the court reached the merits of their motions and applied the "jury trial standard to Yale's motions to exclude." Id.

The court's analysis has not changed and this part of the motion of the motion is **DENIED**.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge