UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
          Plaintiffs,            :
                                 :    Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
          Defendants.            :
                                 :
                                 :
------------------------------- x
```

**ORDER RE DEFENDANTS' MOTION RE TIAA LEGACY INVESTMENTS**

**(ECF NO. 462)**

For the reasons set forth below, Defendants' Motion in Limine Regarding Legacy Investments in TIAA Traditional Annuities (ECF No. 462) is hereby **GRANTED**.

The defendants move for an order "precluding Plaintiffs from arguing that Yale was imprudent by not unilaterally transferring assets invested in the legacy versions of the TIAA Traditional annuities to different investment options." Defs.' Mot. in Limine (ECF No. 462) at 1. The defendants maintain that "[p]lan sponsors, including Yale, do not have the unilateral

ability to map assets from the legacy versions of the TIAA Traditional annuity to another annuity or investment. That is true for the simple reason that the only parties to TIAA's legacy contracts are the participants and TIAA itself." Defs.' Mem. Supp. Mot. in Limine (ECF No. 463) at 3. The defendants point out that the plaintiffs "have not come forward with a single example of another plan sponsor that has unilaterally mapped funds invested in TIAA legacy contracts to another investment without a participant's consent. Neither of Plaintiffs' recordkeeping experts, Ty Minnich and Al Otto, could identify any instance of a unilateral mapping of legacy contracts by a plan sponsor." Id. at 4.

In opposition to this motion, the plaintiffs argue that "[t]he plain language of the Plan documents and annuity contracts allow Defendants to map assets." Pls.' Mem. Opp. Defs.' Mot. in Limine (ECF No. 495) at 6 (original in bold). The court considered and rejected this argument in ruling on the plaintiffs' Motion in Limine to Exclude Parol Evidence that TIAA Annuities Cannot be Mapped (ECF No. 475).

The plaintiffs also argue that "[t]he requirements of ERISA must be included in the contract." Pls.' Mem. Opp. Defs.' Mot. in Limine at 10 (original in bold). Similarly, the court considered and rejected this argument in ruling on the plaintiffs' Motion in Limine to Exclude Parol Evidence that TIAA

-2-

Annuities Cannot be Mapped.

Finally, the plaintiffs argue that the "[d]efendants' parol evidence regarding the meaning of the contract may not be considered." Id. at 4. The court also considered and rejected this argument in ruling on the plaintiffs' Motion in Limine to Exclude Parol Evidence that TIAA Annuities Cannot be Mapped.

Thus, the plaintiffs have failed to show that they have a basis for arguing, or attempting to introduce evidence in support of an argument, that the defendants were imprudent by not unilaterally transferring assets invested in the legacy version of the TIAA traditional annuities to different investment options.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge