UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
          Plaintiffs,            :
                                 :
                                 :  Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
          Defendants.            :
                                 :
                                 :
------------------------------- x
```

**ORDER RE DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE CREF STOCK ACCOUNT AND TIAA REAL ESTATE ACCOUNT**

**(ECF NO. 464)**

For the reasons set forth below, Defendants' Motion in Limine to Exclude Evidence Related to the CREF Stock Account and the TIAA Real Estate Account (ECF No. 464) is hereby DENIED.

**Background**

In the instant motion, the defendants argue that the plaintiffs should be precluded from introducing evidence related to the CREF Stock Account and the TIAA Real Estate Account because they are "objectively prudent investments." Defs.' Mem.

Supp. Mot. in Limine (ECF No. 466) at 2 (original in all caps).

An argument with respect to whether all of the investments in the Plan was made in the defendants' motion for summary judgment. "With respect to the investment monitoring claim, the defendants argue[d] that they are entitled to summary judgment . . . [inter alia] on the entire claim because the investments themselves were objectively prudent." Vellali, et al v. Yale University, et al, 2022 WL13684612 at *15 (D.Conn. 2022).

The court summarized the defendants' arguments as follows:

> The defendants contend that the plaintiffs' investment monitoring claim fails because they do not have evidence as to causation. The defendants argue: "Sometimes referred to as 'objective prudence,' this requires a plaintiff to show not just that the defendant failed to follow a prudent process, but also that the conclusion the defendant reached is one that a 'hypothetical prudent fiduciary' would have rejected. Tussey v. ABB, Inc., 746 F.3d 327, 335 (8th Cir. 2014)."

Id. at *19.

The court found the defendants' arguments unpersuasive, concluding "Tussey does not support the defendants' arguments with respect to a 'hypothetical prudent fiduciary'" and that "'[n]o "objective prudence" requirement is contained in the Second Circuit's succinct and unambiguous description of loss analysis.'" Id. at *20 (quoting Moreno v. Deutche Bank Americas Holding Corp., 2018 WL2727880 at *4 (S.D.N.Y. 2018)).

Part of the court's decision on the motion for summary judgment [?]. The defendants submitted a supplemental brief in

which they argue that based on Sacerdote v. N.Y. Univ., 9 F.4th 95 (2d Cir. 2021), the CREF Stock Account and the TIAA Real Estate Account were prudent investment options. The defendants argued that the "[p]laintiffs nominally challenge the retention of 22 funds at summary judgment, but as a practical matter their claim turns on two: CREF Stock and TIAA Real Estate. In Secerdote II, however, the Second Circuit held that these were both prudent investments with 'unique and complex characteristics' that enhanced plan diversification and 'were performing as well as could be expected from contemporaneous assessments.'" Defs. Resp. Pls.' Suppl. Br. Regarding Additonal Authority Supp. Den. Summ. J. (ECF No. 380-1) at 8-9 (quoting Sacerdote, 9 F.4th at 120).

The plaintiffs filed a response to the defendants' supplemental brief in which they took the position that the defendants' new loss argument was tardy and argued that the result here is not controlled by Sacerdote.

This court's ruling on the motion for summary judgment does not discuss the defendants' new argument.

## Discussion

In support of the instant motion, the defendants argue:

> In 2021, in a parallel case brought by Plaintiffs' counsel challenging the exact same investments, the Second Circuit held that a prudent fiduciary in Yale's shoes would not have viewed the 2010 performance history of the CREF Stock Account and TIAA Real Estate Account

> as grounds to remove those investments from a university retirement plan. To the contrary, in concluding that New York University acted appropriately in offering the same investments to participants in its plan at this time, the Second Circuit expressly stated that "a hypothetical prudent fiduciary would have made similar choices if presented with these circumstances." Sacerdote v. New York Univ., 9 F.4th 95, 121 (2d Cir. 2021).

Defs.' Mem. Supp. Mot. in Limine at 2 (emphasis omitted). Thus, the defendants argue, "[t]he inescapable inference from the Second Circuit's holding is that, whatever views Plaintiffs of their experts might express about the performance of the CREF Stock Account and the TIAA Real Estate Account investments as of 2020, fiduciaries of university retirement plans were not required to remove these investments in 2010 based on that claimed underperformance. Prudent fiduciaries could, and did, conclude that the investments remained valuable parts of a retirement plan." Id. at 3 (emphasis added)(citations omitted). The defendants assert that "The Second Circuit has held that a prudent person monitoring a university retirement plan in 2010 'would have made similar choices' as Yale did with respect to these investments, Sacerdote, 9 F.4th at 121, meaning that this decision was at least within the range of reasonable options a fiduciary could consider." Defs.' Mem. Supp. Mot. in Limine at 4.

However, in Sacerdote, the Second Circuit did not hold with respect to Yale, or even generally with respect to fiduciaries

of university plans in general, that a prudent fiduciary in their shoes would not have viewed the 2010 performance history of the CREF Stock Account and the TIAA Real Estate Account as grounds to remove those investments from the University retirement plan.

The defendants place great emphasis on the last sentence from the language in Sacerdote, but the pertinent language in Sacerdote is as follows:

> Turning next to the investment-retention claim: plaintiffs argue that NYU breached its duty of prudence by retaining two particular funds—the CREF Stock Account and the TIAA Real Estate Account—in the Plans beyond when it should have because NYU was using inadequate benchmarks to decide which funds to retain.
> The district court found after detailed analysis, however, that the benchmarks used by the Committee to evaluate these two funds were appropriate in light of these funds' unique and complex characteristics and that the retention of these funds was valuable in diversifying the plans. The district court found that the fact the Committee changed the benchmarks employed to monitor the TIAA Real Estate Account during the relevant period demonstrated careful attention to the fund's performance. Similarly, the district court found that the Committee "focused on the difficulties with benchmarking that the CREF Stock Account presented," held "specialized discussions" about it, and was "actively engaged" with monitoring this fund's benchmarks. With respect to its evaluation of the funds' performance, the district court found that these funds were performing as well as could be expected from contemporaneous assessments. The district court specifically discredited plaintiffs' expert testimony regarding these funds' performance. We see no clear error in these factual findings.
> Based on the foregoing findings, we also agree that NYU did not breach its duty of prudence by failing to remove the CREF Stock Account and TIAA Real Estate Account from the Plans. The facts found at trial

>  demonstrated that the Committee paid special attention
>  to these funds and retained them on the strength of their
>  performance against legitimate benchmarks. We agree with
>  the district court that a hypothetical prudent fiduciary
>  would have made similar choices if presented with these
>  circumstances.

Sacerdote, 9 F.4th at 120-21 (footnotes omitted).

Thus, it is apparent that in Sacerdote, the court saw no clear error in the district court's factual findings and then based on those factual findings, agreed that NYU did not breach its duty of prudence. See Sacerdote, 9 4th at 121. The factual findings in Sacerdote v. N.Y. Univ., 9 F.4th 95, 120 2d Cir. 2021), are clearly not controlling in this case, so the court's holding in Sacerdote does not apply here either.

[The court stated that the facts found at trial demonstrated that the committee paid special attention to the funds and retained them on the strength of their performance against legitimate benchmarks. Thus, when the court made reference in the next sentence to "the circumstances," the reference was to the circumstances that existed based on the facts found at that trial, not the circumstances present under some generalized factual scenario.]

Dated this 23rd day of May 2023, at Hartford, Connecticut.

                                                /s/AWT  
                                        Alvin W. Thompson  
                               United States District Judge