UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
          Plaintiffs,            :
                                 :  Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
          Defendants.            :
                                 :
                                 :
-------------------------------- x
```

**ORDER RE PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE TESTIMONY OF CONRAD CICCOTELLO**

**(ECF NO. 467)**

For the reasons set forth below, Plaintiffs' Motion in Limine to Exclude Testimony of Conrad Ciccotello (ECF No. 467) is hereby **DENIED**.

**I.   BACKGROUND**

The defendants intend to call Conrad Ciccotello as an expert witness to offer testimony about the oversight process used to monitor and review vendors and investment options in the Yale plan. The plaintiffs move to preclude Ciccotello from

-1-

offering expert testimony, arguing that "he is wholly unqualified to opine regarding defined contribution retirement plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), he applies no discernible methodology to reach his opinions, [he] engages in improper factual narrative, and his opinion is nothing more than ipse dixit." Pls.' Mem. L. Supp. Mot. in Limine (ECF No. 468) at 1.

**II.   LEGAL STANDARD**

Federal Rule of Evidence 702 sets forth the standard to be used by the court in evaluating the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Supreme Court made clear that "the district court has a 'gatekeeping' function under Rule 702—it is charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002) (quoting Daubert, 509 U.S at 597). "In fulfilling this gatekeeping role, the trial court should look to the standards of Rule 401 in analyzing whether proffered expert testimony is relevant, i.e., whether it 'ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Amorgianos, 303 F.3d at 265 (alteration in original) (quoting Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co., 239 F.3d 179, 184 (2d Cir. 2001)). "Next, the district court must determine 'whether the proffered testimony has a sufficiently reliable foundation to permit it to be considered.'" Id. (quoting Campbell, 239 F.3d at 184).

### III. DISCUSSION

#### A. Ciccotello is Qualified to Testify as an Expert

The plaintiffs argue that "Ciccotello lacks any education or experience that would qualify him to offer opinions regarding whether Defendants followed an appropriate due diligence process in overseeing the Plan. A single limited experience with one

-3-

entity is insufficient to qualify an expert to opine regarding industry practices." Pls.' Mem. L. Supp. Mot. in Limine at 8.

The court has reviewed Ciccotello's expert report, including his summary of his qualifications, and concludes that he is qualified. The defendants have accurately summarized his qualifications as follows:

> He has served as an editor for two of the top academic journals in financial planning and performed academic research on defined contribution plan design and administration and the financial advisory profession. He has taught courses in financial planning and retirement planning for two decades, first at Georgia State University and now at the University of Denver. While at Georgia State University, Dr. Ciccotello served as a committee member and investment consultant to the University System of Georgia ("USG") defined contribution retirement plans, which, like the plan at issue here, used multiple recordkeepers and offered funds from several vendors, including TIAA. Dr. Ciccotello has also served as an expert witness in cases against USC, Emory, Cornell, and Duke based on the same theories advanced in this case.

Defs.' Mem. Opp. Pls.' Mot. in Limine (ECF No. 503) at 1. In addition, as set forth in paragraphs 14 and 15 of Ciccotello's expert report, he has relevant experience with two private foundations, as well as experience as a research fellow in the TIAA Institute.

The plaintiffs argue that Ciccotello is unqualified because "Ciccotello has never been involved in any recordkeeper consolidation process." Pls.' Mem. L. Supp. Mot. in Limine at 9. However, paragraph 12 of his expert report references his

service on the committee formed by the University System of Georgia "to evaluate and implement strategies to consolidate vendors and fund lineups across the Georgia Voluntary Plans." Expert Report of Conrad Ciccotello (ECF No. 482-1) at ¶12. Also, Ciccotello testified during his deposition about his insight into how to navigate recordkeeper consolidation. See Webster Decl., Exh. K, Ciccotello Tr. 299:5-300:20.

The plaintiffs also argue contend that Ciccotello is unqualified because the sole plan for which he has investment monitoring experience is a non-ERISA plan organized under Internal Revenue Code § 401(a), he lacks experience qualifying him to offer opinions on whether higher education plans are comparable to plans of other industries, and he has no experience with 401(k) plan administration. However, the plaintiffs are simply ignoring Ciccotello's other areas of relevant experience, including his experience teaching retirement planning classes.

The plaintiffs argue that Ciccotello is unqualified to offer opinions about TIAA's cross-selling revenue or the defendants' duty to monitor cross-selling revenue. Ciccotello was asked to critique the cross-selling opinions of the plaintiffs' expert, Daniel Alexander. (The plaintiffs cite to ¶ 282 of Alexander's report, but it appears that the relevant section of the report is ¶¶ 299-323.) The plaintiffs make the

-5-

point that Ciccotello admitted that he had no academic sources for an opinion, but the court finds that point unpersuasive for the reasons set forth in the defendants' opposition. See Defs.' Mem. Opp. Pls.' Mot. in Limine at 8. The pertinent section of Ciccotello's report makes it clear that what he did was "criticize[] specific flaws in the opinions of Plaintiff's expert Daniel Alexander." Id. at 8. He provided the basis for his critique and gave a summary of his conclusions as to what the TIAA data, in his opinion, actually shows. See Expert Report of Conrad Ciccotello at ¶¶ 322-323.

### B. Ciccotello's Opinions are Reliable and an Aid to the Trier of Fact

The plaintiffs argue that "Ciccotello presents no methodology, experience-based or otherwise." Pls.' Mem. L. Supp. Mot. in Limine at 13. They assert that "[t]o the extent what he did in evaluating the Defendants' process can be called a 'methodology,' it was simply to add up the number of documents he asserts count as instances of 'oversight' activity." Id. After reviewing Ciccotello's expert report, the court agrees with the defendants that that is a "distortion of Dr. Ciccotello's opinions", for the reasons set forth in the defendants' opposition. Defs.' Mem. Opp. Pls.' Mot. in Limine at 8. A review of Ciccotello's expert report shows that he tethers his opinions to the stated goals of the Yale plan and the

context in which the fiduciaries of that plan were serving, and then bases his opinions upon extensive documents and literature and deposition testimony.

The court also finds the arguments made by the plaintiffs with respect to "a prudent due diligence process for monitoring investments" and "a purported comparative analysis of annuities", see Pls.' Mem. L. Supp. Mot. in Limine at 13, unpersuasive for the reasons set forth by the defendants in their opposition at pages 9-10.

Finally, the court also finds unpersuasive the plaintiffs' arguments with respect to Ciccotello offering "improper state of mind opinions" and "improper factual narrative" for the reasons set forth by the defendants in their opposition at pages 10-11.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.

                                        /s/AWT
                                Alvin W. Thompson
                         United States District Judge