UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
         Plaintiffs,             :
                                 :  Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
         Defendants.             :
                                 :
                                 :
-------------------------------- x
```

**ORDER RE DEFENDANTS' MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE RELATING TO CROSS-SELLING THEORY**

**(ECF NO. 469)**

Defendants' Motion in Limine to Limit Evidence Relating to Plaintiff's Cross-Selling Theory (ECF No. 469) has multiple parts. As set forth below, the motion is being granted in part and denied in part, and the court is reserving ruling in part and will also prepare a limiting instruction.

### Background

As explained in the Ruling on Motion for Summary Judgment, Vellali v. Yale, 2022 WL13684612 (D.Conn. October 21, 2022),

-1-

"[t]he plaintiffs contend that TIAA's role as recordkeeper gave it access to demographic information about Plan participants, which TIAA was free to use to agressively market lucrative products outside of the Plan (e.g., insurance, individual retirement accounts, wealth management)—a practice known as cross-selling." Vellali, 2022 WL13684612 at *12 (internal quotation marks and citations omitted). "Thus, the plaintiffs claim that in this context the defendants breached their fiduciary duty by imprudently failing to prohibit TIAA from cross-selling." Id. In denying the defendants' motion for summary judgment as to this issue, the court explained:

> [T]he plaintiffs' claim is not that the defendants were imprudent because they disclosed confidential information or because they failed to leverage cross-selling to negotiate a better deal. Rather, the plaintiffs' claim is that Yale's failure to prohibit TIAA from cross-selling was imprudent because Yale made no effort to obtain information about TIAA's cross-selling revenues and thus could not make an informed decision about whether TIAA's total compensation, including that from cross-selling, was no more than reasonable.

Id. at 13.

In reaching this conclusion, the court found that "[t]he plaintiffs proffer expert testimony that a plan fiduciary cannot assess the reasonableness of a plan's recordkeeping or administrative fee arrangement without considering all direct and indirect forms of compensation earned by the recordkeeper in connection with its services

to the plan." Id. (internal quotation marks and citations omitted). "Alexander states that using plan participants' confidential data can generate substantial amounts of undisclosed revenue for recordkeepers . . . ." Id. (internal citations omitted).

The plaintiffs also proffered evidence in the form of "the Office of the Attorney General of the State of New York's July 13, 2021 Assurance of Discontinuance, which contains a finding, among others, that TIAA Services has earned hundreds of millions of dollars in management fees on Portfolio Advisor accounts that clients opened with assets rolled over from employer-sponsored plans." Id. (internal quotation marks and citations omitted).

## Discussion

The defendants move for an order:

> prohibiting Plaintiffs from (1) claiming that a supposed failure to monitor "cross-selling" causes losses to the Yale University Retirement Account Plan ("Plan"), (2) introducing evidence about the Office of the Attorney General of the State of New York's July 13, 2021 Assurance of Discontinuance and the Securities and Exchange Commission's July 13, 2021 Order Instituting Administrative and Cease-and-Desist Proceedings, and (3) precluding Plaintiffs' expert Daniel Alexander from offering irrelevant opinions about Yale and TIAA.

Defs.' Mot. in Limine (ECF No. 469) at 1.

**Request for Damages Based on Cross-Selling Revenue**

As to the first point, the motion is **DENIED** because, as is

clear from the Ruling on Motion for Summary Judgment, and as the plaintiffs make clear in their opposition, they "do not intend to submit a separate request for damages to the jury based on TIAA's cross-selling revenue." Pls.' Mem. Opp. Defs.' Mot. in Limine (ECF No. 497) at 1.

**New York Attorney General and SEC Orders**

The defendants argue that the court should "preclude Plaintiffs from introducing evidence or opinion about TIAA's 2021 settlement with government regulators, including the OAG Assurance of Discontinuance and the SEC Order." Defs.' Mem. Supp. Mot. in Limine (ECF No. 471) at 4. They contend that "references to these post-suit regulatory actions against TIAA—which did not involve Yale or Yale's fiduciary practices—are irrelevant, inadmissible, and enormously prejudicial." Id.

The court agrees with the plaintiffs that the Assurance of Discontuance and the SEC order are relevant. See Pls.' Mem. Opp. Defs.' Mot. in Limine at 8-9. The court also agrees with the plaintiffs that the orders can be offered for a non-hearsay purpose, namely "as evidence that TIAA was engaged in profitable cross-selling activities on college campuses during the relevant time period" and "[t]he fact that the agencies were able to measure TIAA's cross-selling activities and revenues is further relevant to show that Yale feasibly could have done so as well." Id. at 9.

-4-

The court need not resolve, at least not at this time, the issue of whether the orders are covered by a hearsay exception. To the extent the plaintiffs would seek to admit the documents in their entirety, pursuant to a hearsay exception, the defendants have made a persuasive argument that they should be excluded under Fed. R. Evid. 403.

> Admitting evidence of regulatory investigations into TIAA in connection with its Portfolio Advisor service [carries] a tremendous risk of unfair prejudice, which refers to "that which might dispose a jury to render a verdict for reasons unrelated to the merits of the case." Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 150 (2d Cir. 2010). The jury may well believe that the investigations into TIAA, relating to a service that is not at issue in this case, are proof of wrongdoing and that Yale (the party on trial) must have somehow been responsible. The risk of unfair prejudice is exacerbated because jurors are likely to give undue weight to statements made by a government agency in a formal settlement . . . .

