```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT
```

------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
        Plaintiffs,              :
                                 :
                                 :   Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
        Defendants.              :
                                 :
                                 :
------------------------------- x

**ORDER RE PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE TESTIMONY OF DOUGLAS CHITTENDEN AND DAVID STINNETT**

**(ECF NO. 479)**

For the reasons set forth below, Plaintiffs' Motion in Limine to Preclude Testimony of Douglas Chittenden and David Stinnett (ECF No. 479) is hereby **DENIED**.

### Background

On July 13, 2018, the defendants served their initial disclosures and identified TIAA and Vanguard as entities likely to have discoverable information. In February 2019, the plaintiffs served a deposition notice on TIAA that covered 34

-1-

different topics. After motion practice, TIAA agreed to make three witnesses available as corporate representatives on the noticed topics as follows: "Stephen Campbell (Topics 4-15, 17-18, 20-23, and 32-33), Elizabeth Sutherland (Topics 16 and 19), and E. Craig Porter (Topics 24-31)." Defs.' Mem. Opp. Pls.' Mot. in Limine (ECF No. 499) at 3. The plaintiffs took the depositions of the TIAA designees in July 2019.

The plaintiffs also served a deposition subpoena on Vanguard. Vanguard designated Margaret Rux as the corporate representative to testify in response to the plaintiffs' requests for testimony on 32 different topics. The plaintiffs took Rux's deposition in March 2019.

In July 2022, the defendants emailed counsel for TIAA to confirm the availability of TIAA's corporate representatives for trial. The defendants learned that Porter had left TIAA and was outside the court's subpoena power. The defendants were informed that Douglas Chittenden was available to replace Porter. The defendants also learned that Campbell and Sutherland had retired but were within the court's subpoena power.

In July 2022, the defendants also contacted counsel for Vanguard to confirm the availability of Vanguard's corporate representative for trial, being aware that Rux had retired. The defendants were eventually informed that Carmen Rive would be available to testify on behalf of Vanguard.

In October 2022, the defendants served amended Fed. R. Civ. P. 26(e) disclosures in which they identified Chittenden and Rive. The plaintiffs did not raise any objection at that time; nor did they ask the defendants or the court for an opportunity to take discovery of Chittenden or Rive.

On March 28, 2023, the defendants contacted counsel for Vanguard to confirm that Rive would be available to testify at trial. They were informed that Rive was outside the court's subpoena power and David Stinnett would be available.

When the defendants submitted their witness list in the joint trial memorandum, they listed Campbell, Chittenden, and Sutherland as witnesses who may testify about TIAA's products and services. They listed Stinnett in place of Rive as a witness who may testify about Vanguard's products and services.

## Discussion

The court agrees with the plaintiffs that "[a] party's mere 'knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [the disclosing party] informed [the opposing party] that it might call the witness." Pls.' Reply Supp. Mot. in Limine (ECF No. 514) at 2 (quoting 3DT Holdings LLC v. Bard Access Sys., No. 17-5463, 2022 U.S. Dist. LEXIS 89410, at *8 (S.D.N.Y. May 17, 2022) (alteration in original) (internal quotation marks omitted). The court also agrees with the

-3-

plaintiffs that "[t]here is no corollary to Rule 30(b)(6) in the Federal Rules of Civil Procedure or Evidence authorizing corporate representatives to be designated for trial." Id. at 7 (citing Roundtree v. Chase Bank USA, N.A., 2014WL2480259 (W.D.Wash. 2014) (Rule 30(b)(6) "is inapplicable to the issue of witness testimony at trial")). Nonetheless, after reviewing the factors set forth in Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955 (2d Cir. 1997), the court concludes that they weigh in favor of denying the plaintiffs' motion.

The Softel factors are:

> (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Softel, 118 F. 3d at 961. See also Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2006)(noting that "although a "bad-faith" violation of the Rule 26 is not required in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply.").

Here, the second and third Softel factors weigh heavily in favor of the defendants. As to the second factor, the testimony of the witnesses from TIAA and Vanguard is very important in

-4-

this case. Both TIAA and Vanguard were disclosed by the defendants in their initial disclosures. The corporate representatives of each were deposed by the plaintiffs on over 30 topics. TIAA felt it was necessary to make three corporate representatives available to address the topics noticed by the plaintiffs. The business relationship between the defendants and each of TIAA and Vanguard features prominently in the issues that will be tried in this case.

As to the third Softel factor, the prejudice suffered by the plaintiffs as a result of having to prepare to meet the testimony of Chittenden and Stinnett is not significant in the context of this case. Chittenden was disclosed as a replacement for Porter in October 2022. At the same time, the plaintiffs were informed that Rux would not be available. The plaintiffs did not object and took no steps to depose the replacements. In addition, there are ways for the plaintiffs to confirm that Chittenden and Stinnett will each be testifying subject to the previous testimony of the corporate representative each replaced.

The first Softel also weighs in favor of the defendants. As to Chittenden, the defendants assert that they "believed Plaintiffs knew of the relevance of Chittenden's testimony." Defs.' Mem. Opp. Pls.' Mot. in Limine at 9. The court agrees with the defendants that it was "reasonable" for them to believe

so. Id. As to Stinnett, Margaret Rive was disclosed at the same time that Chittenden was disclosed, and the defendants disclosed Stinnett less than a week after they first learned that Rive would not be available. Similarly, the defendants reasonably believed that the plaintiffs knew the relevance of the testimony expected to be given by Rux and then Rive.

As to the fourth Softel factor, there is no possibility of a continuance here, but there is time to take a short deposition of the witnesses at issue if that is necessary.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge