**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
          Plaintiffs,            :
                                 :   Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
          Defendants.            :
                                 :
                                 :
------------------------------ x
```

**ORDER RE DEFENDANTS' MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF ALLEGEDLY PRUDENT INVESTMENT ALTERNATIVES**
**(DOMINGUEZ AND BUETOW)**

**(ECF NO. 483)**

For the reasons set forth below, Defendants' Motion in

Limine to Preclude Evidence of Allegedly Prudent Investment

Alternatives (ECF No. 483) is hereby **DENIED**.

**Background**

The defendants move for an order precluding plaintiffs'

experts Wendy Dominguez and Gerald Buetow from offering

testimony about supposedly prudent investment alternatives. The

defendants previously moved to exclude Dominguez and Buetow. See

-1-

Defs.' Mot. Exclude Pls.' Experts Wendy Dominguez and Gerald
Buetow (ECF No. 275). In the prior motion, "[t]he defendants
argue[d] that Dominguez' testimony should be excluded because it
is based on a premise already rejected by the court . . .[and]
because there is not a sufficiently reliable foundation for her
proffered testimony because she did not follow a reliable
methodology." <u>Vellali, et al v. Yale University, et al</u>, 2022
WL969753 at *1 (D.Conn. 2022). The defendants argued that
"Buetow's testimony is derivative of Dominguez's testimony, so
it should also be excluded." <u>Id.</u> at *4. The court denied the
defendants' prior motion.

In the prior motion, the defendants made four arguments as
to why Dominguez did not follow a reliable methodology, as
follows:

> First, they contend that she did not follow any
> methodology for selecting the funds that she evaluated.
> . . . Second, the defendants contend that, as to the
> funds Dominguez evaluated, she did not follow a
> methodology that is deployed by professionals outside of
> the litigation context. . . . Third, the defendants
> contend that Dominguez did not follow a consistent
> process. . . . Fourth, the defendants contend that
> Domingez does not apply the methodology she advocates in
> this litigation to her own clients—-or anything like it.

<u>Id.</u> at *3-*4.

## Discussion

In support of the instant motion, the defendants argue
first, that "Dominguez uses the same deficient hindsight

methodology that was recently excluded in the USC case,"
referring to Munro v. Univ. S. Cal., 2022 WL16955481 (C.D.Cal.
2022), and second, that "Dominguez's track record reinforces her
use of hindsight to select alternative investment options."
Defs. Mem. Supp. Mot. in Limine (ECF No. 485) at 2, 5 (original
in all caps).

　　Although the defendants characterize their motion as a
motion in limine, it is in substance a motion for
reconsideration and one which would not be granted even if the
court were to grant the defendants leave to file it after the
deadline for filing such a motion has passed.

　　"A motion for reconsideration may not be used to plug gaps
in an original argument or to argue in the alternative once a
decision has been made." SPGGC, Inc. v. Blumenthal, 408 F. Supp.
2d 87, 91 (D. Conn. 2006) (internal citation and quotation marks
omitted). "It is also not appropriate to use a motion to
reconsider solely to re-litigate an issue already decided." Id.
"A motion for reconsideration may not be used to advance new
facts, issues or arguments not previously presented before the
Court, nor may it be used as a vehicle for relitigating issues
already decided by the Court." Davidson v. Scully, 172 F. Supp.
2d 458, 461 (S.D.N.Y. 2001). See also Nat'l Union Fire Ins. Co.
of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir.
2001) (noting that arguments raised for the first time on a

-3-

motion for reconsideration may be rejected as untimely). <u>See</u> <u>also</u> D. Conn. L. Civ. R. 7(c)(1) ("Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

Here, the defendants made four separate arguments in the prior motion in support of their contention that Dominguez did not follow a reliable methodology. Although they did not label any of the four arguments as ones based on use of "deficient hindsight methodology," they did raise the issue of hindsight in support of their arguments. <u>See</u> Mem. L. Supp. Defs. Mot. Exclude Pls.' Experts Wendy Dominguez & Gerald Buetow (ECF. No. 276) at 8 (discussing "evaluating only those funds from sectors that, with the benefit of hindsight, happened to be the ones that underperformed the broad market."). Thus, the defendants attempt to do here what is not permitted, namely, relitigate an issue already decided by the court by filling in gaps in the original argument.

In addition, the defendants place great emphasis on <u>Munro</u>. <u>See</u> Defs. Mem. Supp. Mot. in Limine at 3 ("Its reasoning applies here with full force."). The court does not analyze the facts or reasoning in <u>Munro</u> because it is not a controlling decision.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.


                              _____
                                      /s/AWT
                                Alvin W. Thompson
                              United States District Judge