### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES       :
MANCINI, individually and as     :
representatives of a class of    :
participants and beneficiaries   :
on behalf of the Yale University :
Retirement Account Plan,         :
                                 :
        Plaintiffs,              :
                                 :   Civil No. 3:16-cv-1345(AWT)
                                 :
v.                               :
                                 :
YALE UNIVERSITY, MICHAEL A.      :
PEEL, and THE RETIREMENT PLAN    :
FIDUCIARY COMMITTEE,             :
                                 :
        Defendants.              :
                                 :
                                 :
------------------------------- x
```

### ORDER RE PLAINTIFFS' MOTION IN LIMINE
### TO EXCLUDE PAROL EVIDENCE RE DEFENDANTS' AUTHORITY TO MAP TIAA ANNUITIES

### (ECF NO. 475)

For the reasons set forth below, Plaintiffs' Motion in Limine to Exclude Parol Evidence Regarding Defendants' Authority to Map TIAA Annuities (ECF No. 475) is hereby **DENIED**.

### Background

The plaintiffs move "to exclude extrinsic evidence regarding Defendants' ability to transfer participant assets from TIAA annuities to other investments, commonly referred to as 'mapping,' as irrelevant because of the parol evidence rule."

Pls.' Mem. Supp. Mot. in Limine (ECF No. 476) at 1. The
plaintiffs contend that the "[t]he Plan documents unambiguously
give Defendants the authority to remove any investment option
and transfer the funds invested in it to another option." Id. at
3 (original italicized). They also contend that "[t]he TIAA
annuity contracts expressly allow for plan sponsor mapping and
provide that all rights under the contracts are subject to the
Plan documents and ERISA." Id. at 6 (original italicized). Based
on the fact that "[i]f a contract is unambiguous, extrinsic
evidence may not be used to interpret the intent of the parties,
to vary the terms of the contract or to create an ambiguity[,]"
Umbach v. Carrington Inv. Partners (US), LP, 851 F.3d 147, 157-
58 (2d Cir. 2017), they further contend that extrinsic evidence
regarding the defendants' ability to transfer participant assets
from TIAA annuities to other investments is irrelevant.

## Discussion

The Plan documents do not unambiguously give the defendants
the authority to remove any investment option and transfer the
funds invested in it to a different option. The plaintiffs
assert that "[t]he Plan documents expressly provide that the
'Plan Administrator [Yale] . . . has the right to establish
alternative Contracts or offer alternative Investment Funds or,
to the extent permitted under the Contract, eliminate any
previously established Contract or previously offered Investment

-2-

Fund <u>by transferring amounts</u> held thereunder to a successor
Contract or Investment Fund.'" <u>Id.</u> at 3 (emphasis added)
(internal citations omitted).[1] Thus, the Plan documents relied on
by the plaintiffs to make this argument make it clear that the
Plan administrator can map an investment to another investment
only to the extent permitted under the contract in question.

The plaintiffs cite to another section of the Plan
documents as unambiguously "indicat[ing] that Defendants have
the authority to eliminate investment options and transfer funds
invested in those options." <u>Id.</u> at 4. However, as the defendants
point out, the plaintiffs omit a key clause at the end of that
language from the Plan documents, which makes it clear that the
terms of the contracts govern. The language in question is as
follows:

> <u>Contracts—Incorporation by Reference</u>. The terms of each
> Contract are a part of the Plan as if fully set forth in
> the plan document and the provisions of each are
> incorporated by reference into the Plan; provided,
> however, if there is any inconsistency or ambiguity
> between the terms of the Plan and the terms of the
> Contracts, the terms of the Plan shall control unless
> such terms would violate any applicable requirements
> under the Code or ERISA **or unless the terms of the
> Contracts shall control as specifically provided herein**.

Defs. Mem. Opp. Pls.' Mot. in Limine (ECF No. 502) at 6
(emphasis added) (citing Yale Plan § 6.5 (ECF No. 281-48)).

---

[1] The section of the Yale Plan the defendants refer to is § 6.1.

The plaintiffs assert that the annuity contracts "expressly allow for plan sponsor mapping," but then acknowledge that "[n]o provision of the legacy TIAA contracts specifically addresses . . . the transfer or mapping of assets by Plan sponsors." Pls.' Mem. Supp. Mot. in Limine at 4.

The plaintiffs point out that "[b]oth the Retirement Annuity (RA) and the Group Supplemental Retirement Annuity (GSRA) contracts expressly permit investors to transfer their assets to a Funding Vehicle not offered by CREF or TIAA." Id. (emphasis added) (internal quotation marks and citations omitted). However, "investors" are not plan sponsors.

The plaintiffs point out that the contracts "recognize that certain actions can be restricted by the Plan." Id. However, as the defendants note, "[t]he provision they cite states that a plan may 'limit withdrawals, availability of the unit-annuity for a fixed period, participation in accounts . . . and transfers to a funding vehicle not offered by CREF or TIAA.' That is the opposite of what Plaintiffs need to support their theory." Defs. Mem. Opp. Pls.' Mot. in Limine at 8 (quoting Exh. P104 (ECF No. 309-104) at 96).

The plaintiffs argue that "ERISA requires plan documents and service provider contracts to be interpreted to allow Defendants to close investments and map them to other options if the investments are imprudent or charge unreasonable fees."

-4-

Pls.' Mem. Supp. Mot. in Limine at 9. However, the plaintiffs cite to authority that relates to plan documents and plan terms, not to service provider contracts. The plaintiffs also cite to a regulation, 29 C.F.R. § 2550.408b-2(c)(3). That regulation does relate to service provider contracts, but does not address any authority of a plan sponsor to remove an investment option governed by a contract to which the plan sponsor is not a party and unilaterally transfer the funds.

Finally, even if the court had found the plaintiffs' arguments concerning the Plan documents persuasive, the parol evidence rule does not apply in the circumstances present here. "The parol evidence rule 'prohibits the admission of evidence of prior or contemporaneous oral agreements, or prior written agreements, whose effect is to add to, vary, modify, or contradict the terms of a writing which the parties intend to be a final, complete, and exclusive statement of their agreement.'" Id. at 5 (quoting 11 Williston on Contracts § 33:1 (4th ed.)). Here, none of the defendants is a party to the TIAA legacy contracts. See Zenith Radio Corp. v. Hazeltine Rsch., Inc., 401 U.S. 321, 348 n. 12 (1971)("[T]he parol[] evidence rule is usually understood to be operative only as to parties to a document."). Moreover, the evidence the defendants seek to introduce is not evidence of contemporaneous oral or written agreements anyone had with TIAA, but rather evidence that "

industry participants all understood that the decades-old TIAA legacy contracts could not be mapped unilaterally by the plan sponsor." Defs. Mem. Opp. Pls.' Mot. in Limine at 5.

It is so ordered.

Dated this 26th day of May 2023, at Hartford, Connecticut.


<u>                    /s/AWT                    </u>
Alvin W. Thompson
United States District Judge