**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
JOSEPH VELLALI, NANCY S. LOWERS, :
JAN M. TASCHNER, and JAMES      :
MANCINI, individually and as    :
representatives of a class of   :
participants and beneficiaries  :
on behalf of the Yale University:
Retirement Account Plan,        :
                                :
         Plaintiffs,            :
                                :
                                :  Civil No. 3:16-cv-1345(AWT)
                                :
v.                              :
                                :
YALE UNIVERSITY, MICHAEL A.     :
PEEL, and THE RETIREMENT PLAN   :
FIDUCIARY COMMITTEE,            :
                                :
         Defendants.            :
                                :
                                :
------------------------------- x
```

**ORDER RE PLAINTIFFS' MOTION IN LIMINE**
**RE UNIVERSITY-SPECIFIC STANDARD FOR ERISA FIDUCIARIES**

**(ECF NO. 472, 474)**

For the reasons set forth below, Plaintiffs' Motion in limine to Exclude Evidence and Argument Suggesting a University-Specific Standard for ERISA Fiduciaries (ECF No. 472 and 474) is hereby GRANTED in part and DENIED in part.

### Background

The plaintiffs move to exclude "all evidence, testimony, and argument suggesting that Defendants' duty of prudence under ERISA is defined solely by comparison to the conduct of other

-1-

educational institutions." Pls.' Mot. in Limine (ECF No. 472) at 1. They maintain that "[b]ecause the ERISA duty of prudence is not defined solely by the conduct of others in the same industry, any evidence, testimony, or argument that suggests otherwise is prejudicial, misleading, and likely to confuse to the jury." Id.

The defendants state that "under ERISA's prudence standard, what is prudent for Yale is not necessarily prudent for every fiduciary (or vice versa). Rather, under the plain text of the statute, the duty of prudence is inherently contextual, depending on what other fiduciaries in like circumstances would do." Defs. Mem. Opp. Pls.' Mot. in Limine (ECF No. 501) at 1. They argue that "[h]ere, that context is what other 403(b) plans, and university plans in particular, were doing under the circumstances Yale faced during the class period." Defs. Mem. Opp. Pls.' Mot. in Limine at 3.

## Discussion

To address the arguments made by the parties, the court emphasizes the distinction between the definition of the duty of prudence under ERISA, i.e. the legal standard, and the nature of the evidence that can be used to show that a fiduciary has or has not breached that duty of prudence.

"[T]he same standard of prudence applies to all ERISA fiduciaries." Fifth Third Bancorp v. Dudenhoeffer. 573 U.S. 409,

418-19 (2014). ERISA's duty of prudence requires plan fiduciaries to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). "Prudence is not an abstract concept. It must be measured in the context of the facts and circumstances prevailing at the time of the relevant action." James D. Hutchinson, The Federal Prudent Man Rule Under ERISA, 22 Vill. L. Rev. 15, 43 (1976). "ERISA's prudent man rule was meant to measure a fiduciary's performance against that of a prudent man operating in a factual setting involving similar circumstances and a plan of a like character and with like aims." Id. (internal quotation marks and citations omitted). "Without a threshold analysis of a plan's characteristics and needs, there is little basis for determining whether a fiduciary has acted prudently in attempting to serve the interests of the participants and beneficiaries of the plan." Id. Also, as the Supreme Court recognized in Fifth Third, "the content of ERISA's duty of prudence [does not] var[y] depending upon the specific nonpecuniary goal set out in an ERISA plan." 573 U.S. at 420.

The determination as to what facts and circumstances have the greatest probative value in a particular case, and what characteristics of two enterprises make them of a like character

and with like aims for purposes of the duty of prudence in a particular case, is one that is made by the finder of fact.

The finder of fact might determine, based on all of the evidence presented, that evidence relating to prudent persons in a particular industry is most probative. On the other hand, the finder of fact might determine, based on all of the evidence presented, that evidence relating to prudent persons that cuts across a number of different industries is most probative.

Thus, the <u>mere</u> <u>fact</u> that another plan is a plan for a university does not mean, for purposes of the duty of prudence, that the factual circumstances then prevailing are the same or that Yale and the other enterprise are of a like character and with like aims. On the other hand, the <u>mere</u> <u>fact</u> that another plan is not a university plan does not mean that it is not a good comparator.

The plain meaning of the word "like" is "similar." <u>Like</u>, Merriam-Webster Online Dictionary, 2023. In the context of the duty of prudence, "like" means similar in ways that matter for purposes of acting prudent. For example, the defendants cite to the example of restaurant workers in the 1972 Senate Report. <u>See</u> Defs. Mem. Opp. Pls.' Mot. in Limine at 4 n.1. There, what was material was not the fact that a plan is for workers in the restaurant industry, but the fact that the plan was for workers in an industry with highly mobile employees.

The plaintiffs contend that 29 U.S.C. § 1104(a)(1)(B) means that "[a]s a matter of law, the measure of prudence is not what others in a particular industry do, but what a prudent investment professional would do." Pls.' Mem. Supp. Mot. in Limine (ECF No. 473) at 3 (internal citations omitted). However, that is not what 29 U.S.C. § 1104(a)(1)(B) says, and it is not an accurate statement of the law.

The plaintiffs' motion is overly broad. It seeks to preclude evidence and arguments that "suggest" a particular legal standard is the applicable one in this case. However, so long as the evidence and arguments by the defendants establish or suggest factual conclusions that are admissible under the Federal Rules of Evidence or permissible as argument, the fact that they might also "suggest" that a certain legal standard is the controlling standard in this case is no reason to preclude them. The court will instruct the jury on the applicable legal standard.

The defendants do not state that a "university specific standard" is applicable here, but they do not state explicitly that they will not make any such argument. Therefore, so the parties have clear guidance, the motion is **GRANTED** to the extent it seeks to preclude the defendants from arguing that the applicable legal standard is defined solely in the context of conduct of other educational institutions. To the extent the

plaintiffs seek to preclude the defendants from offering evidence demonstrating that or arguing that the most appropriate comparators are other educational institutions, the motion is **DENIED**.

It is so ordered.

Dated this 30th day of May 2023, at Hartford, Connecticut.

                                    /s/AWT
                              Alvin W. Thompson
                          United States District Judge