IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH VELLALI *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>YALE UNIVERSITY *et al.*,<br><br>*Defendants*. | Civil Action No. 3:16-cv-01345-AWT<br><br>Hon. Alvin W. Thompson |

### DEFENDANTS' MOTION TO PRECLUDE
### EXPERT NARRATIVE AND RELIANCE ON UNADMITTED EXHIBITS

At the May 25 pretrial conference, Plaintiffs indicated that their first two witnesses would be experts—Wendy Dominguez (investments) and Ty Minnich (recordkeeping), who Plaintiffs hoped would "lay a little foundation" at the start of the case. *See* Ex. A, 5/25/23 Tr. 42:17-43:4 ("We intend to call [Wendy Dominguez] first, Your Honor, which is a little unusual and Ty Minnich, another expert second. So just a preview for the Court, those would be our first two witness, would be two expert witnesses that we're hoping will help lay a little foundation for the jury for all of the evidence that would come after.").

Plaintiffs may call their experts in their case-in-chief whatever order they choose. However, using experts to "lay a little foundation" for the jury can be problematic, particularly when (as here) those experts will be the very first witnesses the jury will hear from in the trial. It is "generally viewed as 'improper . . . for a party to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury.'" *United States v. Garcia*, 413 F.3d 201, 214 (2d Cir. 2005). "The law already provides an adequate vehicle for [a plaintiff] to 'help' the jury gain an overview of anticipated evidence as well as a preview of its theory of each defendant's culpability: the opening statement." *Id*. These principles apply equally in civil trials.

-1-

*See, e.g.*, *Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 2010 WL 1553784, at *4 (D. Conn. Apr. 19, 2010) (Kravitz, J.) ("expert witnesses may not testify, or utilize charts, summaries, pedagogical aids, and/or any other kind of demonstrative aid that references evidence not otherwise already admitted").

Based on these concerns, as well as a desire to minimize objections in front of the jury at the outset of the case, Defendants respectfully request that the Court order that certain limitations apply to Dominguez and Minnich's testimony as the first two witnesses at trial. Specifically, the Court should make clear that Dominguez and Minnich (1) may not offer factual narrative about relevant conduct in this case, (2) may not opine on ultimate issues (such as the "prudence" of plan investments or expenses), and (3) may not offer demonstratives or other pedagogical aids that purport to summarize exhibits not yet admitted into evidence. These guardrails should be in addition to the general rules on when a proponent can disclose hearsay used to formulate an expert's opinion, which the Court previously address in connection with a motion *in limine*. *See* Dkt. 524 at 8; Fed. R. Evid. 703.

**I.      The Court Should Preclude Factual Narrative.**

It is generally inappropriate for a party to use their experts to lay a "foundation" for evidence the jury later will later hear about Defendants' process or other issues in the case. Expert testimony that "purport[s] to provide extensive factual narrative—to gather facts from throughout the record, to tell a story favorable to [an expert's] client and with much advocacy embedded throughout"—is improper because "the lawyers can do all of that in opening or closing statements." *In re M/V MSC Flaminia*, 2017 WL 3208598, at *8 (S.D.N.Y. July 28, 2017); *accord Hostetler v. Johnson Controls, Inc.*, 2020 WL 4915668, at *5 (N.D. Ind. Aug. 21, 2020) ("constructing a factual narrative based upon record evidence" is not an appropriate role for an

expert; "that's a lawyer's job through the presentation of evidence and through opening statements and closing arguments"). Indeed, a district court "may commit manifest error by admitting expert testimony where the evidence impermissibly mirrors the testimony offered by fact witnesses." *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994).

If Plaintiffs' experts' reports are any indication, however, Dominguez and Minnich may both offer opinions that consist of a summary of processes or decisions which the jury will hear about through later testimony from witnesses with personal knowledge of these events. *E.g.*, Dkt. 281-5, Dominguez Rpt. ¶¶ 84-212 (discussing record evidence and purporting to describe what Defendants "knew," "assumed," and "considered"). The Court should preclude Plaintiffs' experts from offering a one-sided preview of these facts to the jury. *See, e.g.*, *SEC v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) ("Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise; nor is such a narration traceable to a reliable methodology."); *Highland Cap. Mgmt. L.P. v. Schneider*, 379 F. Supp. 2d 461, 468-470 (S.D.N.Y. 2005) ("an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence"). It would be especially prejudicial if experts are allowed to criticize the process Defendants followed before any fact witnesses have had the chance to testify about these matters.[1]

*SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258 (D. Conn. 2017), is instructive. There, the plaintiff claimed that the defendants breached their fiduciary duties in connection with the sale of

---

[1] Relatedly, the Court should preclude Dominguez and Minnich from characterizing individuals' state of mind based on their review of an as-yet-unadmitted record. *E.g.*, Dkt. 281-5, Dominguez Rpt. ¶ 166 (claiming that certain emails showed that "Yale knew that its process was insufficient"), ¶ 199 (describing what an individual purportedly "believed" about a potential conflict of interest). When an expert "seeks to opine on the intent, motive, or state of mind, or evidence by which such state of mind may be inferred, such testimony is inadmissible." *Deutsch v. Novartis Pharm. Corp.*, 768 F. Supp. 2d 420, 442 (E.D.N.Y. 2011); *see also In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009). The jury can evaluate for itself what individuals "knew" based on the evidence admitted by those with personal knowledge.

a shopping center in Fairfield, Connecticut. The court held that the expert could explain general principles about fiduciary duties in business relationships to the jury but could not "opine about facts regarding the relationship between" the parties because the expert lacked personal knowledge about any of those events. 277 F. Supp. 3d at 287.

The *Kleban* court later held that an expert who "lacks personal knowledge" could not characterize or testify about particular conduct by the parties; such facts "must be introduced into evidence by Plaintiff if they are admissible before being recounted as facts." *Id*. at 288-89. And it excluded testimony regarding "facts regarding these alleged activities" that "have not yet been established and/or placed into evidence before the jury." *Id*. For example, where "statements have not been factually established" by a witness with knowledge, the expert "may not discuss them as having actually been made, much less interpret their contents and significance to the parties." *Id*.

## II.     The Court Should Not Permit Opinions On Ultimate Issues Like "Prudence."

The Court should preclude Dominguez and Minnich from telling the jury that particular actions, investment options, or recordkeeping and administrative fees were "imprudent." Plaintiffs' experts repeatedly purport to define a standard of prudence in their expert reports. *See, e.g.*, Dkt. 281-5, Dominguez Rpt. ¶¶ 66-67 (asserting what a "prudent" fiduciary should do), ¶ 95 (asserting that a particular course of conduct was "was insufficient to carry out any semblance of a prudent monitoring process"), ¶ 124 (asserting that Defendants did not follow a "prudent investment due diligence process"); Dkt. 281-7, Minnich Rpt. ¶ 44 (asserting that "[a] prudent fiduciary of a 403(b) plan should engage in" RFPs every 3 to 5 years), ¶ 103 (describing what "prudent fiduciaries in the 403(b) marketplace" were supposedly doing in 2007).

Courts have often barred expert witnesses from expressing opinions upon ultimate issues like what conduct breaches fiduciary duties. In *Troudt v. Oracle Corp.*, for example, the court held

that an opinion that "purport[s] to define the meaning of 'prudence' under ERISA," such as by opining that defendant "did not act as a prudent fiduciary because [they] failed to bid out the contract for recordkeeping services at regular intervals," was improper and inadmissible expert testimony. 369 F. Supp. 3d 1134, 1142 (D. Colo. 2019). Whether Defendants acted as a prudent fiduciary under like circumstances would act is one of the key ultimate issues in this case.

Similarly, in *Kleban*, the court held that the fiduciary expert "may not reach legal conclusions about the facts in the case." 277 F. Supp. 3d at 287. And in *Floyd v. Hefner*, the court held that a corporate governance expert could "testify as to the standards of conduct applicable to directors in general," but could not "testify as to whether the Defendants' conduct comported with the actions of reasonably prudent individuals in the same or similar circumstances" because that conclusion "must be determined by the trier of fact." 556 F. Supp. 2d 617, 640 (S.D. Tex. 2008); *see also CDX Liquidating Trust ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 571, 587 (N.D. Ill. 2009) (expert could not "judge what Defendants did or did not do" and could not opine that defendants' conduct "constituted a breach of fiduciary duty," which would "necessarily be deeming Plaintiff's version of the facts to be the credible account").[2]

### III.    The Court Should Preclude Previews Of Unadmitted Exhibits.

The Court should preclude Dominguez and Minnich from summarizing or previewing unadmitted exhibits on Plaintiffs' or Defendants' exhibit list for the jury. As Judge Kravitz explained in a similar circumstance, a party cannot "introduce charts and/or pedagogical aids containing inadmissible evidence, *or evidence not yet admitted*, through the testimony of its experts." *Master-Halco*, 2010 WL 1553784, at *4 (citing *Garcia*, 413 F.3d at 214) (emphasis

---

[2] The Court previously found that "prudence" statements by Plaintiffs' expert Al Otto—namely, that Defendants "failed to exercise the care, skill, prudence, and diligence of a knowledgeable and prudent fiduciary under the circumstances"—could "be addressed at a later point in time, if necessary." Dkt. 410 at 14; *see also* Dkt. 408 at 25 (same for Plaintiffs' expert Daniel Alexander).

added). Unless Plaintiffs can show an independent basis to admit particular exhibits during the experts' testimony, Dominguez and Minnich should be precluded from referring to exhibits or testimony that may be admitted later in the case. *See id.* (holding that "expert witnesses may not testify, or utilize charts, summaries, pedagogical aids, and/or any other kind of demonstrative aid that references evidence not otherwise already admitted *unless* the adverse party opens the door by eliciting testimony on these matters during cross-examination").

## CONCLUSION

Defendants respectfully request that the Court require that Plaintiffs' experts Wendy Dominguez and Ty Minnich (1) may not offer factual narrative about relevant conduct in this case, (2) may not opine on ultimate issues (such as the "prudence" of plan investments or expenses), and (3) may not offer demonstratives or other pedagogical aids that purport to summarize exhibits not yet admitted into evidence.

Dated: May 30, 2023

Respectfully submitted,

*/s/ Nancy G. Ross*
Nancy G. Ross (ct14373)
Jed W. Glickstein (phv09543)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Reginald R. Goeke (ct19258)
E. Brantley Webb (phv20511)
Michelle N. Webster (phv08475)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

John Nadolenco (phv08483)
MAYER BROWN LLP

333 S. Grand Ave 47th Floor<br>
Los Angeles, CA 90071<br>
Telephone: (213) 229-9500

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 30, 2023, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

/s/ *Nancy G. Ross*
Nancy G. Ross