Defs.' Mem. Supp. Mot. in Limine at 7-8.

However, to the extent that the only information that is conveyed to the jury is that TIAA was engaged in profitable cross-selling activities and that TIAA's cross-selling activities and revenues could be measured, the court's Rule 403 analysis would be different.

Thus, this part of the motion is **GRANTED in part**, and the court is **reserving ruling** with respect to whether some portion of this evidence is admissible for a limited purpose.

**Opinions of Plaintiff's Expert Daniel Alexander**

The defendants argue that Alexander's testimony should be

The court need not resolve, at least not at this time, the issue of whether the orders are covered by a hearsay exception. To the extent the plaintiffs would seek to admit the documents in their entirety, pursuant to a hearsay exception, the defendants have made a persuasive argument that they should be excluded under Fed. R. Evid. 403.

> Admitting evidence of regulatory investigations into TIAA in connection with its Portfolio Advisor service [carries] a tremendous risk of unfair prejudice, which refers to "that which might dispose a jury to render a verdict for reasons unrelated to the merits of the case." Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 150 (2d Cir. 2010). The jury may well believe that the investigations into TIAA, relating to a service that is not at issue in this case, are proof of wrongdoing and that Yale (the party on trial) must have somehow been responsible. The risk of unfair prejudice is exacerbated because jurors are likely to give undue weight to statements made by a government agency in a formal settlement . . . .

Defs.' Mem. Supp. Mot. in Limine at 7-8.

However, to the extent that the only information that is conveyed to the jury is that TIAA was engaged in profitable cross-selling activities and that TIAA's cross-selling activities and revenues could be measured, the court's Rule 403 analysis would be different.

Thus, this part of the motion is **GRANTED in part**, and the court is **reserving ruling** with respect to whether some portion of this evidence is admissible for a limited purpose.

**Opinions of Plaintiff's Expert Daniel Alexander**

The defendants argue that Alexander's testimony should be

excluded to the extent it conflicts with the Ruling on Motion for Summary Judgment. The defendants raise seven points in this part of the motion.

The motion is **DENIED** with respect to points one, two, and four, which cover the following topics: "Alexander opines that TIAA 'incentivizes' its employees to recommend non-plan products through a 'variable compensation structure.' . . . Alexander opines that TIAA's 'documents and testimony' show that use of participant data is the 'core' of TIAA's strategy to market to customers. . . . Alexander opines that by encouraging participants to roll-over assets from their 403(b) accounts to individual retirement accounts, TIAA has caused 'leakage' of assets outside the Plan." Defs.' Mem. Supp. Mot. in Limine (ECF No. 471) at 9 (internal citations omitted). The defendants contend that these opinions are irrelevant. The plaintiffs have given a sufficient explanation as to relevance that is consistent with the Ruling on Motion for Summary Judgment.

The motion is **DENIED** with respect to the third point, which covers the following topic: "Alexander opines that TIAA owed a fiduciary duty to Plan participants but that this duty 'cannot insulate Yale' from liability." Id. (internal citations omitted). Alexander does not opine that TIAA owed a fiduciary duty to plan participants. Rather, in ¶ 135 of his report, he makes reference to testimony of various Yale representatives.

See Expert Report of Daniel Alexander at ¶ 135. He then writes: "Based on my knowledge of industry practices, as well as the testimony of TIAA's representatives in this case, this belief was inconsistent with the conduct of TIAA, which applied a different standard." Id.

The motion is **DENIED** with respect to the fifth point, which covers the following topic: "Alexander opines that Yale had a "conflicted" relationship with TIAA." Defs.' Mem. Supp. Mot. in Limine at 9. This issue is addressed in the ruling on Defendants' Omnibus Motion in limine (ECF No. 460).

This motion is **DENIED as moot** with respect to the sixth point, which covers the following topic: "Alexander opines that TIAA's recordkeeper compensation constituted a 'prohibited transaction' and that 'Plaintiffs should receive reimbursement' of TIAA recordkeeping fees based on TIAA's 'profit margin' on cross-selling." Defs.' Mem. Supp. Mot. in Limine at 10. However, as explained by the plaintiffs in their opposition, because summary judgment has been granted in favor of the defendants on the prohibited transactions claims, the plaintiffs will not seek to present this evidence at trial.

This motion is **DENIED** with respect to the seventh point, which covers the following topic: "Alexander opines that TIAA 'generated undisclosed revenue in excess of $130 million, dwarfing the amount of direct recordkeeping revenue TIAA

-7-

actually disclosed.'" Id. However, the court will give a limiting instruction. The defendants argue that this evidence is irrelevant, but the plaintiffs have given a sufficient explanation as to relevance that is consistent with the Ruling on Motion for Summary Judgment. As an alternative, the defendants have requested a limiting instruction along the following lines:

> You have heard testimony about the amount of revenue that Plaintiffs claim TIAA earned from marketing non-plan products and services. This claimed revenue does not represent losses to the Plan and should not be considered in awarding damages. You should consider this evidence only in deciding whether a prudent fiduciary would have monitored TIAA differently than Defendants did under the circumstances. It is for you to decide whether Plaintiffs' estimates are correct and what weight to give them in your deliberations.

Defs.' Reply Supp. Mot. in Limine (ECF No. 516) at 11. The court will give a **limiting instruction** along these lines and will share the language with counsel in advance.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge